# No. 17-20545

In the United States Court of Appeals
For the Fifth Circuit

ENVIRONMENT TEXAS CITIZEN LOBBY, INC.,
AND SIERRA CLUB,

*Plaintiffs – Appellees*,

v.

EXXONMOBIL CORPORATION; EXXONMOBIL CHEMICAL
COMPANY; EXXONMOBIL REFINING & SUPPLY COMPANY,

*Defendants – Appellants*.

Appeal from the United States District Court for the
Southern District of Texas, Houston Division; No. 4:10-CV-4969

**UNOPPOSED MOTION BY APPELLEES FOR EXTRA-LENGTH BRIEF**

Plaintiffs-Appellees Environment Texas Citizen Lobby, Inc. and Sierra Club ("Plaintiffs") respectfully file this unopposed motion for leave to file an extra-long Brief of Appellees. *See* 5th Cir. R. 32.4.

The ExxonMobil Defendants-Appellants ("Exxon" or "Defendants") have filed an extra-long brief containing 18,743 words. *See* Brief of Appellants (Doc. #00514307487) at 77. Plaintiffs did not oppose Exxon's motion for an extra-long brief, and Exxon does not oppose this motion by Plaintiffs for leave to file

a Brief of Appellees not exceeding 22,500 words.

As Exxon pointed out in its motion for an extra-long brief ("Exxon Motion"; Doc. #00514291591), this appeal (the second appeal to this Court in this case) involves a complex regulatory scheme and an unusually large record. This Court's opinion following the first appeal illustrates the unusual complexity of this litigation. *See Environment Texas Citizen Lobby, Inc. v. ExxonMobil Corp.*, 824 F.3d 507 (5th Cir. 2016). Following remand, the district court entered new findings of fact and conclusions of law, a finding of liability for over 16,000 days of violation of the Clean Air Act, and a judgment of nearly $20 million for the Plaintiffs. *See* Exxon Motion, Ex. A-B.

In the first appeal, this Court granted the parties leave to file principal briefs of 23,400 words (appellants) and 25,000 words (appellees). Exxon Motion, Ex. C-D. Plaintiffs filed the initial motion for leave in the first appeal, explaining at length the reasons that this appeal satisfies the standards set forth in this Court's local rules. Exxon Motion, Ex. E. Exxon did not oppose that motion.

Most of those reasons are applicable to this second appeal. It is still true that "[t]he large scope and factual complexity of this case, the large number of issues raised in this appeal relating to both liability and remedy, and the complex regulatory framework underlying this action, satisfy the requirement in

this Court's Local Rule 32.4 that extra-length briefs be allowed only for 'extraordinary and compelling reasons.'" Exxon Motion, Ex. E at 1. The case remains unusually complex, *id.* at 2-4, involving "approximately 4,000 separate incidents ... over a period of eight years." *Id.* at 2. The record remains "extremely large," *id.* at 3, consisting of 69,599 pages. The district court's Revised Findings of Fact and Conclusions of Law, finding liability under five different counts on remand and applying a multi-factor balancing test for assessment of civil penalties, run 101 pages. *See* Exxon Motion, Ex. B.

In the wake of the recent amendment to the Rules of Appellate Procedure reducing the word limit for principal briefs from 14,000 words to 12,500 words, this Court amended 5th Cir. R. 32.4 to eliminate that rule's former admonition that motions for extra-length briefs require "extraordinary and compelling reasons." That amendment was a recognition that many complex appeals cannot be briefed adequately in 12,500 words. Plaintiffs agree with Exxon that this is such a case.

Exxon's Brief of Appellants runs 74 pages, and raises a wide range of complicated factual, statutory, and constitutional issues. In addition, a substantial *amicus* brief was filed in support of Exxon on January 19, 2018. Appropriately addressing these briefs will require additional words. Plaintiffs have worked diligently to prepare their response brief, and have attempted to

summarize Exxon's and *amici's* positions, the relevant facts and case law, and Plaintiffs' arguments in response in as concise a manner as possible.

Plaintiffs believe they can adequately address Exxon's and *amici's* arguments in 22,500 words, which is 3,750 more words than Exxon was granted (and a substantial reduction from the response brief approved in the first appeal). This Court recognized in the first appeal that a response brief may require a greater number of words than the opening brief, and Exxon does not oppose the relief requested in this motion.

## CONCLUSION

For all these reasons, Plaintiffs respectfully request that this Court grant leave to file a Brief of Appellees not to exceed 18,750 words.

Dated: April 2, 2018                    Respectfully submitted,

By: */s/ Joshua R. Kratka*
    Joshua R. Kratka
    National Environmental Law
      Center
    294 Washington St., Suite 500
    Boston, Massachusetts 02108
    (617) 747-4333
    (617) 292-8057 (fax)

    **COUNSEL FOR PLAINTIFFS-**
    **APPELLEES**

## CERTIFICATE OF CONFERENCE

I certify that the undersigned counsel conferred with counsel for Exxon, and Exxon does not oppose an expansion of the word limit to 22,500 words.

/s/ *Joshua R. Kratka*
Joshua R. Kratka

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2018, a copy of the foregoing Unopposed Motion By Appellees For Extra-Length Brief was filed electronically with the Clerk of the Court using the Court's ECF System. Notice of this filing will be sent electronically by operation of the Court's electronic filing system to all counsel of record.

/s/ *Joshua R. Kratka*
Joshua R. Kratka

## CERTIFICATE OF COMPLIANCE
## PURSUANT TO RULE 32(g)(1)

1. This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 648 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2011 word processing software in 14-point Times New Roman typeface.

Dated: April 2, 2018         /s/ *Joshua R. Kratka*
                             Joshua R. Kratka