# No. 17-20545

## In the United States Court of Appeals
## For the Fifth Circuit

ENVIRONMENT TEXAS CITIZEN LOBBY,
INCORPORATED; SIERRA CLUB,

*Plaintiffs – Appellees*,

v.

EXXONMOBIL CORPORATION; EXXONMOBIL CHEMICAL COMPANY;
EXXONMOBIL REFINING & SUPPLY COMPANY,

*Defendants – Appellants.*

Appeal from the United States District Court for the
Southern District of Texas, Houston Division; No. 4:10-CV-4969

## SUPPLEMENTAL RECORD EXCERPTS

MCGINNIS LOCHRIDGE
Keith A. Courtney
600 Congress Ave., Ste. 2100
Austin, TX 78701
(512) 495-6000
(512) 495-6093 (Fax)

BUTLER SNOW LLP
Eric J.R. Nichols
1400 Lavaca Street, Ste. 1000
Austin, TX 78701
(737) 802-1800
(737) 802-1801 (Fax)

BECK REDDEN LLP
Russell S. Post
Fields Alexander
Robert D. Daniel
1221 McKinney, Ste. 4500
Houston, TX 77010
(713) 951-3700
(713) 951-3720 (Fax)

**COUNSEL FOR APPELLANTS,**
**EXXONMOBIL CORPORATION, EXXONMOBIL CHEMICAL COMPANY AND EXXONMOBIL**
**REFINING & SUPPLY COMPANY**

# Table of Contents

**Tab**

Docket Sheet (ROA.73851) ...........................................................................1

Notice of Appeal (ROA.75509) ..................................................................2

Second Revised Findings of Facts & Conclusions of Law (ROA.75425) ................3

Final Judgment (ROA.75480)...................................................................4

Respectfully submitted,

BECK REDDEN LLP

By:  *Russell S. Post*
        Russell S. Post
        Fields Alexander
        Robert D. Daniel
1221 McKinney, Suite 4500
Houston, TX  77010
(713) 951-3700
(713) 951-3720 (Fax)

BUTLER SNOW LLP
Eric J.R. Nichols
1400 Lavaca Street, Suite 1000
Austin, TX 78701
(737) 802-1800
(737) 802-1801 (Fax)

MCGINNIS LOCHRIDGE
Keith A. Courtney
600 Congress Ave., Suite 2100
Austin, TX 78701
(512) 495-6000
(512) 495-6093 (Fax)

**ATTORNEYS FOR APPELLANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2021, a copy of the foregoing Supplemental Record Excerpts was filed electronically with the Clerk of the Court using the Court's ECF System.  Notice of this filing will be sent electronically by operation of the Court's electronic filing system to all counsel of record as follows:

Philip H. Hilder
philip@hilderlaw.com
HILDER & ASSOCIATES, P.C.
819 Lovett Boulevard
Houston, TX 77006

Charles C. Caldart
cccnelc@aol.com
NATIONAL ENVIRONMENTAL
   LAW CENTER
1402 Third Avenue, Suite 715
Seattle, WA 98101

Joshua R. Kratka
josh.kratka@nelconline.org
NATIONAL ENVIRONMENTAL
   LAW CENTER
294 Washington Street, Suite 500
Boston, MA 02108

David A. Nicholas
dnicholas@verizon.net
20 Whitney Road
Newton, MA 02460

*Attorneys for Plaintiffs-Appellees,*
*Environment Texas Citizen Lobby, Incorporated and Sierra Club*

/s/ *Russell S. Post*
Russell S. Post

# Tab 1

Docket Sheet

(ROA.73851)

APPEAL,CLOSED

# U.S. District Court
## SOUTHERN DISTRICT OF TEXAS (Houston)
## CIVIL DOCKET FOR CASE #: 4:10-cv-04969
## Internal Use Only

| | |
|---|---|
| Environment Texas Citizen Lobby, Inc. et al v. ExxonMobil Corporation et al | Date Filed: 12/13/2010 |
| | Date Terminated: 03/02/2021 |
| Assigned to: Judge David Hittner | Jury Demand: None |
| Related Case:  4:17-cv-03302 | Nature of Suit: 893 Environmental Matters |
| Cause: 42:7604 Clear Air Act (Emission Standards) | Jurisdiction: Federal Question |

**Plaintiff**

**Environment Texas Citizen Lobby, Inc.**          represented by          **Heather A. Govern**
National Environmental Law Center
294 Washington St
Ste 500
Boston, MA 02108
617-747-4301
Email: govern.nelc@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Philip Harlan Hilder**
Hilder & Associates, P.C.
819 Lovett Blvd
Houston, TX 77006-3905
713-655-9111
Fax: 713-655-9112
Email: philip@hilderlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Bracha Y Etengoff**
National Environmental Law Center
294 Washington St.
Suite 500
Boston, MA 02118
617-747-4304
*TERMINATED: 05/12/2017*

**Charles C Caldart**
National Environmental Law Center
1402 Third Avenue
Suite 715
Seattle, WA 98101
206-568 2853
Email: cccnelc@aol.com
*ATTORNEY TO BE NOTICED*

**David A Nicholas**

Attorney at Law
20 Whitney Rd
Newton, MA 02460
617-964-1548
Fax: 617-663-6233
Email: dnicholas@verizon.net
*ATTORNEY TO BE NOTICED*

**Joshua R Kratka**
Nat'l Environmental Law Center
294 Washington Street
Suite 500
Boston, MA 02108
617-747-4333
Fax: 617-292-8057
Email: josh.kratka@nelconline.org
*ATTORNEY TO BE NOTICED*

**Rachel Gore Freed**
National Environmental Law Center
44 Winter St
4th Floor
Boston, MA 02108
617-747-4304
*TERMINATED: 05/12/2017*

**Plaintiff**

**Sierra Club**                    represented by   **Heather A. Govern**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Philip Harlan Hilder**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Bracha Y Etengoff**
National Environmental Law Center
294 Washington St.
Suite 500
Boston, MA 02118
617-747-4304
Email: bracha@nelconline.org
*ATTORNEY TO BE NOTICED*

**Charles C Caldart**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David A Nicholas**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua R Kratka**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rachel Gore Freed**
National Environmental Law Center
44 Winter St
4th Floor
Boston, MA 02108
617-747-4304
Email: rfreed@nelconline.org
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**ExxonMobil Corporation**                    represented by    **Jefferson Gregory Copeland**
Baker Botts LLP
910 Louisiana
Ste 3000
Houston, TX 77002-4995
713-229-1301
Fax: 713-229-2701
Email: greg.copeland@bakerbotts.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Albert R. Axe , Jr.**
McGinnis Lochridge LLP
600 Congress Ave
Ste 2100
Austin, TX 78701
512-495-6149
Email: aaxe@mcginnislaw.com
*ATTORNEY TO BE NOTICED*

**Bryon A Rice**
Hicks Davis Wynn PC
3555 Timmons Lane
Suite 1000
Houston, TX 77027
713-518-1635
Fax: 713-277-7720
Email: brice@hdwlegal.com
*ATTORNEY TO BE NOTICED*

**Eric J R Nichols**
Butler Snow LLP
1400 Lavaca Street
Ste 1000
Austin, TX 78701

737-802-1800
Fax: 737-802-1801
Email: eric.nichols@butlersnow.com
*ATTORNEY TO BE NOTICED*

**Fields Alexander**
Beck Redden LLP
1221 McKinney
Ste 4500
Houston, TX 77010
713-951-3700
Email: falexander@beckredden.com
*ATTORNEY TO BE NOTICED*

**Jeffrey M Golub**
Beck Redden
1221 McKinney
Ste 4500
Houston, TX 77010
713-951-3700
Fax: 713-951-3720
Email: jgolub@beckredden.com
*ATTORNEY TO BE NOTICED*

**Kathleen E Weir**
Baker Botts LLP
910 Louisiana St
Houston, TX 77002
713-229-2108
Fax: 713-229-7908
Email: kathleen.weir@bakerbotts.com
*ATTORNEY TO BE NOTICED*

**Keith A Courtney**
Winstead PC
401 Congress Ave
Ste 2100
Austin, TX 78701
512-370-2813
Email: kcourtney@winstead.com
*ATTORNEY TO BE NOTICED*

**Rebecca Rentz**
Winstead PC
600 Travis
Ste 1100
Houston, TX 77002
713-650-2776
Email: rrentz@winstead.com
*ATTORNEY TO BE NOTICED*

**Russell Stanley Post**
Beck Redden LLP

1221 McKinney St
Suite 4500
Houston, TX 77010
713-951-3700
Email: rpost@beckredden.com
*ATTORNEY TO BE NOTICED*

**Tynan Buthod**
Baker Botts LLP
One Shell Plaza
910 Louisiana St
Houston, TX 77002
713-229-1912
Fax: 713-229-2712
Email: ty.buthod@bakerbotts.com
*ATTORNEY TO BE NOTICED*

**William Bradley Coffey**
Beck Redden LLP
1221 McKinney
Suite 4500
Houston, Tx 77010-2010
713-951-3700
Fax: 713-951-3720
Email: bcoffey@beckredden.com *(Inactive)*
*ATTORNEY TO BE NOTICED*

**Defendant**

**ExxonMobil Chemical Company**              represented by   **Jefferson Gregory Copeland**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Bryon A Rice**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Eric J R Nichols**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Fields Alexander**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeffrey M Golub**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kathleen E Weir**
(See above for address)
*ATTORNEY TO BE NOTICED*

17-20545.73855

**Russell Stanley Post**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tynan Buthod**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William Bradley Coffey**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **ExxonMobil Refining and Supply Company** | represented by | **Jefferson Gregory Copeland** |

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Bryon A Rice**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Eric J R Nichols**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Fields Alexander**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeffrey M Golub**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kathleen E Weir**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Russell Stanley Post**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tynan Buthod**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William Bradley Coffey**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| | | |

| | | |
|---|---|---|
| 12/13/2010 | 1 | COMPLAINT against ExxonMobil Chemical Company, ExxonMobil Corporation, ExxonMobil Refining and Supply Company (Filing fee $ 350 receipt number 0541-7410188) filed by Environment Texas Citizen Lobby, Inc., Sierra Club. (Attachments: # 1 Exhibit 1, Part A, # 2 Exhibit 1, Part B, # 3 Exhibit 1, Part C, # 4 Exhibit 1, Part D, # 5 Exhibit 1, Part E, # 6 Exhibit 2, Part A, # 7 Exhibit 2, Part B, # 8 Exhibit 2, Part C, # 9 Exhibit 2, Part D, # 10 Exhibit 2, Part E, # 11 Exhibit 2, Part F, # 12 Exhibit 2, Part G, # 13 Exhibit 2, Part H, # 14 Exhibit 2, Part I, # 15 Exhibit 2, Part J, # 16 Exhibit 2, Part K, # 17 Exhibit 2, Part L, # 18 Exhibit 2, Part M, # 19 Exhibit 2, Part N, # 20 Exhibit 2, Part O, # 21 Exhibit 2, Part P, # 22 Exhibit 2, Part Q, # 23 Exhibit 3, # 24 Exhibit 4, # 25 Exhibit 5, # 26 Exhibit 6, Part A, # 27 Exhibit 6, Part B, # 28 Exhibit 6, Part C, # 29 Exhibit 6, Part D, # 30 Exhibit 6, Part E, # 31 Exhibit 6, Part F, # 32 Exhibit 6, Part G, # 33 Exhibit 6, Part H, # 34 Exhibit 6, Part I, # 35 Exhibit 7, Part A, # 36 Exhibit 7, Part B, # 37 Civil Cover Sheet)(Hilder, Philip) (Entered: 12/13/2010) |
| 12/15/2010 | 2 | ORDER for Initial Pretrial and Scheduling Conference and Order to Disclose Interested Persons. Initial Conference set for 4/29/2011 at 02:00 PM in Room 11521 before Judge Ewing Werlein, Jr.(Signed by Judge Ewing Werlein, Jr) Parties notified.(mmapps, ) (Entered: 12/15/2010) |
| 12/16/2010 | 3 | RECUSAL ORDER. Judge Ewing Werlein, Jr recused. Deadlines in scheduling orders subsist. Court settings are vacated.(Signed by Judge Ewing Werlein, Jr) Parties notified.(kcarr, ) (Entered: 12/16/2010) |
| 12/17/2010 | 4 | NOTICE of Reassignment. Case reassigned to Judge Melinda Harmon. Judge Ewing Werlein, Jr no longer assigned to the case. Parties notified, filed. (dhansen, ) (Entered: 12/17/2010) |
| 12/21/2010 | 5 | RECUSAL ORDER. Judge Melinda Harmon recused. Deadlines in scheduling orders continue in effect. Court settings are vacated.(Signed by Judge Melinda Harmon) Parties notified.(htippen, ) (Entered: 12/21/2010) |
| 12/22/2010 | 6 | NOTICE of Reassignment. Case reassigned to Judge David Hittner. Judge Melinda Harmon no longer assigned to the case. Parties notified, filed. (dhansen, ) (Entered: 12/22/2010) |
| 12/28/2010 | 7 | ORDER for Initial Pretrial and Scheduling Conference and Order to Disclose Interested Persons. Initial Conference set for 3/17/2011 at 03:00 PM in Courtroom 703 before Magistrate Judge Stephen Smith.(Signed by Judge David Hittner) Parties notified.(ealexander, ) (Entered: 12/29/2010) |
| 03/04/2011 | 8 | NOTICE of Resetting. Parties notified. Initial Conference set for 4/7/2011 at 11:00 AM in Courtroom 703 before Magistrate Judge Stephen Wm Smith, filed. (jmarchand) (Entered: 03/04/2011) |
| 03/07/2011 | 9 | Unopposed MOTION for Leave to File Motion to Dismiss Not to Exceed 30 Pages by ExxonMobil Chemical Company, ExxonMobil Corporation, ExxonMobil Refining and Supply Company, filed. Motion Docket Date 3/28/2011. (Attachments: # 1 Proposed Order)(Copeland, Jefferson) (Entered: 03/07/2011) |
| 03/07/2011 | 10 | MOTION to Dismiss by ExxonMobil Chemical Company, ExxonMobil Corporation, ExxonMobil Refining and Supply Company, filed. Motion Docket Date 3/28/2011. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8)(Copeland, Jefferson) (Entered: 03/07/2011) |

| 03/07/2011 | 11 | MOTION for Bracha Y. Statman to Appear Pro Hac Vice by Environment Texas Citizen Lobby, Inc., Sierra Club, filed. Motion Docket Date 3/28/2011. (Hilder, Philip) (Entered: 03/07/2011) |
|---|---|---|
| 03/09/2011 | | (Court only) ***Attorney Tynan Buthod,Kathleen E Weir for ExxonMobil Chemical Company,Tynan Buthod,Kathleen E Weir for ExxonMobil Corporation,Tynan Buthod,Kathleen E Weir for ExxonMobil Refining and Supply Company added. (emathis, ) (Entered: 03/09/2011) |
| 03/09/2011 | 12 | ORDER granting 9 Motion for Leave to Exceed Page Limits.(Signed by Judge David Hittner) Parties notified.(ealexander, ) (Entered: 03/10/2011) |
| 03/09/2011 | | (Court only) ***Attorney Bracha Y Statman for Environment Texas Citizen Lobby, Inc.,Bracha Y Statman for Sierra Club added. (ealexander, ) (Entered: 03/10/2011) |
| 03/09/2011 | 13 | ORDER granting 11 Motion to Appear Pro Hac Vice on behalf of Bracha Y. Statman.(Signed by Judge David Hittner) Parties notified.(ealexander, ) (Entered: 03/10/2011) |
| 03/15/2011 | 14 | Unopposed MOTION for Extension of Time to Respond to Defendants' Motion to Dismiss by Environment Texas Citizen Lobby, Inc., Sierra Club, filed. Motion Docket Date 4/5/2011. (Attachments: # 1 Proposed Order)(Hilder, Philip) (Entered: 03/15/2011) |
| 03/16/2011 | 15 | ORDER granting 14 Motion for Extension of Time to Respond to Defendants' Motion to Dismiss from March 28, 2011 to May 6, 2011.(Signed by Judge David Hittner) Parties notified.(ealexander, ) (Entered: 03/17/2011) |
| 03/28/2011 | 16 | REPORT of Rule 26(f) Planning Meeting by ExxonMobil Chemical Company, ExxonMobil Corporation, ExxonMobil Refining and Supply Company, filed.(Buthod, Tynan) (Entered: 03/28/2011) |
| 04/07/2011 | 17 | Minute Entry for proceedings held before Magistrate Judge Stephen Wm Smith. SCHEDULING CONFERENCE held on 4/7/2011. Scheduling order issued. Appearances: David A Nicholas, Joshua R Kratka, Philip Harlan Hilder, Tynan Buthod, Kathleen E Weir. (ERO:D. Cartmill), filed. (jmarchand) (Entered: 04/07/2011) |
| 04/07/2011 | 18 | SCHEDULING ORDER. Trial Term: November/December 2012. ETT: 8 days. Bench trial. Amended Pleadings due by 9/1/2011. Joinder of Parties due by 6/1/2011 Pltf Expert Witness List due by 3/5/2012. Pltf Expert Report due by 3/5/2012 Deft Expert Witness List due by 4/16/2012. Deft Expert Report due by 4/16/2012 Discovery due by 5/25/2012. Dispositive Motion Filing due by 7/2/2012. Non-Dispositive Motion Filing due by 7/2/2012. Joint Pretrial Order due by 10/19/2012. (Signed by Magistrate Judge Stephen Wm Smith) Parties notified. (jmarchand) (Entered: 04/07/2011) |
| 04/25/2011 | 19 | Mail Returned Undeliverable as to attorney Bracha Y Etengoff as to Environment Texas Citizen Lobby, Inc. re: 18 Scheduling Order,. Address has been updated and notice has been resent., filed. (tgarcia, ) (Entered: 04/25/2011) |
| 05/06/2011 | 20 | Unopposed MOTION for Leave to File Excess Pages by Environment Texas Citizen Lobby, Inc., Sierra Club, filed. Motion Docket Date 5/27/2011. (Attachments: # 1 Proposed Order)(Hilder, Philip) (Entered: 05/06/2011) |

| 05/06/2011 | 21 | RESPONSE in Opposition to 10 MOTION to Dismiss, filed by Environment Texas Citizen Lobby, Inc., Sierra Club. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Hilder, Philip) (Entered: 05/06/2011) |
|---|---|---|
| 05/06/2011 | 22 | EXHIBITS re: 21 Response in Opposition to Motion by Environment Texas Citizen Lobby, Inc., Sierra Club, filed. Exhibit # 5 (Attachments: # 1 Exhibit 6, # 2 Exhibit 7)(Hilder, Philip) (Entered: 05/06/2011) |
| 05/06/2011 | 23 | EXHIBITS re: 21 Response in Opposition to Motion by Environment Texas Citizen Lobby, Inc., Sierra Club, filed. Exhibit 8(Attachments: # 1 Exhibit 9)(Hilder, Philip) (Additional attachment(s) added on 3/17/2015: # 2 Exhibit, # 3 Exhibit) (hler, 4). (Entered: 05/06/2011) |
| 05/09/2011 | 24 | PROPOSED ORDER re: 21 Response in Opposition to Motion, filed.(Hilder, Philip) (Entered: 05/09/2011) |
| 05/09/2011 | 25 | DECLARATION of David A. Nicholas re: 21 Response in Opposition to Motion, filed.(Hilder, Philip) (Entered: 05/09/2011) |
| 05/09/2011 | 26 | ORDER granting 20 Motion for Leave to File Excess Pages.(Signed by Judge David Hittner) Parties notified.(ealexander, ) (Entered: 05/10/2011) |
| 05/17/2011 | 27 | MOTION for Charles C. Caldart to Appear Pro Hac Vice by Environment Texas Citizen Lobby, Inc., Sierra Club, filed. Motion Docket Date 6/7/2011. (Hilder, Philip) (Entered: 05/17/2011) |
| 05/18/2011 |  | (Court only) ***Attorney Charles C Caldart for Environment Texas Citizen Lobby, Inc.,Charles C Caldart for Sierra Club added. (ealexander, ) (Entered: 05/19/2011) |
| 05/18/2011 | 28 | ORDER granting 27 Motion to Appear Pro Hac Vice on behalf of Charles C. Caldart.(Signed by Judge David Hittner) Parties notified.(ealexander, ) (Entered: 05/19/2011) |
| 05/20/2011 | 29 | Opposed MOTION for Submission Date by ExxonMobil Chemical Company, ExxonMobil Corporation, ExxonMobil Refining and Supply Company, filed. Motion Docket Date 6/10/2011. (Weir, Kathleen) (Entered: 05/20/2011) |
| 05/25/2011 | 30 | RESPONSE to 29 Opposed MOTION for Submission Date filed by Environment Texas Citizen Lobby, Inc., Sierra Club. (Hilder, Philip) (Entered: 05/25/2011) |
| 05/25/2011 | 31 | PROPOSED ORDER *Denying Defendants' Motion for Submission Date* re: 30 Response to Motion, filed.(Hilder, Philip) (Entered: 05/25/2011) |
| 05/25/2011 | 32 | DECLARATION of Philip H. Hilder re: 30 Response to Motion, filed.(Hilder, Philip) (Entered: 05/25/2011) |
| 05/27/2011 | 33 | ORDER denying 29 Motion for Submission Date.(Signed by Judge David Hittner) Parties notified.(ealexander, ) (Entered: 05/27/2011) |
| 06/01/2011 | 34 | Opposed MOTION for Leave to File Reply to Plaintiffs' Response to Defendants' Motion to Dismiss by ExxonMobil Chemical Company, ExxonMobil Corporation, ExxonMobil Refining and Supply Company, filed. Motion Docket Date 6/22/2011. (Attachments: # 1 Proposed Order)(Weir, Kathleen) (Entered: 06/01/2011) |
| 06/03/2011 | 35 | ORDER granting 34 Motion for Leave to File a Reply. Defendants may file a Reply by 6/22/11.(Signed by Judge David Hittner) Parties notified.(ealexander, ) (Entered: 06/03/2011) |

| 06/07/2011 | 36 | ORDER denying 10 Motion to Dismiss.(Signed by Judge David Hittner) Parties notified.(ealexander, ) (Entered: 06/07/2011) |
| 06/21/2011 | 37 | ANSWER to 1 Complaint,,,, by ExxonMobil Chemical Company, ExxonMobil Corporation, ExxonMobil Refining and Supply Company, filed.(Weir, Kathleen) (Entered: 06/21/2011) |
| 11/04/2011 | 38 | Agreed MOTION for Entry of Order re: Confidentiality Order by ExxonMobil Chemical Company, ExxonMobil Corporation, ExxonMobil Refining and Supply Company, filed. Motion Docket Date 11/25/2011. (Attachments: # 1 Proposed Order Confidentiality Order)(Buthod, Tynan) (Entered: 11/04/2011) |
| 11/07/2011 | 39 | ORDER granting 38 Motion for Entry of Order.(Signed by Judge David Hittner) Parties notified.(ealexander, ) (Entered: 11/08/2011) |
| 01/17/2012 | 40 | Unopposed MOTION to Substitute Attorney Eric J.R. Nichols in place of J. Gregory Copeland by ExxonMobil Chemical Company, ExxonMobil Corporation, ExxonMobil Refining and Supply Company, filed. Motion Docket Date 2/7/2012. (Attachments: # 1 Proposed Order)(Nichols, Eric) (Entered: 01/17/2012) |
| 01/17/2012 | | (Court only) ***Attorney Fields Alexander for ExxonMobil Chemical Company,Fields Alexander for ExxonMobil Corporation,Fields Alexander for ExxonMobil Refining and Supply Company added. (ealexander, ) (Entered: 01/17/2012) |
| 01/17/2012 | | (Court only) ***Attorney Bryon A Rice for ExxonMobil Chemical Company,Bryon A Rice for ExxonMobil Corporation,Bryon A Rice for ExxonMobil Refining and Supply Company added. (ealexander, ) (Entered: 01/17/2012) |
| 01/18/2012 | 41 | ORDER granting 40 Motion to Substitute Attorney Eric J.R. Nichols as Attorney-in-Charge.(Signed by Judge David Hittner) Parties notified.(ealexander, ) (Entered: 01/19/2012) |
| 02/10/2012 | | (Court only) ***Attorney Keith Courtney,Albert R. Axe,Rebecca Rentz for ExxonMobil Corporation added for Pro Hac Vice Purposes. (kgilyard, ) (Entered: 02/10/2012) |
| 02/10/2012 | 42 | MOTION for Rebecca Rentz to Appear Pro Hac Vice by ExxonMobil Corporation, filed. Motion Docket Date 3/2/2012. (kgilyard, ) (Entered: 02/10/2012) |
| 02/10/2012 | 43 | MOTION for Keith Courtney to Appear Pro Hac Vice by ExxonMobil Corporation, filed. Motion Docket Date 3/2/2012. (kgilyard, ) (Entered: 02/10/2012) |
| 02/10/2012 | 44 | MOTION for Albert R. Axe to Appear Pro Hac Vice by ExxonMobil Corporation, filed. Motion Docket Date 3/2/2012. (kgilyard, ) (Entered: 02/10/2012) |
| 02/13/2012 | 45 | Clerks Notice regarding CMECF notice returned undeliverable from brice@brsfirms.com on the account of Bryon A Rice. The referenced email address has been deleted from your CM/ECF account, filed. (tferguson, ) (Entered: 02/13/2012) |
| 02/14/2012 | | (Court only) ***Motion(s) terminated: 42 MOTION for Rebecca Rentz to Appear Pro Hac Vice. (ealexander, ) (Entered: 02/14/2012) |
| 02/14/2012 | 46 | ORDER granting 43 Motion to Appear Pro Hac Vice on behalf of Keith A. Courtney.(Signed by Judge David Hittner) Parties notified.(ealexander, ) (Entered: |

| | | |
|---|---|---|
| | | 02/15/2012) |
| 02/24/2012 | 47 | ORDER granting the Mtoion for Admission Pro Hac Vice on behalf of Rebecca Rentz.(Signed by Judge David Hittner) Parties notified.(ealexander, ) (Entered: 02/27/2012) |
| 02/24/2012 | 48 | ORDER granting 44 Motion to Appear Pro Hac Vice on behalf of Albert R. Axe.(Signed by Judge David Hittner) Parties notified.(ealexander, ) (Entered: 02/27/2012) |
| 02/28/2012 | 49 | Unopposed MOTION for Extension of Time to Designate Experts and Serve Expert Reports by Environment Texas Citizen Lobby, Inc., Sierra Club, filed. Motion Docket Date 3/20/2012. (Attachments: # 1 Proposed Order)(Hilder, Philip) (Entered: 02/28/2012) |
| 02/29/2012 | 50 | ORDER granting 49 Motion for Extension of Time.(Signed by Judge David Hittner) Parties notified.(ealexander, ) (Entered: 03/02/2012) |
| 03/08/2012 | 51 | Unopposed MOTION for Leave to File Supplemental Answer by ExxonMobil Chemical Company, ExxonMobil Corporation, ExxonMobil Refining and Supply Company, filed. Motion Docket Date 3/29/2012. (Attachments: # 1 Exhibit Exhibit A - Supplemental Answer, # 2 Proposed Order)(Golub, Jeffrey) (Entered: 03/08/2012) |
| 03/12/2012 | 52 | ORDER granting 51 Motion for Leave to File Supplemental Answer.(Signed by Judge David Hittner) Parties notified.(ealexander, ) (Entered: 03/12/2012) |
| 03/12/2012 | 53 | SUPPLMENTAL ANSWER to 1 Complaint, by ExxonMobil Chemical Company, ExxonMobil Corporation, ExxonMobil Refining and Supply Company, filed.(ealexander, ) (Entered: 03/12/2012) |
| 03/16/2012 | 54 | *Initial Expert Designations and Rule 26(a)(2)(C) Disclosures* by ExxonMobil Chemical Company, ExxonMobil Corporation, ExxonMobil Refining and Supply Company, filed. (Attachments: # 1 Exhibit 1)(Nichols, Eric) (Entered: 03/16/2012) |
| 03/19/2012 | 55 | NOTICE of Appearance by Brad Coffey on behalf of ExxonMobil Chemical Company, ExxonMobil Corporation, ExxonMobil Refining and Supply Company, filed. (Nichols, Eric) (Entered: 03/19/2012) |
| 04/16/2012 | 56 | Unopposed MOTION to Amend by ExxonMobil Chemical Company, ExxonMobil Corporation, ExxonMobil Refining and Supply Company, filed. Motion Docket Date 5/7/2012. (Attachments: # 1 Proposed Order Order)(Coffey, William) (Entered: 04/16/2012) |
| 04/17/2012 | 57 | ORDER granting 56 Motion to Amend. The deadline for Defendants, or the responding party, to designate experts and serve expert reports is extended to May 15, 2012 and the deadline by which the parties must complete discovery is extended to June 29, 2012.(Signed by Judge David Hittner) Parties notified.(ealexander, ) (Entered: 04/18/2012) |
| 05/15/2012 | 58 | Supplemental DESIGNATION OF EXPERT WITNESS LIST by ExxonMobil Chemical Company, ExxonMobil Corporation, ExxonMobil Refining and Supply Company, filed.(Nichols, Eric) (Entered: 05/15/2012) |
| 07/10/2012 | 59 | MOTION for Rachel Gore Freed to Appear Pro Hac Vice by Environment Texas Citizen Lobby, Inc., Sierra Club, filed. Motion Docket Date 7/31/2012. (Hilder, Philip) (Entered: 07/10/2012) |

| | | |
|---|---|---|
| 07/10/2012 | 60 | NOTICE of Appearance by William B. Graham on behalf of Environment Texas Citizen Lobby, Inc., Sierra Club, filed. (Hilder, Philip) (Entered: 07/10/2012) |
| 07/11/2012 | | (Court only) ***Attorney Rachel Gore Freed for Environment Texas Citizen Lobby, Inc.,Rachel Gore Freed for Sierra Club added. (ealexander, ) (Entered: 07/12/2012) |
| 07/11/2012 | 61 | ORDER granting 59 Motion to Appear Pro Hac Vice on behalf of Rachel Gore Freed.(Signed by Judge David Hittner) Parties notified.(ealexander, ) (Entered: 07/12/2012) |
| 07/18/2012 | 62 | Unopposed MOTION to Amend 18 Scheduling Order,, by Environment Texas Citizen Lobby, Inc., Sierra Club, filed. Motion Docket Date 8/8/2012. (Attachments: # 1 Proposed Order)(Hilder, Philip) (Entered: 07/18/2012) |
| 07/19/2012 | 63 | ORDER granting 62 Unopposed Motion to Amend Rule 16 Scheduling Order to Extend the Deadline to File Summary Judgment and Daubert Motions. The deadline is extended to August 10, 2012.(Signed by Judge David Hittner) Parties notified.(ealexander, ) (Entered: 07/20/2012) |
| 08/02/2012 | 64 | Unopposed MOTION for Leave to File Excess Pages by Environment Texas Citizen Lobby, Inc., Sierra Club, filed. Motion Docket Date 8/23/2012. (Attachments: # 1 Proposed Order)(Hilder, Philip) (Entered: 08/02/2012) |
| 08/02/2012 | 65 | Unopposed MOTION for Leave to File Exceed Page Limits by ExxonMobil Chemical Company, ExxonMobil Corporation, ExxonMobil Refining and Supply Company, filed. Motion Docket Date 8/23/2012. (Attachments: # 1 Proposed Order Order Granting ExxonMobil Defendants' Unopposed Motion for Leave to Exceed Page Limits)(Alexander, Fields) (Entered: 08/02/2012) |
| 08/03/2012 | 66 | ORDER granting 64 Motion for Leave to File Excess Pages.(Signed by Judge David Hittner) Parties notified.(ealexander, ) (Entered: 08/06/2012) |
| 08/03/2012 | 67 | ORDER granting 65 Motion for Leave to Exceed Page Limits.(Signed by Judge David Hittner) Parties notified.(ealexander, ) (Entered: 08/06/2012) |
| 08/10/2012 | 68 | MOTION to Exclude the Testimony of Defendants' Expert Karen T. Olson by Environment Texas Citizen Lobby, Inc., Sierra Club, filed. Motion Docket Date 8/31/2012. (Attachments: # 1 Affidavit D.Nicholas Declaration in Support, # 2 Exhibit A-D to D.Nicholas Declaration in Support, # 3 Proposed Order)(Hilder, Philip) (Entered: 08/10/2012) |
| 08/10/2012 | 69 | Sealed Event, filed. (With attachments) (Entered: 08/10/2012) |
| 08/10/2012 | 70 | Sealed Event, filed. (With attachments) (Entered: 08/10/2012) |
| 08/10/2012 | 71 | Sealed Event, filed. (With attachments) (Entered: 08/10/2012) |
| 08/10/2012 | 72 | Sealed Event, filed. (With attachments) (Entered: 08/10/2012) |
| 08/10/2012 | 73 | MOTION for Partial Summary Judgment *on Liability* by Environment Texas Citizen Lobby, Inc., Sierra Club, filed. Motion Docket Date 8/31/2012. (Attachments: # 1 Affidavit D.Nicholas Declaration in Support, # 2 Exhibit 1-10 to D.Nicholas Declaration in Support, # 3 Exhibit 11, # 4 Continuation Exhibit 11, # 5 Exhibit 12, # 6 Exhibit 13A, # 7 Exhibit 13B, # 8 Exhibit 13C, # 9 Exhibit 13D, # 10 Exhibit 13E, # 11 Exhibit 13F, # 12 Exhibit 13G, # 13 Exhibit 13H, # 14 Exhibit 13I, # 15 Exhibit 13J, # 16 Exhibit 13K, # 17 Exhibit 13L, # 18 Exhibit 13M, # 19 |

| | | |
|---|---|---|
| | | Exhibit 13N, # 20 Exhibit 13O, # 21 Exhibit 13P, # 22 Exhibit 13Q, # 23 Exhibit 13R, # 24 Exhibit 13S, # 25 Exhibit 13T, # 26 Exhibit 13U, # 27 Exhibit 13V, # 28 Exhibit 13W, # 29 Exhibit 13X, # 30 Supplement 13Y, # 31 Exhibit 13Z)(Hilder, Philip) (Entered: 08/10/2012) |
| 08/10/2012 | 74 | EXHIBITS re: 73 MOTION for Partial Summary Judgment *on Liability* by Environment Texas Citizen Lobby, Inc., Sierra Club, Inc. (Attachments: # 1 Exhibit 13AC, # 2 Exhibit 13AD, # 3 Exhibit 13AE, # 4 Exhibit 13AF, # 5 Exhibit 13AG, # 6 Exhibit 13AH, # 7 Exhibit 13AI, # 8 Exhibit 13AJ, # 9 Exhibit 13AK, # 10 Exhibit 13AL, # 11 Exhibit 13AM, # 12 Exhibit 13AN, # 13 Exhibit 13AO, # 14 Exhibit 13AP, # 15 Exhibit 13AQ, # 16 Exhibit 13AR, # 17 Exhibit 13AS, # 18 Exhibit 13AT, # 19 Exhibit 13AU, # 20 Exhibit 13AV, # 21 Exhibit 13AW, # 22 Exhibit 13AX, # 23 Exhibit 13AY, # 24 Exhibit 13AZ)(Hilder, Philip) (Entered: 08/10/2012) |
| 08/10/2012 | 75 | EXHIBITS re: 73 MOTION for Partial Summary Judgment *on Liability* by Environment Texas Citizen Lobby, Inc., Sierra Club, filed. (Attachments: # 1 Exhibit 13BA to D.Nicholas Declaration in Support, # 2 Exhibit 13BB, # 3 Exhibit 13BC, # 4 Exhibit 13BD, # 5 Exhibit 13BE, # 6 Exhibit 13BF, # 7 Exhibit 13BG, # 8 Exhibit 13BH, # 9 Exhibit 13BI, # 10 Continuation of Exh. 13BI, # 11 Exhibit 14, # 12 Exhibit 15, # 13 Exhibit 16, # 14 Exhibit 17, # 15 Exhibit 18-29, # 16 Exhibit 30, # 17 Exhibit 31-33, # 18 Exhibit 34)(Hilder, Philip) (Entered: 08/10/2012) |
| 08/10/2012 | 76 | EXHIBITS re: 73 MOTION for Partial Summary Judgment *on Liability* by Environment Texas Citizen Lobby, Inc., Sierra Club, filed. (Attachments: # 1 Exhibit 1 to M.Rock Declaration in Support, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14)(Hilder, Philip) (Entered: 08/10/2012) |
| 08/10/2012 | 77 | DECLARATION of Luke Metzger re: 73 MOTION for Partial Summary Judgment *on Liability*, filed.(Hilder, Philip) (Entered: 08/10/2012) |
| 08/10/2012 | 78 | DECLARATION of Neil Carman re: 73 MOTION for Partial Summary Judgment *on Liability*, filed. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2A, # 3 Exhibit 2B, # 4 Exhibit 2C, # 5 Exhibit 2D, # 6 Exhibit 2E, # 7 Exhibit 2F, # 8 Exhibit 2G, # 9 Exhibit 2H, # 10 Exhibit 2I, # 11 Exhibit 2J, # 12 Exhibit 2K)(Hilder, Philip) (Entered: 08/10/2012) |
| 08/10/2012 | 79 | DECLARATION of Stuart Halpryn re: 73 MOTION for Partial Summary Judgment *on Liability*, filed. (Attachments: # 1 Exhibit 1)(Hilder, Philip) (Entered: 08/10/2012) |
| 08/10/2012 | 80 | DECLARATION of Sharon Sprayberry re: 73 MOTION for Partial Summary Judgment *on Liability*, filed. (Attachments: # 1 Exhibit 1)(Hilder, Philip) (Entered: 08/10/2012) |
| 08/10/2012 | 81 | DECLARATION of Joshua Kratka re: 73 MOTION for Partial Summary Judgment *on Liability*, filed. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Hilder, Philip) (Entered: 08/10/2012) |
| 08/10/2012 | 82 | MOTION for Summary Judgment by ExxonMobil Chemical Company, ExxonMobil Corporation, ExxonMobil Refining and Supply Company, filed. Motion Docket Date 8/31/2012. (Attachments: # 1 Proposed Order Proposed Order)(Nichols, Eric) (Entered: 08/10/2012) |

| | | |
|---|---|---|
| 08/10/2012 | 83 | PROPOSED ORDER re: 73 MOTION for Partial Summary Judgment *on Liability*, filed.(Hilder, Philip) (Entered: 08/10/2012) |
| 08/10/2012 | 84 | Sealed Event, filed. (With attachments) (Entered: 08/10/2012) |
| 08/10/2012 | 85 | Sealed Event, filed. (With attachments) (Entered: 08/10/2012) |
| 08/10/2012 | 86 | MOTION to Exclude Testimony of Edward G. Brooks by ExxonMobil Chemical Company, ExxonMobil Corporation, ExxonMobil Refining and Supply Company, filed. Motion Docket Date 8/31/2012. (Attachments: # 1 Proposed Order Proposed Order, # 2 Appendix Appendix)(Nichols, Eric) (Entered: 08/10/2012) |
| 08/10/2012 | 87 | Sealed Event, filed. (With attachments) (Entered: 08/10/2012) |
| 08/10/2012 | 88 | Sealed Event, filed. (With attachments) (Entered: 08/10/2012) |
| 08/10/2012 | 89 | MOTION to Exclude Testimony of Keith E. Bowers by ExxonMobil Chemical Company, ExxonMobil Corporation, ExxonMobil Refining and Supply Company, filed. Motion Docket Date 8/31/2012. (Attachments: # 1 Proposed Order Proposed Order)(Nichols, Eric) (Entered: 08/10/2012) |
| 08/10/2012 | 90 | MOTION to Bifurcate Trial by ExxonMobil Chemical Company, ExxonMobil Corporation, ExxonMobil Refining and Supply Company, filed. Motion Docket Date 8/31/2012. (Attachments: # 1 Proposed Order Proposed Order)(Nichols, Eric) (Entered: 08/10/2012) |
| 08/10/2012 | 91 | Sealed Event, filed. (Entered: 08/16/2012) |
| 08/17/2012 | 92 | Unopposed MOTION for Extension of Time Local Rule 7.3 Deadline to Respond to Summary Judgment, Daubert and Bifurcation Motions by Environment Texas Citizen Lobby, Inc., Sierra Club, filed. Motion Docket Date 9/7/2012. (Attachments: # 1 Proposed Order)(Hilder, Philip) (Entered: 08/17/2012) |
| 08/20/2012 | 93 | ORDER granting 92 Motion for Extension of Time.(Signed by Judge David Hittner) Parties notified.(ealexander, ) (Entered: 08/21/2012) |
| 09/10/2012 | 94 | Unopposed MOTION for Leave to File Excess Pages by Environment Texas Citizen Lobby, Inc., Sierra Club, filed. Motion Docket Date 10/1/2012. (Attachments: # 1 Exhibit A, # 2 Proposed Order)(Hilder, Philip) (Entered: 09/10/2012) |
| 09/10/2012 | 95 | Unopposed MOTION for Leave to File Excess Pages by ExxonMobil Chemical Company, ExxonMobil Corporation, ExxonMobil Refining and Supply Company, filed. Motion Docket Date 10/1/2012. (Attachments: # 1 Proposed Order Proposed Order)(Coffey, William) (Entered: 09/10/2012) |
| 09/12/2012 | 96 | ORDER granting 95 Motion for Leave to File Excess Pages.(Signed by Judge David Hittner) Parties notified.(ealexander, ) (Entered: 09/12/2012) |
| 09/12/2012 | 97 | ORDER granting 94 Motion for Leave to File Excess Pages.(Signed by Judge David Hittner) Parties notified.(ealexander, ) (Entered: 09/12/2012) |
| 09/14/2012 | 98 | RESPONSE to 82 MOTION for Summary Judgment filed by Environment Texas Citizen Lobby, Inc., Sierra Club. (Attachments: # 1 Affidavit Declaration of David A. Nicholas in Support of Plaintiffs' Response to Defendants' Motion for Summary Judgment, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 |

| | | |
|---|---|---|
| | | Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Proposed Order)(Hilder, Philip) (Entered: 09/14/2012) |
| 09/14/2012 | 99 | RESPONSE to 90 MOTION to Bifurcate Trial filed by Environment Texas Citizen Lobby, Inc., Sierra Club. (Attachments: # 1 Proposed Order)(Hilder, Philip) (Entered: 09/14/2012) |
| 09/14/2012 | 100 | Sealed Event, filed. (Entered: 09/14/2012) |
| 09/14/2012 | 101 | Sealed Event, filed. (With attachments) (Entered: 09/14/2012) |
| 09/14/2012 | 102 | Sealed Event, filed. (With attachments) (Entered: 09/14/2012) |
| 09/14/2012 | 103 | Sealed Event, filed. (With attachments) (Entered: 09/14/2012) |
| 09/14/2012 | 104 | OBJECTIONS to 73 MOTION for Partial Summary Judgment *on Liability*, filed by ExxonMobil Chemical Company, ExxonMobil Corporation, ExxonMobil Refining and Supply Company. (Attachments: # 1 Proposed Order)(Coffey, William) (Entered: 09/14/2012) |
| 09/14/2012 | 105 | RESPONSE to 73 MOTION for Partial Summary Judgment *on Liability* filed by ExxonMobil Chemical Company, ExxonMobil Corporation, ExxonMobil Refining and Supply Company. (Attachments: # 1 Proposed Order, # 2 Appendix)(Coffey, William) (Entered: 09/14/2012) |
| 09/14/2012 | 106 | Sealed Event, filed. (With attachments) (Entered: 09/14/2012) |
| 09/14/2012 | 107 | RESPONSE to 70 Sealed Event, 72 Sealed Event, 68 MOTION to Exclude the Testimony of Defendants' Expert Karen T. Olson, 71 Sealed Event, 69 Sealed Event filed by ExxonMobil Chemical Company, ExxonMobil Corporation, ExxonMobil Refining and Supply Company. (Attachments: # 1 Proposed Order, # 2 Appendix)(Coffey, William) (Entered: 09/14/2012) |
| 09/14/2012 | 108 | Sealed Event, filed. (With attachments) (Entered: 09/14/2012) |
| 09/14/2012 | 109 | Sealed Event, filed. (With attachments) (Entered: 09/14/2012) |
| 10/09/2012 | | (Court only) ***Motion(s) terminated:, ***Deadlines terminated. (ealexander, ) (Entered: 10/09/2012) |
| 10/09/2012 | 110 | SCHEDULING ORDER. Trial Term: January/February, 2013. ETT: 5 Days. Bench Trial. Joint Pretrial Order due by 12/19/2012.(Signed by Judge David Hittner) Parties notified.(ealexander, ) Modified on 10/25/2012 (ealexander, ). (Entered: 10/09/2012) |
| 10/18/2012 | 111 | RESPONSE *to Defendants' Request for Oral Argument on Summary Judgment Motions*, filed by Environment Texas Citizen Lobby, Inc., Sierra Club. (Hilder, Philip) (Entered: 10/18/2012) |
| 10/24/2012 | 112 | SUPPLEMENT to 73 MOTION for Partial Summary Judgment *on Liability* by Environment Texas Citizen Lobby, Inc., Sierra Club, filed. (Attachments: # 1 Second Declaration of Shae Cottar)(Hilder, Philip) (Entered: 10/24/2012) |
| 10/29/2012 | 113 | ORDER, ORDER Setting Hearing on all pending Motions ( Motion Hearing set for 11/15/2012 at 09:00 AM in Courtroom 8A before Judge David Hittner)(Signed by Judge David Hittner) Parties notified.(ealexander, ) (Entered: 10/29/2012) |
| 11/01/2012 | | |

| | | |
|---|---|---|
| | | (Court only) ***Motion(s) terminated: <u>84</u> Sealed Event. This is not a motion it is a Memorandum of Law. (ealexander, ) (Entered: 11/01/2012) |
| 11/12/2012 | <u>114</u> | REPLY in Support of <u>82</u> MOTION for Summary Judgment, filed by ExxonMobil Chemical Company, ExxonMobil Corporation, ExxonMobil Refining and Supply Company. (Coffey, William) (Entered: 11/12/2012) |
| 11/13/2012 | <u>115</u> | MOTION Objection to Reply Brief by Environment Texas Citizen Lobby, Inc., Sierra Club, filed. Motion Docket Date 12/4/2012. (Hilder, Philip) (Entered: 11/13/2012) |
| 11/15/2012 | <u>116</u> | Minute Entry for proceedings held before Judge David Hittner. MOTION HEARING held on 11/15/2012. Written order to issue. Appearances: David A Nicholas, Joshua R Kratka, Eric J R Nichols, Bryon A Rice, Fields Alexander, William Bradley Coffey, William Graham.(Court Reporter: Mayra Malone), filed.(ealexander, ) (Entered: 11/16/2012) |
| 11/20/2012 | <u>117</u> | ORDER denying <u>73</u> Motion for Partial Summary Judgment; overruling <u>115</u> Plaintiffs' Objections to Defendants' Reply in Support of their Motion for Summary Judgment.(Signed by Judge David Hittner) Parties notified.(ealexander, ) (Entered: 11/20/2012) |
| 12/04/2012 | <u>118</u> | TRANSCRIPT re: Motion Hearing held on November 15, 2012 before Judge David Hittner. Court Reporter/Transcriber Mayra Malone. Release of Transcript Restriction set for 3/4/2013., filed. (mmalone, ) (Entered: 12/04/2012) |
| 12/05/2012 | <u>119</u> | Notice of Filing of Official Transcript as to <u>118</u> Transcript. Party notified, filed. (jdav, ) (Entered: 12/05/2012) |
| 12/05/2012 | <u>120</u> | ORDER ; Motion-related deadline set re: <u>70</u> Sealed Event, <u>72</u> Sealed Event, <u>68</u> MOTION to Exclude the Testimony of Defendants' Expert Karen T. Olson, <u>71</u> Sealed Event, <u>89</u> MOTION to Exclude Testimony of Keith E. Bowers, <u>86</u> MOTION to Exclude Testimony of Edward G. Brooks, <u>90</u> MOTION to Bifurcate Trial, <u>69</u> Sealed Event, <u>82</u> MOTION for Summary Judgment, CASE REFERRED to Magistrate Judge Stephen Smith for all pretrial matters including all pending and future summary judgment motions, orders and recommendations.(Signed by Judge David Hittner) Parties notified.(ealexander, ) (Entered: 12/05/2012) |
| 12/21/2012 | <u>121</u> | *Request to Judge Smith for a Recommendation that Plaintiffs be Granted Summary Judgment on Liability* by Environment Texas Citizen Lobby, Inc., Sierra Club, filed.(Hilder, Philip) (Entered: 12/21/2012) |
| 01/29/2013 | <u>122</u> | MEMORANDUM *on Motions Referred for Report and Recommendation* by ExxonMobil Chemical Company, ExxonMobil Corporation, ExxonMobil Refining and Supply Company, filed. (Attachments: # <u>1</u> Attachments to Memorandum)(Nichols, Eric) (Entered: 01/29/2013) |
| 03/01/2013 | <u>123</u> | ORDER terminating <u>68</u> Motion to Exclude; terminating <u>69</u> Sealed Motion; terminating <u>70</u> Sealed Motion; terminating <u>71</u> Sealed Motion; terminating <u>72</u> Sealed Motion; terminating <u>86</u> Motion to Exclude; terminating <u>89</u> Motion to Exclude; terminating <u>90</u> Motion to Bifurcate. Motions are administratively terminated without prejudice to full consideration without need for refiling after resolution of the motion for summary judgment. (Signed by Magistrate Judge Stephen Wm Smith) Parties notified.(jmarchand) (Entered: 03/06/2013) |
| 03/19/2013 | <u>124</u> | |

| | | |
|---|---|---|
| | | NOTICE of Setting as to <u>82</u> MOTION for Summary Judgment. Parties notified. Motion Hearing set for 4/2/2013 at 10:00 AM in Courtroom 703 before Magistrate Judge Stephen Wm Smith, filed. (jmarchand) (Entered: 03/19/2013) |
| 04/02/2013 | 125 | Minute Entry for proceedings held before Magistrate Judge Stephen Wm Smith. MOTION HEARING held on 4/2/2013 re: <u>82</u> MOTION for Summary Judgment. Motion taken under advisement. Appearances:William Graham, David A Nicholas, Joshua R Kratka, Philip Harlan Hilder, Eric J R Nichols, Fields Alexander, William Bradley Coffey, Keith A. Courtney.(ERO:J. Davenport), filed.(jmarchand) (Entered: 04/02/2013) |
| 04/03/2013 | <u>126</u> | MEMORANDUM AND RECOMMENDATIONS re <u>82</u> MOTION for Summary Judgment. Objections due within 14 days of service of this order. (Signed by Magistrate Judge Stephen Wm Smith) Parties notified.(jmarchand) (Entered: 04/03/2013) |
| 04/04/2013 | <u>127</u> | AO 435 TRANSCRIPT ORDER FORM by Brad Coffey. This is to order a transcript of held on 4/2/2013 before Magistrate Judge Stephen Smith (Expedited Daily), filed. (jdav, ) Electronically forwarded to Judicial Transcribers of Texas on 4/5/2013 (amwilliams, ). (Entered: 04/04/2013) |
| 04/10/2013 | <u>128</u> | TRANSCRIPT re: Motion for Summary Judgment held on April 2, 2013 before Magistrate Judge Stephen Smith. Court Reporter/Transcriber Judicial Transcribers of Texas, LLC. Release of Transcript Restriction set for 7/9/2013., filed. (mahenry, ) (Entered: 04/10/2013) |
| 04/11/2013 | <u>129</u> | Notice of Filing of Official Transcript as to <u>128</u> Transcript. Party notified, filed. (jdav, ) (Entered: 04/11/2013) |
| 04/17/2013 | <u>130</u> | OBJECTIONS to <u>126</u> Memorandum and Recommendations, filed by Environment Texas Citizen Lobby, Inc., Sierra Club. (Hilder, Philip) (Entered: 04/17/2013) |
| 04/17/2013 | <u>131</u> | OBJECTIONS to <u>126</u> Memorandum and Recommendations, filed by ExxonMobil Chemical Company, ExxonMobil Corporation, ExxonMobil Refining and Supply Company. (Alexander, Fields) (Entered: 04/17/2013) |
| 04/17/2013 | <u>132</u> | Sealed Event, filed. (Entered: 04/17/2013) |
| 04/18/2013 | <u>133</u> | AO 435 TRANSCRIPT ORDER FORM by Mary Rock. This is to order a transcript of motion hearing held on 4/2/13 before Magistrate Judge Stephen Smith (original). Court Reporter/Transcriber: Digital Scroll, filed. (ckrus, ) Electronically forwarded to Judicial Transcribers of Texas on 4/22/2013 (amwilliams). (Entered: 04/18/2013) |
| 05/01/2013 | <u>134</u> | RESPONSE *to the ExxonMobil Defendants' Objections to Memorandum and Recommendation by the Hon. Stephen Wm. Smith on Motion for Summary Judgment*, filed by Environment Texas Citizen Lobby, Inc., Sierra Club. (Hilder, Philip) (Entered: 05/01/2013) |
| 05/02/2013 | <u>135</u> | ORDER ADOPTING MEMORANDUM AND RECOMMENDATIONS re: <u>126</u> Memorandum and Recommendations, <u>82</u> MOTION for Summary Judgment (Signed by Judge David Hittner) Parties notified.(ealexander, ) (Entered: 05/02/2013) |
| 05/23/2013 | <u>136</u> | MOTION Submission of Amended Schedules of Alleged Violations Remaining for Trial and Request for Status Conference and Ruling on Daubert MotionsMotions referred to Stephen Smith. by Environment Texas Citizen Lobby, Inc., Sierra Club, |

| | | |
|---|---|---|
| | | filed. Motion Docket Date 6/13/2013. (Attachments: # 1 Exhibit Count I Table1A, # 2 Exhibit Count I Table 1B Part 1, # 3 Exhibit Count I Table 1B Part 2, # 4 Exhibit Count I Table 1B Part 3, # 5 Exhibit Count II Table 2A, # 6 Exhibit Count II Table 2B Part 1, # 7 Exhibit Count II Table 2B Part 2, # 8 Exhibit Count II Table 2B Part 3, # 9 Exhibit Count II Table 2C, # 10 Exhibit Count II Table 2D, # 11 Exhibit Count II Table 2E, # 12 Exhibit Count II Table 2F, # 13 Exhibit Count III Table 3, # 14 Exhibit Count IV Table 4, # 15 Exhibit Count V Table 5, # 16 Exhibit Count VI Table 6, # 17 Exhibit Count VII Table 7A, # 18 Exhibit Count VII Table 7B, # 19 Exhibit Count VII Table 7C, # 20 Exhibit Count VII Table 7D, # 21 Exhibit Count VII Table 7E)(Hilder, Philip) (Entered: 05/23/2013) |
| 05/23/2013 | 137 | MOTION Motion to Seal ECF Docket Entry 136-12Motions referred to Stephen Smith. by Environment Texas Citizen Lobby, Inc., Sierra Club, filed. Motion Docket Date 6/13/2013. (Hilder, Philip) (Entered: 05/23/2013) |
| 05/23/2013 | 138 | NOTICE *of Schedules of Events and Incidents that Remain Pending for Trial* by ExxonMobil Chemical Company, ExxonMobil Corporation, ExxonMobil Refining and Supply Company, filed. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Nichols, Eric) (Entered: 05/23/2013) |
| 06/10/2013 | 139 | ORDER granting 137 MOTION to Seal ECF Docket Entry 136-12 ( Status Conference set for 6/25/2013 at 10:00 AM in Courtroom 703 before Magistrate Judge Stephen Wm Smith)(Signed by Magistrate Judge Stephen Wm Smith) Parties notified.(jmarchand) (Entered: 06/10/2013) |
| 06/10/2013 | 140 | RESPONSE to 136 MOTION Submission of Amended Schedules of Alleged Violations Remaining for Trial and Request for Status Conference and Ruling on Daubert Motions filed by ExxonMobil Chemical Company, ExxonMobil Corporation, ExxonMobil Refining and Supply Company. (Attachments: # 1 Exhibit A)(Nichols, Eric) (Entered: 06/10/2013) |
| 06/20/2013 | 141 | MEMORANDUM for the June 25, 2013, Status Conference by Environment Texas Citizen Lobby, Inc., Sierra Club, filed. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H)(Hilder, Philip) (Entered: 06/20/2013) |
| 06/25/2013 | 142 | Minute Entry for proceedings held before Magistrate Judge Stephen Wm Smith. STATUS CONFERENCE held on 6/25/2013. Written order to be issued. Appearances:William Graham, David A Nicholas, Joshua R Kratka, Philip Harlan Hilder, Eric J R Nichols, Fields Alexander, Bryon A Rice, Keith A. Courtney.(ERO:W. Bostic), filed.(jmarchand) (Entered: 06/25/2013) |
| 06/25/2013 | 143 | ORDER re: Status Conference held 6/25/2013 regarding trial details. Parties shall notify the court of thier preferred trial term within 7 days of entry of this order. (Signed by Magistrate Judge Stephen Wm Smith) Parties notified.(jmarchand) (Entered: 06/25/2013) |
| 06/26/2013 | 145 | ORDER - The court overrules defendants' objection to the inclusion of approximately 2,100 recordable events on plaintiffs' schedules. The parties' schedules of violations remaing for trial may include recordable events occurring within the statue of limitations period up to the 120-day pre-trial deadline. (Signed by Magistrate Judge Stephen Wm Smith) Parties notified.(jmarchand) (Entered: 06/27/2013) |
| 06/27/2013 | 144 | NOTICE *of Preferred Trial Term* re: 143 Order by Environment Texas Citizen Lobby, Inc., Sierra Club, filed. (Hilder, Philip) (Entered: 06/27/2013) |

| | | |
|---|---|---|
| 06/28/2013 | 146 | NOTICE *of Preferred Trial Term* re: 143 Order by ExxonMobil Chemical Company, ExxonMobil Corporation, ExxonMobil Refining and Supply Company, filed. (Nichols, Eric) (Entered: 06/28/2013) |
| 07/01/2013 | 147 | ORDER that this case is set for the January/February, 2014 trial term. The Joint Pretrial Order is due December 27, 2013.(Signed by Judge David Hittner) Parties notified.(ealexander, ) (Entered: 07/02/2013) |
| 07/09/2013 | | (Court only) ***Motion(s) terminated: 136 MOTION Submission of Amended Schedules of Alleged Violations Remaining for Trial and Request for Status Conference and Ruling on Daubert Motions. (ealexander, ) (Entered: 07/09/2013) |
| 07/10/2013 | 148 | AO 435 TRANSCRIPT ORDER FORM by Brad Coffey. This is to order a transcript of Status Conference held on 6/25/2013 before Magistrate Judge Stephen Smith. Transcriber: Judicial Transcribers of Texas. (Original), filed. (jdav, ). Daily Order forwarded electronically to Judicial Transcribers of Texas on 7-11-2012. Modified on 7/11/2013 (pcrawford, ). (Entered: 07/10/2013) |
| 07/12/2013 | 149 | TRANSCRIPT re: Status Conference held on June 25, 2013 before Magistrate Judge Stephen Smith. Court Reporter/Transcriber Judicial Transcribers of Texas, LLC. Release of Transcript Restriction set for 10/10/2013., filed. (mahenry, ) (Entered: 07/12/2013) |
| 07/15/2013 | 150 | Notice of Filing of Official Transcript as to 149 Transcript. Party notified, filed. (olindor, ) (Entered: 07/15/2013) |
| 09/04/2013 | 151 | AO 435 TRANSCRIPT ORDER FORM by Mary Rock. This is to order a transcript of Status Conference held on 6/25/2013 before Magistrate Judge Stephen Smith (Copy). Court Reporter/Transcriber: Judicial Transcribers of Texas, filed. (amwilliams) (Entered: 09/05/2013) |
| 09/30/2013 | 152 | Opposed MOTION to Bar Exxon from Supplementing its Experts' Opinions Regarding Certain ViolationsMotions referred to Stephen Smith. by Environment Texas Citizen Lobby, Inc., Sierra Club, filed. Motion Docket Date 10/21/2013. (Attachments: # 1 Proposed Order)(Hilder, Philip) (Entered: 09/30/2013) |
| 09/30/2013 | 153 | DECLARATION of David A. Nicholas re: 152 Opposed MOTION to Bar Exxon from Supplementing its Experts' Opinions Regarding Certain Violations, filed. (Attachments: # 1 Exhibit 1 through 5, # 2 Exhibit 6 through 10, # 3 Exhibit 11 through 13)(Hilder, Philip) (Entered: 09/30/2013) |
| 10/21/2013 | 154 | RESPONSE to 152 Opposed MOTION to Bar Exxon from Supplementing its Experts' Opinions Regarding Certain Violations filed by ExxonMobil Chemical Company, ExxonMobil Corporation, ExxonMobil Refining and Supply Company. (Attachments: # 1 Exhibit A)(Coffey, William) (Entered: 10/21/2013) |
| 10/22/2013 | 155 | ORDER denying 152 Motion to Bar Supplementation. All supplementation is due 11/22/2013. Issue of admissibility will be reserved until time of trial.(Signed by Magistrate Judge Stephen Wm Smith) Parties notified.(jmarchand, 4) (Entered: 10/22/2013) |
| 12/06/2013 | | (Court only) ***Deadlines terminated. (ealexander, 4) (Entered: 12/06/2013) |
| 12/06/2013 | 156 | SCHEDULING ORDER. ETT: 4 weeks. Bench Trial. Joint Pretrial Order due by 1/17/2014. Pretrial Conference set for 2/7/2014 at 01:30 PM in Courtroom 8A before Judge David Hittner Bench Trial set for 2/10/2014 at 10:00 AM in |

| | | |
|---|---|---|
| | | Courtroom 8A before Judge David Hittner(Signed by Judge David Hittner) Parties notified.(ealexander, 4) (Entered: 12/06/2013) |
| 12/06/2013 | | (Court only) ***Case No Longer Referred to Magistrate Judge Stephen Smith. (ealexander, 4) (Entered: 07/28/2017) |
| 01/03/2014 | 157 | TRIAL SCHEDULING ORDER - Parties are to file a detailed initial trial plan on or before Friday, January 10, 2014 and a final trial plan on or before Monday, January 13, 2014. (Signed by Judge David Hittner) Parties notified.(ealexander, 4) (Entered: 01/03/2014) |
| 01/10/2014 | 158 | *Plaintiffs' Initial Trial Plan* by Environment Texas Citizen Lobby, Inc., Sierra Club, filed.(Hilder, Philip) (Entered: 01/10/2014) |
| 01/10/2014 | 159 | CERTIFICATE OF SERVICE of 158 Document by Environment Texas Citizen Lobby, Inc., Sierra Club, filed.(Hilder, Philip) (Entered: 01/10/2014) |
| 01/10/2014 | 160 | DEFENDANT'S INITIAL TRIAL PLAN by ExxonMobil Chemical Company, ExxonMobil Corporation, ExxonMobil Refining and Supply Company, filed.(Rice, Bryon) (Entered: 01/10/2014) |
| 01/13/2014 | 161 | *Plaintiffs' Final Trial Plan* by Environment Texas Citizen Lobby, Inc., Sierra Club, filed.(Hilder, Philip) (Entered: 01/13/2014) |
| 01/13/2014 | 162 | *The ExxonMobil Defendants' Final Trial Plan* by ExxonMobil Chemical Company, ExxonMobil Corporation, ExxonMobil Refining and Supply Company, filed.(Rice, Bryon) (Entered: 01/13/2014) |
| 01/15/2014 | 163 | TIMING ORDER - that Plaintiff is allocated a total time of 46.0 hours and Defendant is allocated a total time of 44.0 hours.(Signed by Judge David Hittner) Parties notified.(ealexander, 4) (Entered: 01/15/2014) |
| 01/17/2014 | 164 | Joint Proposed Pretrial Order by Environment Texas Citizen Lobby, Inc., Sierra Club, filed. (Attachments: # 1 Exhibit 1A, # 2 Exhibit 1B, # 3 Exhibit 2A, # 4 Exhibit 2B, # 5 Exhibit 2C, # 6 Exhibit 2D, # 7 Exhibit 2E, # 8 Exhibit 2F, # 9 Exhibit 3, # 10 Exhibit 4, # 11 Exhibit 5, # 12 Exhibit 6, # 13 Exhibit Consent Decree Events, # 14 Plaintiffs' Witness List, # 15 Defendants' Witness List, # 16 Plaintiffs' Exhibit List, # 17 Defendants' Preliminary Exhibit List, # 18 Plaintiffs' Proposed Findings of Fact, # 19 Plaintiffs' Proposed Conclusions of Law, # 20 Defendants' Preliminary Proposed Findings of Fact and Conclusions of Law, # 21 Plaintiffs' Expert Witness Qualifications, # 22 Defendants' Expert Witness Qualifications)(Hilder, Philip) (Entered: 01/17/2014) |
| 01/17/2014 | 165 | *Plaintiffs' Pretrial Brief* by Environment Texas Citizen Lobby, Inc., Sierra Club, filed.(Hilder, Philip) (Entered: 01/17/2014) |
| 01/17/2014 | 166 | Sealed Event, filed. (Entered: 01/17/2014) |
| 01/29/2014 | 167 | Supplemental Proposed Pretrial Order by Environment Texas Citizen Lobby, Inc., Sierra Club, filed. (Attachments: # 1 Exhibit 7A, # 2 Exhibit 7B, # 3 Exhibit 7C, # 4 Exhibit 7D, # 5 Exhibit 7E)(Hilder, Philip) (Entered: 01/29/2014) |
| 01/31/2014 | 168 | MOTION for Heather Govern to Appear Pro Hac ViceMotions referred to Stephen Smith. by Environment Texas Citizen Lobby, Inc., Sierra Club, filed. Motion Docket Date 2/21/2014. (Hilder, Philip) (Entered: 01/31/2014) |
| 02/03/2014 | 169 | Sealed Event, filed. (With attachments) (Entered: 02/03/2014) |

| | | |
|---|---|---|
| 02/03/2014 | <u>170</u> | OBJECTIONS *to the Admissibility of Plaintiffs' Exhibits*, filed by ExxonMobil Chemical Company, ExxonMobil Corporation, ExxonMobil Refining and Supply Company. (Coffey, William) (Entered: 02/03/2014) |
| 02/03/2014 | | (Court only) ***Attorney Heather Govern for Environment Texas Citizen Lobby, Inc.,Heather Govern for Sierra Club added. (ealexander, 4) (Entered: 02/04/2014) |
| 02/03/2014 | <u>171</u> | ORDER granting <u>168</u> Motion to Appear Pro Hac Vice on behalf of Heather Govern.(Signed by Judge David Hittner) Parties notified.(ealexander, 4) (Entered: 02/04/2014) |
| 02/06/2014 | <u>172</u> | *Government Documents about the Effect of Certain Chemicals and Pollutants are Admissible* by Environment Texas Citizen Lobby, Inc., Sierra Club, filed.(Hilder, Philip) (Entered: 02/06/2014) |
| 02/06/2014 | <u>173</u> | *Plaintiffs Designation of Portions of the Deposition Transcript of John Sadlier* by Environment Texas Citizen Lobby, Inc., Sierra Club, filed. (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B, # <u>3</u> Exhibit C, # <u>4</u> Exhibit D)(Hilder, Philip) (Entered: 02/06/2014) |
| 02/07/2014 | <u>174</u> | Minute Entry for proceedings held before Judge David Hittner. Final PRETRIAL CONFERENCE held on 2/7/2014. Appearances: David A Nicholas, Joshua R Kratka, Heather Govern, Philip Harlan Hilder, Eric J R Nichols, Fields Alexander, Bryon A Rice, William Bradley Coffey.(Court Reporter: Gayle Dye), filed.(ealexander, 4) (Entered: 02/10/2014) |
| 02/10/2014 | <u>175</u> | Minute Entry for proceedings held before Judge David Hittner. First day of BENCH TRIAL held on 2/10/2014. Testimony taken. Bench trial held and continued to February 11, 2014 at 10:00 a.m. Appearances: David A Nicholas, Joshua R Kratka, Heather Govern, Philip Harlan Hilder, Eric J R Nichols, Fields Alexander, Bryon A Rice, William Bradley Coffey.(Court Reporter: Gayle Dye), filed.(ealexander, 4) (Entered: 02/11/2014) |
| 02/11/2014 | <u>176</u> | Minute Entry for proceedings held before Judge David Hittner. Second day of BENCH TRIAL held on 2/11/2014. Testimony taken. Bench Trial held and continued to February 12, 2014 at 10:00 a.m. Appearances: David A Nicholas, Joshua R Kratka, Heather Govern, Philip Harlan Hilder, Will Graham, Eric J R Nichols, Fields Alexander, Bryon A Rice, William Bradley Coffey, Keith A. Courtney.(Court Reporter: Gayle Dye), filed.(ealexander, 4) (Entered: 02/12/2014) |
| 02/12/2014 | <u>177</u> | Minute Entry for proceedings held before Judge David Hittner. Third day of BENCH TRIAL held on 2/12/2014. Testimony taken. Bench Trial held and continued to February 13, 2014 at 10:00 a.m. Appearances: David A Nicholas, Joshua R Kratka, Heather Govern, Philip Harlan Hilder, Will Graham, Eric J R Nichols, Fields Alexander, Bryon A Rice, William Bradley Coffey, Keith A. Courtney.(Court Reporter: Gayle Dye), filed.(ealexander, 4) (Entered: 02/13/2014) |
| 02/13/2014 | <u>178</u> | Minute Entry for proceedings held before Judge David Hittner. Fourth day of BENCH TRIAL held on 2/13/2014. Testimony taken. Bench trial held and continued to February 14, 2014 at 11:30 a.m. Appearances: David A Nicholas, Joshua R Kratka, Heather Govern, Philip Harlan Hilder, Will Graham, Eric J R Nichols, Fields Alexander, Bryon A Rice, William Bradley Coffey, Keith A. Courtney.(Court Reporter: Gayle Dye), filed.(ealexander, 4) (Entered: 02/14/2014) |
| 02/14/2014 | <u>179</u> | Minute Entry for proceedings held before Judge David Hittner. Fifth day of BENCH TRIAL held on 2/14/2014. Testimony taken. Bench trial held and |

| | | continued to February 18, 2014 at 10:00 a.m. Appearances: David A Nicholas, Joshua R Kratka, Heather Govern, Philip Harlan Hilder, Will Graham, Eric J R Nichols, Fields Alexander, Bryon A Rice, William Bradley Coffey, Keith A. Courtney.(Court Reporter: Gayle Dye), filed.(ealexander, 4) (Entered: 02/18/2014) |
|---|---|---|
| 02/18/2014 | 180 | Supplemental Witness List by ExxonMobil Chemical Company, ExxonMobil Corporation, ExxonMobil Refining and Supply Company, filed.(Rice, Bryon) (Entered: 02/18/2014) |
| 02/18/2014 | 181 | Minute Entry for proceedings held before Judge David Hittner. Sixth day of BENCH TRIAL held on 2/18/2014. Testimony taken. Bench trial held and continued to February 19, 2014 at 10:00 a.m. Appearances: David A Nicholas, Joshua R Kratka, Heather Govern, Philip Harlan Hilder, Will Graham, Eric J R Nichols, Fields Alexander, Bryon A Rice, William Bradley Coffey, Keith A. Courtney.(Court Reporter: Gayle Dye), filed.(ealexander, 4) Modified on 2/20/2014 (ealexander, 4). (Main Document 181 replaced on 2/20/2014) (ealexander, 4). (Entered: 02/19/2014) |
| 02/19/2014 | 182 | Minute Entry for proceedings held before Judge David Hittner. Seventh day of BENCH TRIAL held on 2/19/2014. Testimony taken. Bench trial held and continued to February 20, 2014 at 10:00 a.m. Appearances: David A Nicholas, Joshua R Kratka, Philip Harlan Hilder, Will Graham, Eric J R Nichols, Fields Alexander, Bryon A Rice, William Bradley Coffey, Keith A. Courtney.(Court Reporter: Gayle Dye), filed.(ealexander, 4) (Entered: 02/20/2014) |
| 02/20/2014 | 183 | Minute Entry for proceedings held before Judge David Hittner. Eighth day of BENCH TRIAL held on 2/20/2014. Plaintiffs rest their case. Defendant's Motion for Judgment as a Matter of Law heard and denied. Defendant's begin their portion of the case. Testimony taken. Bench trial held and continued to February 21, 2014 at 11:30 a.m. Appearances: David A Nicholas, Joshua R Kratka, Heather Govern, Philip Harlan Hilder, Will Graham, Eric J R Nichols, Fields Alexander, Bryon A Rice, William Bradley Coffey, Keith A. Courtney.(Court Reporter: Gayle Dye), filed.(ealexander, 4) (Entered: 02/21/2014) |
| 02/21/2014 | 184 | Minute Entry for proceedings held before Judge David Hittner. Ninth day of BENCH TRIAL held on 2/21/2014. Testimony taken. Bench trial held and continued to February 24, 2014 at 10:00 a.m. Appearances: David A Nicholas, Joshua R Kratka, Heather Govern, Philip Harlan Hilder, Will Graham, Eric J R Nichols, Fields Alexander, Bryon A Rice, William Bradley Coffey, Keith A. Courtney.(Court Reporter: Gayle Dye), filed.(ealexander, 4) (Entered: 02/24/2014) |
| 02/24/2014 | 185 | Minute Entry for proceedings held before Judge David Hittner. Tenth day of BENCH TRIAL held on 2/24/2014. Testimony taken. Bench trial held and continued to February 25, 2014 at 10:00 a.m. Appearances: David A Nicholas, Joshua R Kratka, Heather Govern, Philip Harlan Hilder, Will Graham, Eric J R Nichols, Fields Alexander, Bryon A Rice, William Bradley Coffey, Keith A. Courtney.(Court Reporter: Gayle Dye), filed.(ealexander, 4) (Entered: 02/25/2014) |
| 02/25/2014 | 186 | Minute Entry for proceedings held before Judge David Hittner. Eleventh day of BENCH TRIAL held on 2/25/2014. Testimony taken. Bench trial held and continued to February 26, 2014 at 10:00 a.m. Appearances: David A Nicholas, Joshua R Kratka, Heather Govern, Philip Harlan Hilder, Will Graham, Eric J R Nichols, Fields Alexander, Bryon A Rice, William Bradley Coffey, Keith A. Courtney.(Court Reporter: Gayle Dye), filed.(ealexander, 4) (Entered: 02/26/2014) |

| 02/26/2014 | 188 | Minute Entry for proceedings held before Judge David Hittner. Tweltfh day of BENCH TRIAL held on 2/26/2014. Testimony taken. Defendant's rest their case. Closing arguments set for February 28, 2014 at 1:30 p.m. Appearances: David A Nicholas, Joshua R Kratka, Heather Govern, Philip Harlan Hilder, Will Graham, Eric J R Nichols, Fields Alexander, Bryon A Rice, William Bradley Coffey, Keith A. Courtney.(Court Reporter: Gayle Dye), filed.(ealexander, 4) (Entered: 02/27/2014) |
|---|---|---|
| 02/27/2014 | 187 | RESPONSE *to Motion for Reconsideration of Court's Ruling on Admissibility of "Business Record" Affidavit*, filed by ExxonMobil Chemical Company, ExxonMobil Corporation, ExxonMobil Refining and Supply Company. (Nichols, Eric) (Entered: 02/27/2014) |
| 02/27/2014 | 189 | Sealed Event (Defendant's Exhibit DX530), filed. (Additional attachment(s) added on 4/3/2015: # 1 Exhibit) (hler, 4). (Entered: 02/27/2014) |
| 02/28/2014 | 190 | Minute Entry for proceedings held before Judge David Hittner. Thirteenth day of BENCH TRIAL held on 2/28/2014. Closing arguments held. The Court Reporter will produce and file the transcript by April 14, 2014. Parties will exchange Findings of Fact and Conclusion of Law by May 14, 2014 and the final Findings of Fact and Conclusions of Law will be filed by June 16, 2014. Appearances: David A Nicholas, Joshua R Kratka, Heather Govern, Philip Harlan Hilder, Phil Graham, Eric J R Nichols, Fields Alexander, Bryon A Rice, William Bradley Coffey, Keith A. Courtney.(Court Reporter: Peggy Antone), filed.(ealexander, 4) (Main Document 190 replaced on 3/3/2014 (ealexander, 4). Modified on 3/3/2014 (ealexander, 4). (Additional attachment(s) added on 4/3/2015: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit) (hler, 4). (Entered: 03/03/2014) |
| 03/04/2014 | 191 | ORDER that the entire trial trasncript will be filed and delivered on or before April 14, 2014. Parties shall exchange their initial drafts of the Findings of Fact and Conclusions of Law by May 14, 2014 and their final Findings of Fact and Conclusions of Law must be filed with the court by June 16, 2014. (Signed by Judge David Hittner) Parties notified.(ealexander, 4) (Entered: 03/04/2014) |
| 03/14/2014 | 192 | AO 435 TRANSCRIPT ORDER FORM by Fields Alexander. This is to order a transcript of Pre-Trial held on 2/7/2014 before Judge David Hittner (original), filed. (olindor, 4) (Entered: 03/14/2014) |
| 03/21/2014 | 193 | AO 435 TRANSCRIPT ORDER FORM by Mary Rock. This is to order a transcript of Pretrial / Bench Trial held on 02/7/2014 & 02/10/2014-02/28/2014 before Judge David Hittner (Original), filed. (mxperez, 5) (Entered: 03/21/2014) |
| 03/21/2014 | 194 | AO 435 TRANSCRIPT ORDER FORM by 2/7/14; 2/10/14 - 2/28/14. This is to order a transcript of Pre-Trial and Bench Trial before Judge David Hittner (Original), filed. (lusmith, 3) (Entered: 03/21/2014) |
| 04/16/2014 | 195 | TRANSCRIPT re: Bench Trial - Day 1 of 13 held on February 10, 2014, before Judge David Hittner. Court Reporter/Transcriber Dye. Ordering Party Poirrier Release of Transcript Restriction set for 7/15/2014., filed. (gdye, ) (Entered: 04/16/2014) |
| 04/16/2014 | 196 | TRANSCRIPT re: Bench Trial - Day 2 of 13 held on February 11, 2014, before Judge David Hittner. Court Reporter/Transcriber Dye. Ordering Party Alexander Release of Transcript Restriction set for 7/15/2014., filed. (gdye, ) (Entered: 04/16/2014) |

| 04/17/2014 | 197 | Notice of Filing of Official Transcript as to 195 Transcript, 196 Transcript. Party notified, filed. (hcarr, 4) (Entered: 04/17/2014) |
|---|---|---|
| 04/17/2014 | 198 | **This was incorrectly filed and has been corrected with document # 243.** TRANSCRIPT re: Bench Trial - Day 3 of 13 held on February 12, 2014, before Judge David Hittner. Court Reporter/Transcriber Dye. Ordering Party Alexander Release of Transcript Restriction set for 7/16/2014., filed. (gdye, ) Modified on 9/27/2017 (bcampos, 1). (Entered: 04/17/2014) |
| 04/17/2014 | 209 | AMENDED ORDER that the parties shall exchange their initial drafts of the Findings of Fact and Conclusions of Law by May 21, 2014 and file their final Findings of Fact and Concusions of Law with the Court by June 23, 2014.(Signed by Judge David Hittner) Parties notified.(ealexander, 4) (Entered: 04/21/2014) |
| 04/18/2014 | 199 | TRANSCRIPT re: Bench Trial - Day 4 of 13 held on February 13, 2014, before Judge David Hittner. Court Reporter/Transcriber Dye. Ordering Party Alexander Release of Transcript Restriction set for 7/17/2014., filed. (gdye, ) (Entered: 04/18/2014) |
| 04/18/2014 | 200 | Notice of Filing of Official Transcript as to 198 Transcript. Party notified, filed. (hcarr, 4) (Entered: 04/18/2014) |
| 04/18/2014 | 201 | **This was incorrectly filed and has been corrected with document # 202.** TRANSCRIPT re: Bench Trial - Day 5 of 13 held on February 14, 2014, before Judge David Hittner. Court Reporter/Transcriber Dye. Ordering Party Alexander Release of Transcript Restriction set for 7/17/2014., filed. (gdye, ) Modified on 9/27/2017 (bcampos, 1). (Entered: 04/18/2014) |
| 04/18/2014 | 202 | TRANSCRIPT re: Bench Trial - Day 5 of 13 (CORRECTED INDEX PAGE) held on February 14, 2014, before Judge David Hittner. Court Reporter/Transcriber Dye. Ordering Party Alexander Release of Transcript Restriction set for 7/17/2014., filed. (gdye, ) (Entered: 04/18/2014) |
| 04/18/2014 | 203 | TRANSCRIPT re: Bench Trial - Day 6 of 13 held on February 18, 2014, before Judge David Hittner. Court Reporter/Transcriber Dye. Ordering Party Alexander Release of Transcript Restriction set for 7/17/2014., filed. (gdye, ) (Entered: 04/18/2014) |
| 04/19/2014 | 204 | TRANSCRIPT re: Bench Trial - Day 7 of 13 held on February 19, 2014, before Judge David Hittner. Court Reporter/Transcriber Dye. Ordering Party Alexander Release of Transcript Restriction set for 7/18/2014., filed. (gdye, ) (Entered: 04/19/2014) |
| 04/19/2014 | 205 | TRANSCRIPT re: Bench Trial - Day 9 of 13 held on February 21, 2014, before Judge David Hittner. Court Reporter/Transcriber Dye. Ordering Party Alexander Release of Transcript Restriction set for 7/18/2014., filed. (gdye, ) (Entered: 04/19/2014) |
| 04/20/2014 | 206 | TRANSCRIPT re: Bench Trial - Day 8 of 13 held on February 20, 2014, before Judge David Hittner. Court Reporter/Transcriber Dye. Ordering Party Alexander Release of Transcript Restriction set for 7/21/2014., filed. (gdye, ) (Entered: 04/20/2014) |
| 04/20/2014 | 207 | TRANSCRIPT re: Bench Trial - Day 10 of 13 held on February 24, 2014, before Judge David Hittner. Court Reporter/Transcriber Dye. Ordering Party Alexander Release of Transcript Restriction set for 7/21/2014., filed. (gdye, ) (Entered: |

| | | |
|---|---|---|
| | | 04/20/2014) |
| 04/21/2014 | 208 | Notice of Filing of Official Transcript as to 203 Transcript, 204 Transcript, 202 Transcript, 205 Transcript, 201 Transcript, 199 Transcript, 207 Transcript, 206 Transcript. Party notified, filed. (hcarr, 4) (Entered: 04/21/2014) |
| 04/21/2014 | 210 | TRANSCRIPT re: Bench Trial - Day 11 of 13 held on February 25, 2014, before Judge David Hittner. Court Reporter/Transcriber Dye. Ordering Party Alexander Release of Transcript Restriction set for 7/21/2014., filed. (gdye, ) (Entered: 04/21/2014) |
| 04/21/2014 | 211 | TRANSCRIPT re: Bench Trial - Day 12 of 13 held on February 26, 2014, before Judge David Hittner. Court Reporter/Transcriber Dye. Ordering Party Alexander Release of Transcript Restriction set for 7/21/2014., filed. (gdye, ) (Entered: 04/21/2014) |
| 04/22/2014 | 212 | Notice of Filing of Official Transcript as to 211 Transcript, 210 Transcript. Party notified, filed. (hcarr, 4) (Entered: 04/22/2014) |
| 04/22/2014 | 213 | TRANSCRIPT re: Closing Arguments held on 2/28/2014 before Judge David Hittner. Court Reporter/Transcriber Peggy Antone. Release of Transcript Restriction set for 7/21/2014., filed. (emathis, 4) (Entered: 04/22/2014) |
| 04/22/2014 | 214 | TRANSCRIPT re: Pretrial Conference held on February 7, 2014 before Judge David Hittner. Court Reporter/Transcriber Dye. Ordering Party Alexander Release of Transcript Restriction set for 7/21/2014., filed. (gdye, ) (Entered: 04/22/2014) |
| 04/23/2014 | 215 | Notice of Filing of Official Transcript as to 214 Transcript, 213 Transcript. Party notified, filed. (hcarr, 4) (Entered: 04/23/2014) |
| 06/23/2014 | 216 | NOTICE *of Filing of Proposed Findings of Fact and Conclusions of Law* by ExxonMobil Chemical Company, ExxonMobil Corporation, ExxonMobil Refining and Supply Company, filed. (Attachments: # 1 Exhibit Attachment 1)(Coffey, William) (Entered: 06/23/2014) |
| 06/23/2014 | 217 | Exhibit List by ExxonMobil Chemical Company, ExxonMobil Corporation, ExxonMobil Refining and Supply Company, filed.(Coffey, William) (Entered: 06/23/2014) |
| 06/23/2014 | 218 | Proposed Findings of Fact/Conclusions of Law by Environment Texas Citizen Lobby, Inc., Sierra Club, filed.(Hilder, Philip) (Entered: 06/23/2014) |
| 06/24/2014 | 219 | Exhibit List by Environment Texas Citizen Lobby, Inc., Sierra Club, filed. (Attachments: # 1 Trial Exhibit List)(Hilder, Philip) (Entered: 06/24/2014) |
| 08/25/2014 | 220 | ORDER that the parties shall file revised Findings of Fact and Conclusions of Law with the Court, in the same forms previously filed, by September 30, 2014. (Signed by Judge David Hittner) Parties notified.(ealexander, 4) (Entered: 08/25/2014) |
| 09/08/2014 | 221 | AMENDED ORDER that the parties are to file their initial revised Findings of Fact and Conclusions of Law by 9/30/14 and their final by October 7, 2014. (Signed by Judge David Hittner) Parties notified.(ealexander, 4) (Entered: 09/08/2014) |
| 10/07/2014 | 222 | Proposed Findings of Fact/Conclusions of Law by Environment Texas Citizen Lobby, Inc., Sierra Club, filed.(Hilder, Philip) (Entered: 10/07/2014) |
| 10/07/2014 | 223 | CERTIFICATE OF SERVICE of 222 Proposed Findings of Fact/Conclusions of |

| | | |
|---|---|---|
| | | Law by Environment Texas Citizen Lobby, Inc., Sierra Club, filed.(Hilder, Philip) (Entered: 10/07/2014) |
| 10/07/2014 | [224](#) | Proposed Findings of Fact/Conclusions of Law by ExxonMobil Chemical Company, ExxonMobil Corporation, ExxonMobil Refining and Supply Company, filed. (Attachments: # [1](#) Exhibit ExxonMobil Defs' Proposed FFCL)(Coffey, William) (Entered: 10/07/2014) |
| 12/17/2014 | [225](#) | FINDINGS OF FACT AND CONCLUSIONS OF LAW(Signed by Judge David Hittner) (Attachments: # [1](#) Continuation, # [2](#) Continuation) Parties notified.(ealexander, 4) (Entered: 12/17/2014) |
| 12/17/2014 | [226](#) | FINAL JUDGMENT. Case terminated on December 17, 2014(Signed by Judge David Hittner) Parties notified.(ealexander, 4) (Entered: 12/17/2014) |
| 12/31/2014 | [227](#) | BILL OF COSTS in total amount $80,658.48 by ExxonMobil Chemical Company, ExxonMobil Corporation, ExxonMobil Refining and Supply Company, filed.(Rice, Bryon) (Entered: 12/31/2014) |
| 01/07/2015 | [228](#) | Amended BILL OF COSTS in total amount $51,882.96 by ExxonMobil Chemical Company, ExxonMobil Corporation, ExxonMobil Refining and Supply Company, filed.(Rice, Bryon) (Entered: 01/07/2015) |
| 01/16/2015 | [229](#) | NOTICE OF APPEAL to US Court of Appeals for the Fifth Circuit re: [226](#) Final Judgment, [225](#) Findings of Fact & Conclusions of Law by Environment Texas Citizen Lobby, Inc., Sierra Club (Filing fee $ 505, receipt number 0541-14306388), filed.(Hilder, Philip) (Entered: 01/16/2015) |
| 01/20/2015 | [230](#) | Clerks Notice of Filing of an Appeal. The following Notice of Appeal and related motions are pending in the District Court: [229](#) Notice of Appeal. Fee status: Paid. Reporter(s): ERO; Court Reporter: M. Malone, G. Dye, P. Antone, filed. (avleal, 1) (Additional attachment(s) added on 1/20/2015: # [1](#) Notice of Appeal, # [2](#) Final Judgment, # [3](#) Public Docket Sheet) (avleal, 1). (Entered: 01/20/2015) |
| 01/20/2015 | | Appeal Review Notes re: [229](#) Notice of Appeal. Fee status: Paid. The appeal filing fee has been paid or an ifp motion has been granted.Hearings were held in the case. DKT13 transcript order form(s) due within 14 days of the filing of the notice of appeal.Hearings were held in the case - transcripts were produced. Number of DKT-13 Forms expected: 4, filed.(avleal, 1) (Entered: 01/20/2015) |
| 01/23/2015 | | Costs Taxed in the amount of $ 51,882.96 re: [228](#) Bill of Costs, filed. (dhansen, 4) (Entered: 01/23/2015) |
| 01/26/2015 | [231](#) | DKT-13 TRANSCRIPT ORDER FORM *Transcript Order* by Environment Texas Citizen Lobby, Inc., Sierra Club, filed. Transcript is already on file in Clerk's office. (Hilder, Philip) Modified on 1/26/2015 (dnoriega, 1). (Entered: 01/26/2015) |
| 01/26/2015 | [232](#) | *Certificate of Service* by Environment Texas Citizen Lobby, Inc., Sierra Club, filed.(Hilder, Philip) (Entered: 01/26/2015) |
| 01/26/2015 | | (Court only) Set/Cleared Flags. Appeal_Nat flag cleared. (dnoriega, 1) (Entered: 01/26/2015) |
| 02/02/2015 | | Notice of Assignment of USCA No. 15-20030 re: [229](#) Notice of Appeal, filed.(avleal, 1) (Entered: 02/02/2015) |
| 02/18/2015 | | |

| | | |
|---|---|---|
| | | (Court only) ***(PRIVATE ENTRY) Electronic Record on Appeal Requested from District Ccourt for 4:10-CV-4969. Electronic ROA due on 03/05/2015, filed. (mperez, 1) (Entered: 02/18/2015) |
| 03/06/2015 | | Electronic record on appeal certified to the Fifth Circuit Court of Appeals re: 229 Notice of Appeal, USCA No. 15-20030, filed.(mperez, 1) (Entered: 03/06/2015) |
| 03/09/2015 | 233 | REQUEST for Electronic Copy of Certified Record on Appeal re: 229 Notice of Appeal, by ExxonMobil Chemical Company, ExxonMobil Corporation, ExxonMobil Refining and Supply Company, filed.(Post, Russell) (Entered: 03/09/2015) |
| 03/10/2015 | 234 | Transmittal Letter on Appeal re: 229 Notice of Appeal,. The electronic record on CD (Vol. 1 & 2) is being sent to counsel for appellant, counsel for appellee via regular mail. (USCA No. 15-20030), filed. (mperez, 1) (Entered: 03/10/2015) |
| 03/11/2015 | 235 | DEFENDANT'S TRIAL EXHIBITS by ExxonMobil Chemical Company, filed. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit)(hler, 4) (Additional attachment(s) added on 3/11/2015: # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit, # 15 Exhibit, # 16 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 17 Exhibit, # 18 Exhibit, # 19 Exhibit, # 20 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 21 Exhibit, # 22 Exhibit, # 23 Exhibit, # 24 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 25 Exhibit, # 26 Exhibit, # 27 Exhibit, # 28 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 29 Exhibit, # 30 Exhibit, # 31 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 32 Exhibit, # 33 Exhibit, # 34 Exhibit, # 35 Exhibit, # 36 Exhibit, # 37 Exhibit, # 38 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 39 Exhibit, # 40 Exhibit, # 41 Exhibit, # 42 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 43 Exhibit, # 44 Exhibit, # 45 Exhibit, # 46 Exhibit, # 47 Exhibit, # 48 Exhibit, # 49 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 50 Exhibit, # 51 Exhibit, # 52 Exhibit, # 53 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 54 Exhibit, # 55 Exhibit, # 56 Exhibit, # 57 Exhibit, # 58 Exhibit, # 59 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 60 Exhibit, # 61 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 62 Exhibit, # 64 Exhibit, # 65 Exhibit, # 66 Exhibit, # 67 Exhibit, # 68 Exhibit, # 69 Exhibit, # 70 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 71 Exhibit, # 72 Exhibit, # 73 Exhibit, # 74 Exhibit, # 75 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 76 Exhibit, # 77 Exhibit, # 78 Exhibit, # 79 Exhibit, # 80 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 81 Exhibit, # 82 Exhibit, # 83 Exhibit, # 84 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 85 Exhibit, # 86 Exhibit, # 87 Exhibit, # 88 Exhibit, # 89 Exhibit, # 90 Exhibit, # 91 Exhibit, # 92 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 93 Exhibit, # 94 Exhibit, # 95 Exhibit, # 96 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 97 Exhibit, # 98 Exhibit, # 99 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 100 Exhibit, # 101 Exhibit, # 102 Exhibit, # 103 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 104 Exhibit, # 105 Exhibit, # 106 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 107 Exhibit, # 108 Exhibit, # 109 Exhibit, # 110 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 111 Exhibit, # 112 Exhibit, # 113 Exhibit, # 114 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 115 Exhibit, # 116 |

Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 117 Exhibit, # 118 Exhibit, # 119 Exhibit, # 120 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 121 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 122 Exhibit, # 123 Exhibit, # 124 Exhibit, # 125 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 126 Exhibit, # 127 Exhibit, # 128 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 129 Exhibit, # 130 Exhibit, # 131 Exhibit, # 132 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 133 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 134 Exhibit, # 135 Exhibit, # 136 Exhibit, # 137 Exhibit, # 138 Exhibit, # 139 Exhibit, # 140 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 141 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 142 Exhibit, # 143 Exhibit, # 144 Exhibit, # 145 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 146 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 147 Exhibit, # 148 Exhibit, # 149 Exhibit, # 150 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 151 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 152 Exhibit, # 153 Exhibit, # 154 Exhibit, # 155 Exhibit, # 156 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 157 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 158 Exhibit, # 159 Exhibit, # 160 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 161 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 162 Exhibit, # 163 Exhibit, # 164 Exhibit, # 166 Exhibit, # 167 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 168 Exhibit, # 169 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 170 Exhibit, # 171 Exhibit, # 172 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 173 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 174 Exhibit, # 175 Exhibit, # 176 Exhibit, # 177 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 178 Exhibit, # 179 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 180 Exhibit, # 181 Exhibit, # 182 Exhibit, # 183 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 184 Exhibit, # 185 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 186 Exhibit, # 187 Exhibit, # 188 Exhibit, # 189 Exhibit, # 190 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 191 Exhibit, # 192 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 193 Exhibit, # 194 Exhibit, # 195 Exhibit, # 196 Exhibit) (hler, 4). Modified on 3/11/2015 (hler, 4). (Additional attachment(s) added on 3/11/2015: # 197 Exhibit, # 198 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 199 Exhibit, # 200 Exhibit, # 201 Exhibit, # 202 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 203 Exhibit, # 204 Exhibit, # 205 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 206 Exhibit, # 207 Exhibit, # 208 Exhibit, # 209 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 210 Exhibit, # 211 Exhibit, # 212 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 213 Exhibit, # 214 Exhibit, # 215 Exhibit, # 216 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 217 Exhibit, # 218 Exhibit, # 219 Exhibit, # 220 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 221 Exhibit, # 222 Exhibit, # 223 Exhibit, # 224 Exhibit, # 225 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 226 Exhibit, # 227 Exhibit, # 228 Exhibit, # 229 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 230 Exhibit, # 231 Exhibit, # 232 Exhibit, # 233 Exhibit, # 234 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 235 Exhibit, # 236 Exhibit, # 237 Exhibit, # 238 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 239 Exhibit, # 240 Exhibit, # 241 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 242 Exhibit, # 243 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 244

Exhibit, # 245 Exhibit, # 246 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 247 Exhibit, # 248 Exhibit, # 249 Exhibit, # 250 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 251 Exhibit, # 252 Exhibit, # 253 Exhibit, # 254 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 255 Exhibit, # 256 Exhibit, # 257 Exhibit, # 258 Exhibit, # 259 Exhibit, # 260 Exhibit, # 261 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 262 Exhibit, # 263 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 264 Exhibit, # 265 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 266 Exhibit, # 267 Exhibit, # 268 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 269 Exhibit, # 270 Exhibit, # 271 Exhibit, # 272 Exhibit, # 273 Exhibit, # 274 Exhibit, # 275 Exhibit, # 276 Exhibit, # 277 Exhibit, # 278 Exhibit, # 279 (p.73901) Exhibit, # 280 (p.73902) Exhibit, # 281 (p.74594) Exhibit, # 282 (p.74596) Exhibit, # 283 (p.74598) Exhibit, # 284 (p.74605) Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 285 (p.74607) Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 286 (p.74685) Exhibit, # 287 (p.74687) Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 288 (p.74760) Exhibit, # 289 (p.74761) Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 290 (p.74829) Exhibit, # 291 (p.74830) Exhibit, # 292 (p.74895) Exhibit, # 293 (p.74898) Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 294 (p.74930) Exhibit, # 295 (p.74933) Exhibit, # 296 (p.74938) Exhibit, # 297 (p.74939) Exhibit, # 298 (p.75320) Exhibit, # 299 (p.75407) Exhibit, # 300 (p.75409) Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 301 (p.75416) Exhibit, # 302 (p.75425) Exhibit, # 303 (p.75480) Exhibit, # 304 (p.75482) Exhibit, # 305 (p.75490) Exhibit, # 306 (p.75491) Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 307 (p.75499) Exhibit, # 308 (p.75504) Exhibit, # 309 (p.75505) Exhibit, # 310 (p.75508) Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 311 (p.75512) Exhibit, # 312 Exhibit, # 313 Exhibit, # 314 Exhibit, # 315 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 316 Exhibit, # 317 Exhibit, # 318 Exhibit, # 319 Exhibit, # 320 Exhibit, # 321 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 322 Exhibit, # 323 Exhibit, # 324 Exhibit, # 325 Exhibit, # 326 Exhibit, # 327 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 328 Exhibit, # 329 Exhibit, # 330 Exhibit, # 331 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 332 Exhibit, # 333 Exhibit, # 334 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 335 Exhibit, # 336 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 337 Exhibit, # 338 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 339 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 340 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 341 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 342 Exhibit, # 343 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 344 Exhibit, # 345 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 346 Exhibit, # 347 Exhibit, # 348 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 349 Exhibit, # 350 Exhibit, # 351 Exhibit, # 352 Exhibit, # 353 Exhibit, # 354 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 355 Exhibit, # 356 Exhibit, # 357 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 358 Exhibit, # 359 Exhibit, # 360 Exhibit) (hler, 4). (Additional attachment(s) added on 3/11/2015: # 361 Exhibit, # 362 Exhibit, # 363 Exhibit) (hler, 4). (Additional attachment(s) added on 3/12/2015: # 364 Exhibit, # 365 Exhibit, # 366 Exhibit, # 367 Exhibit) (hler, 4). (Additional attachment(s) added on 3/12/2015: # 368 Exhibit) (hler, 4). (Additional attachment(s) added on 3/12/2015: # 369 Exhibit) (hler, 4). (Additional attachment(s) added on 3/12/2015: # 370 Exhibit, #

371 Exhibit) (hler, 4). (Additional attachment(s) added on 3/12/2015: # 372 Exhibit) (hler, 4). (Additional attachment(s) added on 3/12/2015: # 373 Exhibit, # 374 Exhibit) (hler, 4). (Additional attachment(s) added on 3/12/2015: # 375 Exhibit) (hler, 4). (Additional attachment(s) added on 3/13/2015: # 376 Exhibit, # 377 Exhibit) (hler, 4). (Additional attachment(s) added on 3/13/2015: # 378 Exhibit) (hler, 4). (Additional attachment(s) added on 3/13/2015: # 379 Exhibit) (hler, 4). (Additional attachment(s) added on 3/13/2015: # 380 Exhibit, # 381 Exhibit) (hler, 4). (Additional attachment(s) added on 3/13/2015: # 382 Exhibit, # 383 Exhibit) (hler, 4). (Additional attachment(s) added on 3/13/2015: # 384 Exhibit, # 385 Exhibit) (hler, 4). (Additional attachment(s) added on 3/13/2015: # 386 Exhibit, # 387 Exhibit) (hler, 4). (Additional attachment(s) added on 3/13/2015: # 388 Exhibit, # 389 Exhibit, # 390 Exhibit) (hler, 4). (Additional attachment(s) added on 3/13/2015: # 391 Exhibit, # 392 Exhibit, # 393 Exhibit) (hler, 4). (Additional attachment(s) added on 3/13/2015: # 394 Exhibit, # 395 Exhibit) (hler, 4). (Additional attachment(s) added on 3/13/2015: # 396 Exhibit, # 397 Exhibit, # 398 Exhibit) (hler, 4). (Additional attachment(s) added on 3/13/2015: # 399 Exhibit, # 400 Exhibit, # 401 Exhibit) (hler, 4). (Additional attachment(s) added on 3/13/2015: # 402 Exhibit, # 403 Exhibit, # 404 Exhibit, # 405 Exhibit, # 406 Exhibit, # 407 Exhibit) (hler, 4). (Additional attachment(s) added on 3/13/2015: # 408 Exhibit, # 409 Exhibit, # 410 Exhibit, # 411 Exhibit, # 412 Exhibit) (hler, 4). (Additional attachment(s) added on 3/13/2015: # 413 Exhibit, # 414 Exhibit, # 415 Exhibit, # 416 Exhibit, # 417 Exhibit) (hler, 4). (Additional attachment(s) added on 3/13/2015: # 418 Exhibit, # 419 Exhibit, # 420 Exhibit, # 421 Exhibit, # 422 Exhibit, # 423 Exhibit) (hler, 4). (Additional attachment(s) added on 3/13/2015: # 424 Exhibit, # 425 Exhibit, # 426 Exhibit, # 427 Exhibit, # 428 Exhibit) (hler, 4). (Additional attachment(s) added on 3/13/2015: # 429 Exhibit, # 430 Exhibit, # 431 Exhibit, # 432 Exhibit, # 433 Exhibit, # 434 Exhibit, # 435 Exhibit) (hler, 4). (Additional attachment(s) added on 3/13/2015: # 436 Exhibit, # 437 Exhibit, # 438 Exhibit, # 439 Exhibit, # 440 Exhibit, # 441 Exhibit, # 442 Exhibit) (hler, 4). (Additional attachment(s) added on 3/13/2015: # 443 Exhibit, # 444 Exhibit, # 445 Exhibit, # 446 Exhibit, # 447 Exhibit, # 448 Exhibit) (hler, 4). (Additional attachment(s) added on 3/13/2015: # 449 Exhibit, # 450 Exhibit) (hler, 4). (Additional attachment(s) added on 3/13/2015: # 451 Exhibit, # 452 Exhibit, # 453 Exhibit, # 454 Exhibit, # 455 Exhibit) (hler, 4). (Additional attachment(s) added on 3/13/2015: # 456 Exhibit, # 457 Exhibit, # 458 Exhibit, # 459 Exhibit) (hler, 4). (Additional attachment(s) added on 3/13/2015: # 460 Exhibit, # 461 Exhibit) (hler, 4). (Additional attachment(s) added on 3/13/2015: # 462 Exhibit) (hler, 4). (Additional attachment(s) added on 3/13/2015: # 463 Exhibit, # 464 Exhibit, # 465 Exhibit, # 466 Exhibit, # 467 Exhibit, # 468 Exhibit) (hler, 4). (Additional attachment(s) added on 3/13/2015: # 469 Exhibit, # 470 Exhibit, # 471 Exhibit, # 472 Exhibit) (hler, 4). (Additional attachment(s) added on 3/13/2015: # 473 Exhibit, # 474 Exhibit, # 475 Exhibit, # 476 Exhibit) (hler, 4). (Additional attachment(s) added on 3/13/2015: # 477 Exhibit, # 478 Exhibit, # 479 Exhibit, # 480 Exhibit, # 481 Exhibit, # 482 Exhibit) (hler, 4). (Additional attachment(s) added on 3/13/2015: # 483 Exhibit, # 484 Exhibit, # 485 Exhibit) (hler, 4). (Additional attachment(s) added on 3/13/2015: # 486 Exhibit, # 487 Exhibit) (hler, 4). (Additional attachment(s) added on 3/13/2015: # 488 Exhibit, # 489 Exhibit, # 490 Exhibit, # 491 Exhibit) (hler, 4). (Additional attachment(s) added on 3/13/2015: # 492 Exhibit, # 493 Exhibit, # 494 Exhibit) (hler, 4). (Additional attachment(s) added on 3/13/2015: # 495 Exhibit, # 496 Exhibit) (hler, 4). (Additional attachment(s) added on 3/13/2015: # 497 Exhibit, # 498 Exhibit, # 499 Exhibit, # 500 Exhibit, # 501 Exhibit) (hler, 4). (Additional attachment(s) added on 3/13/2015: # 502 Exhibit, #

503 Exhibit, # 504 Exhibit, # 505 Exhibit, # 506 Exhibit) (hler, 4). (Additional
attachment(s) added on 3/13/2015: # 507 Exhibit, # 508 Exhibit, # 509 Exhibit, #
510 Exhibit) (hler, 4). (Additional attachment(s) added on 3/13/2015: # 511
Exhibit, # 512 Exhibit, # 513 Exhibit) (hler, 4). (Additional attachment(s) added on
3/13/2015: # 514 Exhibit, # 515 Exhibit, # 516 Exhibit, # 517 Exhibit, # 518
Exhibit, # 519 Exhibit, # 520 Exhibit) (hler, 4). (Additional attachment(s) added on
3/13/2015: # 521 Exhibit, # 522 Exhibit, # 523 Exhibit, # 524 Exhibit, # 525
Exhibit, # 526 Exhibit, # 527 Exhibit) (hler, 4). (Additional attachment(s) added on
3/16/2015: # 528 Exhibit, # 530 Exhibit, # 531 Exhibit, # 532 Exhibit, # 533
Exhibit) (hler, 4). (Additional attachment(s) added on 3/16/2015: # 534 Exhibit, #
535 Exhibit, # 536 Exhibit, # 537 Exhibit) (hler, 4). (Additional attachment(s)
added on 3/16/2015: # 538 Exhibit, # 539 Exhibit, # 540 Exhibit) (hler, 4).
(Additional attachment(s) added on 3/16/2015: # 541 Exhibit, # 542 Exhibit, # 543
Exhibit, # 544 Exhibit) (hler, 4). (Additional attachment(s) added on 3/16/2015: #
545 Exhibit, # 546 Exhibit, # 547 Exhibit) (hler, 4). (Additional attachment(s)
added on 3/16/2015: # 548 Exhibit, # 549 Exhibit, # 550 Exhibit, # 551 Exhibit, #
552 Exhibit, # 553 Exhibit) (hler, 4). (Additional attachment(s) added on
3/16/2015: # 554 Exhibit, # 555 Exhibit, # 556 Exhibit, # 557 Exhibit) (hler, 4).
(Additional attachment(s) added on 3/16/2015: # 558 Exhibit, # 559 Exhibit, # 560
Exhibit, # 561 Exhibit) (hler, 4). (Additional attachment(s) added on 3/16/2015: #
562 Exhibit, # 563 Exhibit, # 564 Exhibit, # 565 Exhibit, # 566 Exhibit) (hler, 4).
Modified on 3/17/2015 (hler, 4. Unable to attach the following DX026J.104416
pdf are shortcuts , (Additional attachment(s) added on 3/17/2015: # 567 Exhibit, #
568 Exhibit, # 569 Exhibit, # 570 Exhibit, # 571 Exhibit, # 572 Exhibit, # 573
Exhibit) (hler, 4). (Additional attachment(s) added on 3/17/2015: # 574 Exhibit, #
575 Exhibit, # 576 Exhibit, # 577 Exhibit, # 578 Exhibit) (hler, 4). (Additional
attachment(s) added on 3/17/2015: # 579 Exhibit, # 580 Exhibit, # 581 Exhibit, #
582 Exhibit, # 583 Exhibit) (hler, 4). (Additional attachment(s) added on
3/17/2015: # 584 Exhibit, # 585 Exhibit) (hler, 4). (Additional attachment(s) added
on 3/17/2015: # 586 Exhibit, # 587 Exhibit, # 588 Exhibit, # 589 Exhibit) (hler, 4).
(Additional attachment(s) added on 3/17/2015: # 590 Exhibit, # 591 Exhibit, # 592
Exhibit, # 593 Exhibit, # 594 Exhibit, # 595 Exhibit) (hler, 4). (Additional
attachment(s) added on 3/17/2015: # 596 Exhibit, # 597 Exhibit, # 598 Exhibit, #
599 Exhibit, # 600 Exhibit, # 601 Exhibit) (hler, 4). (Additional attachment(s)
added on 3/17/2015: # 602 Exhibit, # 603 Exhibit) (hler, 4). (Additional
attachment(s) added on 3/17/2015: # 604 Exhibit, # 605 Exhibit, # 606 Exhibit, #
607 Exhibit, # 608 Exhibit) (hler, 4). (Additional attachment(s) added on
3/17/2015: # 609 Exhibit, # 610 Exhibit, # 611 Exhibit) (hler, 4). (Additional
attachment(s) added on 3/17/2015: # 612 Exhibit, # 613 Exhibit, # 614 Exhibit, #
615 Exhibit, # 616 Exhibit, # 617 Exhibit, # 618 Exhibit, # 619 Exhibit) (hler, 4).
(Additional attachment(s) added on 3/17/2015: # 620 Exhibit, # 621 Exhibit, # 622
Exhibit, # 623 Exhibit, # 624 Exhibit, # 625 Exhibit, # 626 Exhibit) (hler, 4).
(Additional attachment(s) added on 3/17/2015: # 627 Exhibit, # 628 Exhibit, # 629
Exhibit, # 630 Exhibit, # 631 Exhibit) (hler, 4). (Additional attachment(s) added on
3/17/2015: # 632 Exhibit, # 633 Exhibit, # 634 Exhibit, # 635 Exhibit) (hler, 4).
(Additional attachment(s) added on 3/17/2015: # 636 Exhibit, # 637 Exhibit, # 638
Exhibit, # 639 Exhibit) (hler, 4). (Additional attachment(s) added on 3/17/2015: #
640 Exhibit) (hler, 4). (Additional attachment(s) added on 3/17/2015: # 641
Exhibit, # 645 Exhibit, # 646 Exhibit, # 647 Exhibit, # 648 Exhibit, # 649 Exhibit)
(hler, 4). (Additional attachment(s) added on 3/17/2015: # 650 Exhibit, # 651
Exhibit, # 652 Exhibit, # 653 Exhibit) (hler, 4). (Additional attachment(s) added on
3/17/2015: # 654 Exhibit, # 655 Exhibit, # 656 Exhibit, # 657 Exhibit, # 658
Exhibit) (hler, 4). (Additional attachment(s) added on 3/17/2015: # 659 Exhibit, #

660 Exhibit, # 661 Exhibit) (hler, 4). (Additional attachment(s) added on
3/17/2015: # 662 Exhibit, # 663 Exhibit) (hler, 4). (Additional attachment(s) added
on 3/17/2015: # 664 Exhibit, # 665 Exhibit) (hler, 4). (Additional attachment(s)
added on 3/17/2015: # 666 Exhibit, # 667 Exhibit) (hler, 4). (Additional
attachment(s) added on 3/17/2015: # 668 Exhibit, # 669 Exhibit, # 670 Exhibit, #
671 Exhibit, # 672 Exhibit) (hler, 4). (Additional attachment(s) added on
3/17/2015: # 673 Exhibit, # 674 Exhibit, # 675 Exhibit) (hler, 4). (Additional
attachment(s) added on 3/17/2015: # 676 Exhibit, # 677 Exhibit) (hler, 4).
(Additional attachment(s) added on 3/17/2015: # 678 Exhibit) (hler, 4). (Additional
attachment(s) added on 3/17/2015: # 679 Exhibit, # 680 Exhibit) (hler, 4).
(Additional attachment(s) added on 3/17/2015: # 681 Exhibit, # 682 Exhibit) (hler,
4). (Additional attachment(s) added on 3/17/2015: # 683 Exhibit) (hler, 4).
(Additional attachment(s) added on 3/17/2015: # 684 Exhibit) (hler, 4). (Additional
attachment(s) added on 3/17/2015: # 685 Exhibit) (hler, 4). (Additional
attachment(s) added on 3/17/2015: # 686 Exhibit, # 687 Exhibit, # 688 Exhibit, #
689 Exhibit) (hler, 4). (Additional attachment(s) added on 3/17/2015: # 690
Exhibit, # 691 Exhibit, # 692 Exhibit, # 693 Exhibit) (hler, 4). (Additional
attachment(s) added on 3/17/2015: # 694 Exhibit, # 695 Exhibit) (hler, 4).
(Additional attachment(s) added on 3/18/2015: # 696 Exhibit, # 697 Exhibit, # 698
Exhibit, # 699 Exhibit) (hler, 4). (Additional attachment(s) added on 3/18/2015: #
700 Exhibit, # 701 Exhibit, # 702 Exhibit) (hler, 4). (Additional attachment(s)
added on 3/18/2015: # 703 Exhibit, # 704 Exhibit, # 705 Exhibit) (hler, 4).
(Additional attachment(s) added on 3/18/2015: # 706 Exhibit, # 707 Exhibit, # 708
Exhibit) (hler, 4). (Additional attachment(s) added on 3/19/2015: # 709 Exhibit)
(hler, 4). (Additional attachment(s) added on 3/19/2015: # 710 Exhibit, # 711
Exhibit) (hler, 4). (Additional attachment(s) added on 3/19/2015: # 712 Exhibit, #
713 Exhibit, # 714 Exhibit) (hler, 4). (Additional attachment(s) added on
3/19/2015: # 715 Exhibit, # 716 Exhibit, # 717 Exhibit, # 718 Exhibit, # 719
Exhibit) (hler, 4). (Additional attachment(s) added on 3/19/2015: # 720 Exhibit, #
721 Exhibit, # 722 Exhibit, # 723 Exhibit, # 724 Exhibit) (hler, 4). (Additional
attachment(s) added on 3/19/2015: # 725 Exhibit) (hler, 4). (Additional
attachment(s) added on 3/19/2015: # 726 Exhibit) (hler, 4). (Additional
attachment(s) added on 3/19/2015: # 727 Exhibit, # 728 Exhibit, # 729 Exhibit, #
731 Exhibit, # 732 Exhibit) (hler, 4). (Additional attachment(s) added on
3/19/2015: # 733 Exhibit, # 734 Exhibit, # 735 Exhibit, # 736 Exhibit, # 737
Exhibit) (hler, 4). (Additional attachment(s) added on 3/19/2015: # 738 Exhibit, #
739 Exhibit, # 740 Exhibit, # 741 Exhibit, # 742 Exhibit) (hler, 4). (Additional
attachment(s) added on 3/19/2015: # 743 Exhibit) (hler, 4). (Additional
attachment(s) added on 3/19/2015: # 744 Exhibit) (hler, 4). (Additional
attachment(s) added on 3/19/2015: # 745 Exhibit) (hler, 4). (Additional
attachment(s) added on 3/19/2015: # 746 Exhibit) (hler, 4). (Additional
attachment(s) added on 3/19/2015: # 747 Exhibit) (hler, 4). (Additional
attachment(s) added on 3/19/2015: # 748 Exhibit) (hler, 4). (Additional
attachment(s) added on 3/19/2015: # 749 Exhibit, # 750 Exhibit) (hler, 4).
(Additional attachment(s) added on 3/19/2015: # 751 Exhibit) (hler, 4). (Additional
attachment(s) added on 3/19/2015: # 752 Exhibit) (hler, 4). (Additional
attachment(s) added on 3/19/2015: # 753 Exhibit) (hler, 4). (Additional
attachment(s) added on 3/19/2015: # 754 Exhibit, # 755 Exhibit, # 756 Exhibit, #
757 Exhibit) (hler, 4). (Additional attachment(s) added on 3/19/2015: # 758
Exhibit, # 759 Exhibit) (hler, 4). (Additional attachment(s) added on 3/19/2015: #
760 Exhibit) (hler, 4). (Additional attachment(s) added on 3/19/2015: # 761
Exhibit) (hler, 4). (Additional attachment(s) added on 3/19/2015: # 762 Exhibit, #
763 Exhibit, # 764 Exhibit, # 765 Exhibit) (hler, 4). (Additional attachment(s)

added on 3/19/2015: # <u>766</u> Exhibit, # <u>767</u> Exhibit, # <u>768</u> Exhibit, # <u>769</u> Exhibit) (hler, 4). (Additional attachment(s) added on 3/19/2015: # <u>770</u> Exhibit, # <u>771</u> Exhibit) (hler, 4). (Additional attachment(s) added on 3/19/2015: # <u>772</u> Exhibit, # <u>773</u> Exhibit, # <u>774</u> Exhibit, # <u>775</u> Exhibit) (hler, 4). (Additional attachment(s) added on 3/19/2015: # <u>776</u> Exhibit, # <u>777</u> Exhibit, # <u>778</u> Exhibit, # <u>779</u> Exhibit) (hler, 4). (Additional attachment(s) added on 3/19/2015: # <u>780</u> Exhibit, # <u>781</u> Exhibit, # <u>782</u> Exhibit, # <u>783</u> Exhibit, # <u>784</u> Exhibit, # <u>785</u> Exhibit) (hler, 4). (Additional attachment(s) added on 3/19/2015: # <u>786</u> Exhibit, # <u>787</u> Exhibit, # <u>788</u> Exhibit, # <u>789</u> Exhibit, # <u>790</u> Exhibit) (hler, 4). (Additional attachment(s) added on 3/19/2015: # <u>791</u> Exhibit, # <u>792</u> Exhibit, # <u>793</u> Exhibit, # <u>794</u> Exhibit) (hler, 4). (Additional attachment(s) added on 3/19/2015: # <u>795</u> Exhibit, # <u>796</u> Exhibit, # <u>797</u> Exhibit, # <u>798</u> Exhibit) (hler, 4). (Additional attachment(s) added on 3/19/2015: # <u>801</u> Exhibit, # <u>802</u> Exhibit, # <u>803</u> Exhibit, # <u>804</u> Exhibit) (hler, 4). (Additional attachment(s) added on 3/19/2015: # <u>805</u> Exhibit, # <u>806</u> Exhibit, # <u>807</u> Exhibit, # <u>808</u> Exhibit) (hler, 4). (Additional attachment(s) added on 3/19/2015: # <u>809</u> Exhibit, # <u>810</u> Exhibit, # <u>811</u> Exhibit, # <u>812</u> Exhibit, # <u>813</u> Exhibit) (hler, 4). (Additional attachment(s) added on 3/19/2015: # <u>814</u> Exhibit, # <u>815</u> Exhibit, # <u>816</u> Exhibit, # <u>817</u> Exhibit, # <u>818</u> Exhibit) (hler, 4). (Additional attachment(s) added on 3/19/2015: # <u>819</u> Exhibit, # <u>820</u> Exhibit, # <u>821</u> Exhibit, # <u>822</u> Exhibit, # <u>823</u> Exhibit) (hler, 4). (Additional attachment(s) added on 3/20/2015: # <u>824</u> Exhibit) (hler, 4). (Additional attachment(s) added on 3/20/2015: # <u>825</u> Exhibit, # <u>826</u> Exhibit, # <u>827</u> Exhibit, # <u>828</u> Exhibit, # <u>829</u> Exhibit) (hler, 4). (Additional attachment(s) added on 3/20/2015: # <u>830</u> Exhibit, # <u>831</u> Exhibit, # <u>832</u> Exhibit, # <u>833</u> Exhibit, # <u>834</u> Exhibit) (hler, 4). (Additional attachment(s) added on 3/20/2015: # <u>835</u> Exhibit, # <u>836</u> Exhibit, # <u>837</u> Exhibit, # <u>838</u> Exhibit, # <u>839</u> Exhibit, # <u>840</u> Exhibit) (hler, 4). (Additional attachment(s) added on 3/20/2015: # <u>841</u> Exhibit, # <u>842</u> Exhibit, # <u>843</u> Exhibit, # <u>844</u> Exhibit, # <u>845</u> Exhibit, # <u>846</u> Exhibit, # <u>847</u> Exhibit) (hler, 4). (Additional attachment(s) added on 3/20/2015: # <u>848</u> Exhibit, # <u>849</u> Exhibit) (hler, 4). (Additional attachment(s) added on 3/20/2015: # <u>850</u> Exhibit, # <u>851</u> Exhibit, # <u>852</u> Exhibit, # <u>853</u> Exhibit, # <u>854</u> Exhibit) (hler, 4). (Additional attachment(s) added on 3/20/2015: # <u>855</u> Exhibit, # <u>856</u> Exhibit, # <u>857</u> Exhibit) (hler, 4). (Additional attachment(s) added on 3/20/2015: # <u>858</u> Exhibit, # <u>859</u> Exhibit, # <u>860</u> Exhibit, # <u>861</u> Exhibit) (hler, 4). (Additional attachment(s) added on 3/20/2015: # <u>862</u> Exhibit, # <u>863</u> Exhibit, # <u>864</u> Exhibit) (hler, 4). (Additional attachment(s) added on 3/20/2015: # <u>865</u> Exhibit, # <u>866</u> Exhibit, # <u>867</u> Exhibit, # <u>868</u> Exhibit, # <u>869</u> Exhibit) (hler, 4). Modified on 3/20/2015 (hler, 4). (Additional attachment(s) added on 3/20/2015: # <u>870</u> Exhibit, # <u>871</u> Exhibit, # <u>872</u> Exhibit, # <u>873</u> Exhibit) (hler, 4). (Additional attachment(s) added on 3/20/2015: # <u>874</u> Exhibit, # <u>875</u> Exhibit) (hler, 4). (Additional attachment(s) added on 3/20/2015: # <u>876</u> Exhibit, # <u>877</u> Exhibit) (hler, 4). (Additional attachment(s) added on 3/20/2015: # <u>878</u> Exhibit, # <u>879</u> Exhibit, # <u>880</u> Exhibit, # <u>881</u> Exhibit, # <u>882</u> Exhibit) (hler, 4). (Additional attachment(s) added on 3/20/2015: # <u>883</u> Exhibit, # <u>884</u> Exhibit, # <u>885</u> Exhibit, # <u>886</u> Exhibit) (hler, 4). (Additional attachment(s) added on 3/20/2015: # <u>887</u> Exhibit, # <u>888</u> Exhibit, # <u>889</u> Exhibit, # <u>890</u> Exhibit, # <u>891</u> Exhibit) (hler, 4). (Additional attachment(s) added on 3/20/2015: # <u>892</u> Exhibit, # <u>893</u> Exhibit, # <u>894</u> Exhibit, # <u>895</u> Exhibit) (hler, 4). (Additional attachment(s) added on 3/23/2015: # <u>896</u> Exhibit, # <u>897</u> Exhibit, # <u>898</u> Exhibit, # <u>899</u> Exhibit, # <u>900</u> Exhibit) (hler, 4). (Additional attachment(s) added on 3/23/2015: # <u>901</u> Exhibit, # <u>902</u> Exhibit, # <u>903</u> Exhibit, # <u>904</u> Exhibit, # <u>905</u> Exhibit) (hler, 4). (Additional attachment(s) added on 3/23/2015: # <u>906</u> Exhibit, # <u>907</u> Exhibit, # <u>908</u> Exhibit, # <u>909</u> Exhibit) (hler, 4). (Additional attachment(s) added on 3/23/2015: # <u>910</u> Exhibit, # <u>911</u> Exhibit, # <u>912</u> Exhibit, # <u>913</u> Exhibit) (hler, 4). (Additional attachment(s) added on 3/23/2015: # <u>914</u> Exhibit, # <u>915</u>

Exhibit) (hler, 4). (Additional attachment(s) added on 3/23/2015: # 916 Exhibit, # 917 Exhibit, # 918 Exhibit) (hler, 4). (Additional attachment(s) added on 3/23/2015: # 919 Exhibit, # 920 Exhibit, # 921 Exhibit, # 922 Exhibit, # 923 Exhibit, # 924 Exhibit) (hler, 4). (Additional attachment(s) added on 3/23/2015: # 925 Exhibit, # 926 Exhibit, # 927 Exhibit, # 928 Exhibit, # 929 Exhibit) (hler, 4). (Additional attachment(s) added on 3/23/2015: # 930 Exhibit, # 931 Exhibit, # 932 Exhibit) (hler, 4). (Additional attachment(s) added on 3/23/2015: # 933 Exhibit, # 934 Exhibit, # 935 Exhibit) (hler, 4). (Additional attachment(s) added on 3/23/2015: # 936 Exhibit) (hler, 4). (Additional attachment(s) added on 3/23/2015: # 937 Exhibit, # 938 Exhibit, # 939 Exhibit, # 940 Exhibit, # 941 Exhibit) (hler, 4). (Additional attachment(s) added on 3/23/2015: # 942 Exhibit, # 943 Exhibit) (hler, 4). (Additional attachment(s) added on 3/23/2015: # 944 Exhibit) (hler, 4). (Additional attachment(s) added on 3/23/2015: # 945 Exhibit, # 946 Exhibit) (hler, 4). (Additional attachment(s) added on 3/23/2015: # 947 Exhibit, # 948 Exhibit, # 949 Exhibit) (hler, 4). (Additional attachment(s) added on 3/23/2015: # 950 Exhibit) (hler, 4). (Additional attachment(s) added on 3/23/2015: # 951 Exhibit, # 952 Exhibit, # 953 Exhibit, # 954 Exhibit) (hler, 4). (Additional attachment(s) added on 3/23/2015: # 955 Exhibit) (hler, 4). (Additional attachment(s) added on 3/23/2015: # 956 Exhibit) (hler, 4). (Additional attachment(s) added on 3/23/2015: # 957 Exhibit, # 958 Exhibit, # 959 Exhibit, # 960 Exhibit) (hler, 4). (Additional attachment(s) added on 3/23/2015: # 961 Exhibit, # 962 Exhibit, # 963 Exhibit, # 964 Exhibit, # 965 Exhibit) (hler, 4). (Additional attachment(s) added on 3/23/2015: # 966 Exhibit, # 967 Exhibit) (hler, 4). (Additional attachment(s) added on 3/23/2015: # 968 Exhibit) (hler, 4). (Additional attachment(s) added on 3/23/2015: # 969 Exhibit) (hler, 4). (Additional attachment(s) added on 3/23/2015: # 970 Exhibit) (hler, 4). (Additional attachment(s) added on 3/23/2015: # 971 Exhibit, # 972 Exhibit) (hler, 4). (Additional attachment(s) added on 3/24/2015: # 974 Exhibit, # 975 Exhibit, # 976 Exhibit, # 977 Exhibit, # 978 Exhibit) (hler, 4). (Additional attachment(s) added on 3/24/2015: # 979 Exhibit, # 980 Exhibit, # 981 Exhibit, # 982 Exhibit) (hler, 4). (Additional attachment(s) added on 3/24/2015: # 983 Exhibit, # 984 Exhibit, # 985 Exhibit) (hler, 4). (Additional attachment(s) added on 3/24/2015: # 986 Exhibit, # 987 Exhibit, # 988 Exhibit, # 989 Exhibit, # 990 Exhibit) (hler, 4). (Additional attachment(s) added on 3/24/2015: # 991 Exhibit, # 992 Exhibit, # 993 Exhibit, # 994 Exhibit) (hler, 4). (Additional attachment(s) added on 3/24/2015: # 995 Exhibit) (hler, 4). (Additional attachment(s) added on 3/24/2015: # 996 Exhibit, # 997 Exhibit, # 998 Exhibit, # 999 Exhibit) (hler, 4). (Additional attachment(s) added on 3/24/2015: # 1000 Exhibit, # 1001 Exhibit, # 1002 Exhibit, # 1003 Exhibit) (hler, 4). (Additional attachment(s) added on 3/24/2015: # 1004 Exhibit) (hler, 4). (Additional attachment(s) added on 3/24/2015: # 1005 Exhibit, # 1006 Exhibit, # 1007 Errata, # 1008 Exhibit, # 1009 Exhibit) (hler, 4). (Additional attachment(s) added on 3/24/2015: # 1010 Exhibit, # 1011 Exhibit, # 1012 Exhibit) (hler, 4). (Additional attachment(s) added on 3/24/2015: # 1013 Exhibit) (hler, 4). (Additional attachment(s) added on 3/24/2015: # 1014 Exhibit, # 1015 Exhibit, # 1016 Exhibit, # 1017 Exhibit, # 1018 Exhibit, # 1019 Exhibit, # 1020 Exhibit) (hler, 4). (Additional attachment(s) added on 3/24/2015: # 1021 Exhibit) (hler, 4). (Additional attachment(s) added on 3/24/2015: # 1022 Exhibit, # 1023 Exhibit, # 1024 Exhibit, # 1025 Exhibit, # 1026 Exhibit) (hler, 4). (Additional attachment(s) added on 3/24/2015: # 1027 Exhibit, # 1028 Exhibit, # 1029 Exhibit, # 1030 Exhibit) (hler, 4). (Additional attachment(s) added on 3/24/2015: # 1031 Exhibit, # 1032 Exhibit, # 1033 Exhibit) (hler, 4). (Additional attachment(s) added on 3/24/2015: # 1034 Exhibit) (hler, 4). (Additional attachment(s) added on 3/24/2015: # 1035 Exhibit, # 1036 Exhibit, # 1037 Exhibit, # 1038 Exhibit, # 1039 Exhibit)

(hler, 4). (Additional attachment(s) added on 3/24/2015: # 1040 Exhibit, # 1041 Exhibit, # 1042 Exhibit, # 1043 Exhibit, # 1044 Exhibit) (hler, 4). (Additional attachment(s) added on 3/24/2015: # 1045 Exhibit, # 1046 Exhibit) (hler, 4). (Additional attachment(s) added on 3/24/2015: # 1047 Exhibit, # 1048 Exhibit, # 1049 Exhibit, # 1050 Exhibit, # 1051 Exhibit, # 1052 Exhibit, # 1053 Exhibit) (hler, 4). (Additional attachment(s) added on 3/24/2015: # 1054 Exhibit, # 1055 Exhibit) (hler, 4). (Additional attachment(s) added on 3/24/2015: # 1056 Exhibit, # 1057 Exhibit, # 1058 Exhibit, # 1059 Exhibit, # 1060 Exhibit, # 1061 Exhibit, # 1062 Exhibit) (hler, 4). (Additional attachment(s) added on 3/24/2015: # 1063 Exhibit) (hler, 4). (Additional attachment(s) added on 3/24/2015: # 1064 Exhibit, # 1065 Exhibit, # 1066 Exhibit, # 1067 Exhibit) (hler, 4). (Additional attachment(s) added on 3/24/2015: # 1068 Exhibit, # 1069 Exhibit, # 1070 Exhibit, # 1071 Exhibit) (hler, 4). (Additional attachment(s) added on 3/24/2015: # 1072 Exhibit) (hler, 4). (Additional attachment(s) added on 3/24/2015: # 1073 Exhibit, # 1074 Exhibit, # 1075 Exhibit, # 1076 Exhibit, # 1077 Exhibit) (hler, 4). (Additional attachment(s) added on 3/24/2015: # 1078 Exhibit, # 1079 Exhibit, # 1080 Exhibit, # 1081 Exhibit, # 1082 Exhibit) (hler, 4). (Additional attachment(s) added on 3/24/2015: # 1083 Exhibit, # 1084 Exhibit, # 1085 Exhibit, # 1086 Exhibit, # 1087 Exhibit, # 1088 Exhibit, # 1089 Exhibit) (hler, 4). (Additional attachment(s) added on 3/24/2015: # 1090 Exhibit, # 1091 Exhibit) (hler, 4). (Additional attachment(s) added on 3/24/2015: # 1092 Exhibit, # 1093 Exhibit, # 1094 Exhibit, # 1095 Exhibit, # 1096 Exhibit, # 1097 Exhibit, # 1098 Exhibit) (hler, 4). (Additional attachment(s) added on 3/24/2015: # 1099 Exhibit, # 1100 Exhibit, # 1101 Exhibit, # 1102 Exhibit, # 1103 Exhibit) (hler, 4). (Additional attachment(s) added on 3/24/2015: # 1104 Exhibit, # 1105 Exhibit) (hler, 4). (Additional attachment(s) added on 3/24/2015: # 1106 Exhibit, # 1107 Exhibit) (hler, 4). (Additional attachment(s) added on 3/24/2015: # 1108 Exhibit, # 1109 Exhibit, # 1110 Exhibit, # 1111 Exhibit, # 1112 Exhibit, # 1113 Exhibit) (hler, 4). (Additional attachment(s) added on 3/24/2015: # 1114 Exhibit, # 1115 Exhibit, # 1116 Exhibit, # 1117 Exhibit, # 1118 Exhibit) (hler, 4). (Additional attachment(s) added on 3/24/2015: # 1119 Exhibit, # 1120 Exhibit) (hler, 4). (Additional attachment(s) added on 3/24/2015: # 1121 Exhibit, # 1122 Exhibit, # 1123 Exhibit, # 1124 Exhibit, # 1125 Exhibit) (hler, 4). (Additional attachment(s) added on 3/24/2015: # 1126 Exhibit) (hler, 4). (Additional attachment(s) added on 3/24/2015: # 1127 Exhibit, # 1128 Exhibit, # 1129 Exhibit, # 1130 Exhibit, # 1131 Exhibit, # 1132 Exhibit, # 1133 Exhibit) (hler, 4). (Additional attachment(s) added on 3/24/2015: # 1134 Exhibit, # 1135 Exhibit, # 1136 Exhibit, # 1137 Exhibit, # 1138 Exhibit, # 1139 Exhibit) (hler, 4). (Additional attachment(s) added on 3/24/2015: # 1140 Exhibit, # 1141 Exhibit) (hler, 4). (Additional attachment(s) added on 3/24/2015: # 1142 Exhibit, # 1143 Exhibit, # 1144 Exhibit) (hler, 4). (Additional attachment(s) added on 3/24/2015: # 1145 Exhibit, # 1146 Exhibit, # 1147 Exhibit, # 1148 Exhibit, # 1149 Exhibit) (hler, 4). (Additional attachment(s) added on 3/24/2015: # 1150 Exhibit) (hler, 4). (Additional attachment(s) added on 3/24/2015: # 1151 Exhibit, # 1152 Exhibit, # 1153 Exhibit, # 1154 Exhibit) (hler, 4). (Additional attachment(s) added on 3/24/2015: # 1155 Exhibit, # 1156 Exhibit) (hler, 4). (Additional attachment(s) added on 3/24/2015: # 1157 Exhibit, # 1158 Exhibit, # 1159 Exhibit, # 1160 Exhibit) (hler, 4). (Additional attachment(s) added on 3/24/2015: # 1161 Exhibit) (hler, 4). (Additional attachment(s) added on 3/24/2015: # 1162 Exhibit, # 1163 Exhibit, # 1164 Exhibit, # 1165 Exhibit) (hler, 4). (Additional attachment(s) added on 3/24/2015: # 1166 Exhibit, # 1167 Exhibit, # 1168 Exhibit) (hler, 4). (Additional attachment(s) added on 3/24/2015: # 1169 Exhibit) (hler, 4). (Additional attachment(s) added on 3/24/2015: # 1170 Exhibit) (hler, 4). (Additional attachment(s) added on 3/24/2015: # 1171 Exhibit) (hler, 4). (Additional

17-20545.73885

attachment(s) added on 3/24/2015: # 1172 Exhibit, # 1173 Exhibit, # 1174 Exhibit, # 1175 Exhibit, # 1176 Exhibit, # 1177 Exhibit, # 1178 Exhibit, # 1179 Exhibit) (hler, 4). (Additional attachment(s) added on 3/24/2015: # 1180 Exhibit, # 1181 Exhibit, # 1182 Exhibit) (hler, 4). Modified on 3/26/2015 (hler, 4). Unable to attach the following DX165, DX166, DX167 and DX197 Excel Speadsheets pdf folders. (Additional attachment(s) added on 3/26/2015: # 1183 Exhibit) (hler, 4). (Additional attachment(s) added on 3/27/2015: # 1184 Exhibit, # 1185 Exhibit) (hler, 4). (Additional attachment(s) added on 3/27/2015: # 1186 Exhibit, # 1187 Exhibit, # 1188 Exhibit, # 1189 Exhibit, # 1190 Exhibit) (hler, 4). (Additional attachment(s) added on 3/27/2015: # 1191 Exhibit, # 1192 Exhibit, # 1193 Exhibit, # 1194 Exhibit, # 1195 Exhibit, # 1196 Exhibit, # 1197 Exhibit ) (hler, 4). (Additional attachment(s) added on 3/27/2015: # 1198 Exhibit) (hler, 4). (Additional attachment(s) added on 3/27/2015: # 1199 Exhibit, # 1200 Exhibit, # 1201 Exhibit, # 1202 Exhibit, # 1203 Exhibit, # 1204 Exhibit, # 1205 Exhibit) (hler, 4). (Additional attachment(s) added on 3/27/2015: # 1206 Exhibit, # 1207 Exhibit, # 1208 Exhibit, # 1209 Exhibit, # 1210 Exhibit, # 1211 Exhibit) (hler, 4). (Additional attachment(s) added on 3/27/2015: # 1212 Exhibit, # 1213 Exhibit, # 1214 Exhibit, # 1215 Exhibit, # 1216 Exhibit, # 1217 Exhibit, # 1218 Exhibit) (hler, 4). (Additional attachment(s) added on 3/27/2015: # 1219 Exhibit) (hler, 4). (Additional attachment(s) added on 3/27/2015: # 1220 Exhibit, # 1221 Exhibit, # 1222 Exhibit) (hler, 4). (Additional attachment(s) added on 3/27/2015: # 1223 Exhibit, # 1224 Exhibit, # 1225 Exhibit, # 1226 Exhibit, # 1227 Exhibit, # 1228 Exhibit) (hler, 4). (Additional attachment(s) added on 3/27/2015: # 1229 Exhibit, # 1230 Exhibit, # 1231 Exhibit, # 1232 Exhibit, # 1233 Exhibit, # 1234 Exhibit) (hler, 4). (Additional attachment(s) added on 3/27/2015: # 1235 Exhibit, # 1236 Exhibit, # 1237 Exhibit, # 1238 Exhibit, # 1239 Exhibit) (hler, 4). Unable to attach the following DX037 (pictures) on 3/27/2015 (hler, 4). (Additional attachment(s) added on 3/27/2015: # 1240 Exhibit, # 1241 Exhibit, # 1242 Exhibit) (hler, 4). (Additional attachment(s) added on 3/27/2015: # 1243 Exhibit, # 1244 Exhibit, # 1245 Exhibit, # 1246 Exhibit, # 1247 Exhibit, # 1248 Exhibit) (hler, 4). (Additional attachment(s) added on 3/27/2015: # 1249 Exhibit, # 1250 Exhibit, # 1251 Exhibit, # 1252 Exhibit, # 1253 Exhibit, # 1254 Exhibit) (hler, 4). (Additional attachment(s) added on 3/27/2015: # 1255 Exhibit, # 1256 Exhibit, # 1257 Exhibit, # 1258 Exhibit, # 1259 Exhibit, # 1260 Exhibit, # 1261 Exhibit) (hler, 4). (Additional attachment(s) added on 3/27/2015: # 1262 Exhibit) (hler, 4). (Additional attachment(s) added on 4/3/2015: # 1263 Exhibit) (hler, 4). (Additional attachment(s) added on 4/3/2015: # 1264 Exhibit) (hler, 4). (Additional attachment(s) added on 4/3/2015: # 1265 Exhibit, # 1266 Exhibit) (hler, 4). (Additional attachment(s) added on 4/3/2015: # 1267 Exhibit, # 1268 Exhibit) (hler, 4). (Additional attachment(s) added on 4/3/2015: # 1269 Exhibit, # 1270 Exhibit) (hler, 4). (Additional attachment(s) added on 4/3/2015: # 1271 Exhibit, # 1272 Exhibit) (hler, 4). (Additional attachment(s) added on 4/3/2015: # 1273 Exhibit, # 1274 Exhibit, # 1275 Exhibit, # 1276 Exhibit, # 1277 Exhibit, # 1278 Exhibit) (hler, 4). (Additional attachment(s) added on 4/3/2015: # 1279 Exhibit) (hler, 4). (Additional attachment(s) added on 4/3/2015: # 1280 Exhibit, # 1281 Exhibit) (hler, 4). (Additional attachment(s) added on 4/3/2015: # 1282 Exhibit) (hler, 4). (Additional attachment(s) added on 4/3/2015: # 1283 Exhibit, # 1284 Exhibit, # 1285 Exhibit, # 1286 Exhibit, # 1287 Exhibit) (hler, 4). (Additional attachment(s) added on 4/3/2015: # 1288 Exhibit, # 1289 Exhibit, # 1290 Exhibit, # 1291 Exhibit, # 1292 Exhibit) (hler, 4). (Additional attachment(s) added on 4/3/2015: # 1293 Exhibit, # 1294 Exhibit) (hler, 4). (Additional attachment(s) added on 4/3/2015: # 1295 Exhibit, # 1296 Exhibit, # 1297 Exhibit, # 1298 Exhibit) (hler, 4). (Additional attachment(s) added on 4/3/2015: # 1299 Exhibit, # 1300

Exhibit) (hler, 4). (Additional attachment(s) added on 4/3/2015: # 1301 Exhibit, # 1302 Exhibit, # 1303 Exhibit, # 1304 Exhibit) (hler, 4). (Additional attachment(s) added on 4/3/2015: # 1305 Exhibit, # 1306 Exhibit) (hler, 4). (Additional attachment(s) added on 4/3/2015: # 1307 Exhibit, # 1308 Exhibit, # 1309 Exhibit, # 1310 Exhibit, # 1311 Exhibit, # 1312 Exhibit) (hler, 4). (Additional attachment(s) added on 4/3/2015: # 1313 Exhibit, # 1314 Exhibit, # 1315 Exhibit, # 1316 Exhibit, # 1317 Exhibit, # 1318 Exhibit) (hler, 4). (Additional attachment(s) added on 4/3/2015: # 1319 Exhibit, # 1320 Exhibit, # 1321 Exhibit, # 1322 Exhibit, # 1323 Exhibit, # 1324 Exhibit) (hler, 4). (Additional attachment(s) added on 4/3/2015: # 1325 Exhibit, # 1326 Exhibit, # 1327 Exhibit) (hler, 4). (Additional attachment(s) added on 4/3/2015: # 1328 Exhibit, # 1329 Exhibit, # 1330 Exhibit, # 1331 Exhibit, # 1332 Exhibit) (hler, 4). (Additional attachment(s) added on 4/3/2015: # 1333 Exhibit, # 1334 Exhibit, # 1335 Exhibit) (hler, 4). (Additional attachment(s) added on 4/3/2015: # 1336 Exhibit, # 1337 Exhibit, # 1338 Exhibit) (hler, 4). (Additional attachment(s) added on 4/3/2015: # 1339 Exhibit, # 1340 Exhibit, # 1341 Exhibit, # 1342 Exhibit, # 1343 Exhibit, # 1344 Exhibit) (hler, 4). (Additional attachment(s) added on 4/3/2015: # 1345 Exhibit, # 1346 Exhibit, # 1347 Exhibit, # 1348 Exhibit, # 1349 Exhibit, # 1350 Exhibit, # 1351 Exhibit, # 1352 Exhibit) (hler, 4). (Additional attachment(s) added on 4/3/2015: # 1353 Exhibit, # 1354 Exhibit, # 1355 Exhibit) (hler, 4). (Additional attachment(s) added on 4/6/2015: # 1356 Exhibit, # 1357 Exhibit, # 1358 Exhibit, # 1359 Exhibit, # 1360 Exhibit, # 1361 Exhibit, # 1362 Exhibit) (hler, 4). (Additional attachment(s) added on 4/6/2015: # 1363 Exhibit, # 1364 Exhibit, # 1365 Exhibit, # 1366 Exhibit, # 1367 Exhibit, # 1368 Exhibit, # 1369 Exhibit, # 1370 Exhibit, # 1371 Exhibit, # 1372 Exhibit, # 1373 Exhibit, # 1374 Exhibit, # 1375 Exhibit) (hler, 4). (Additional attachment(s) added on 4/6/2015: # 1376 Exhibit, # 1377 Exhibit, # 1378 Exhibit, # 1379 Exhibit, # 1380 Exhibit, # 1381 Exhibit, # 1382 Exhibit) (hler, 4). (Additional attachment(s) added on 4/6/2015: # 1383 Exhibit, # 1384 Exhibit, # 1385 Exhibit, # 1386 Exhibit, # 1387 Exhibit, # 1388 Exhibit, # 1389 Exhibit, # 1390 Exhibit) (hler, 4). (Additional attachment(s) added on 4/6/2015: # 1391 Exhibit) (hler, 4). (Additional attachment(s) added on 4/6/2015: # 1392 Exhibit) (hler, 4). (Additional attachment(s) added on 4/6/2015: # 1393 Exhibit, # 1394 Exhibit, # 1395 Exhibit) (hler, 4). (Additional attachment(s) added on 4/6/2015: # 1396 Exhibit) (hler, 4). (Additional attachment(s) added on 4/6/2015: # 1397 Exhibit, # 1398 Exhibit, # 1399 Exhibit) (hler, 4). (Additional attachment(s) added on 4/6/2015: # 1400 Exhibit, # 1401 Exhibit, # 1402 Exhibit, # 1403 Exhibit, # 1404 Exhibit, # 1405 Exhibit, # 1406 Exhibit) (hler, 4). (Additional attachment(s) added on 4/6/2015: # 1407 Exhibit, # 1408 Exhibit, # 1409 Exhibit, # 1410 Exhibit, # 1411 Exhibit, # 1412 Exhibit, # 1413 Exhibit) (hler, 4). (Additional attachment(s) added on 4/6/2015: # 1414 Exhibit, # 1415 Exhibit, # 1416 Exhibit, # 1417 Exhibit, # 1418 Exhibit, # 1419 Exhibit, # 1420 Exhibit) (hler, 4). (Additional attachment(s) added on 4/6/2015: # 1421 Exhibit, # 1422 Exhibit, # 1423 Exhibit, # 1424 Exhibit, # 1425 Exhibit, # 1426 Exhibit, # 1427 Exhibit, # 1428 Exhibit) (hler, 4). (Additional attachment(s) added on 4/6/2015: # 1429 Exhibit, # 1430 Exhibit, # 1431 Exhibit, # 1432 Exhibit, # 1433 Exhibit, # 1434 Exhibit) (hler, 4). (Additional attachment(s) added on 4/6/2015: # 1435 Exhibit, # 1436 Exhibit, # 1437 Exhibit, # 1438 Exhibit) (hler, 4). (Additional attachment(s) added on 4/6/2015: # 1439 Exhibit, # 1440 Exhibit, # 1441 Exhibit, # 1442 Exhibit, # 1443 Exhibit, # 1444 Exhibit, # 1445 Exhibit) (hler, 4). (Additional attachment(s) added on 4/6/2015: # 1446 Exhibit, # 1447 Exhibit, # 1448 Exhibit, # 1449 Exhibit, # 1450 Exhibit, # 1451 Exhibit, # 1452 Exhibit, # 1453 Exhibit, # 1454 Exhibit) (hler, 4). (Additional attachment(s) added on 4/6/2015: # 1455 Exhibit, # 1456 Exhibit, # 1457 Exhibit, # 1458 Exhibit, # 1459 Exhibit, # 1460 Exhibit) (hler, 4). (Additional attachment(s) added on

17-20545.73887

4/6/2015: # 1461 Exhibit, # 1462 Exhibit, # 1463 Exhibit, # 1464 Exhibit, # 1465 Exhibit, # 1466 Exhibit, # 1467 Exhibit, # 1468 Exhibit, # 1469 Exhibit) (hler, 4). (Additional attachment(s) added on 4/6/2015: # 1470 Exhibit, # 1471 Exhibit, # 1472 Exhibit, # 1473 Exhibit, # 1474 Exhibit, # 1475 Exhibit, # 1476 Exhibit, # 1477 Exhibit, # 1478 Exhibit, # 1479 Exhibit) (hler, 4). (Additional attachment(s) added on 4/6/2015: # 1480 Exhibit, # 1481 Exhibit) (hler, 4). (Additional attachment(s) added on 4/6/2015: # 1482 Exhibit, # 1483 Exhibit, # 1484 Exhibit, # 1485 Exhibit) (hler, 4). (Additional attachment(s) added on 4/6/2015: # 1486 Exhibit, # 1487 Exhibit, # 1488 Exhibit, # 1489 Exhibit) (hler, 4). (Additional attachment(s) added on 4/6/2015: # 1490 Exhibit, # 1491 Exhibit, # 1492 Exhibit, # 1493 Exhibit, # 1494 Exhibit, # 1495 Exhibit, # 1496 Exhibit) (hler, 4). (Additional attachment(s) added on 4/6/2015: # 1497 Exhibit, # 1498 Exhibit, # 1499 Exhibit, # 1500 Exhibit, # 1501 Exhibit, # 1502 Exhibit, # 1503 Exhibit, # 1504 Exhibit, # 1505 Exhibit) (hler, 4). (Additional attachment(s) added on 4/6/2015: # 1506 Exhibit, # 1507 Exhibit, # 1508 Exhibit, # 1510 Exhibit, # 1511 Exhibit, # 1512 Exhibit, # 1513 Exhibit, # 1514 Exhibit) (hler, 4). (Additional attachment(s) added on 4/6/2015: # 1515 Exhibit, # 1516 Exhibit, # 1517 Exhibit, # 1518 Exhibit, # 1519 Exhibit, # 1520 Exhibit, # 1521 Exhibit) (hler, 4). (Additional attachment(s) added on 4/6/2015: # 1522 Exhibit, # 1523 Exhibit, # 1524 Exhibit, # 1525 Exhibit, # 1526 Exhibit) (hler, 4). (Additional attachment(s) added on 4/6/2015: # 1527 Exhibit, # 1528 Exhibit, # 1529 Exhibit, # 1530 Exhibit, # 1531 Exhibit, # 1532 Exhibit, # 1533 Exhibit, # 1534 Exhibit, # 1535 Exhibit, # 1536 Exhibit) (hler, 4). (Additional attachment(s) added on 4/6/2015: # 1537 Exhibit, # 1538 Exhibit, # 1539 Exhibit, # 1540 Exhibit, # 1541 Exhibit, # 1542 Exhibit, # 1543 Exhibit, # 1544 Exhibit, # 1545 Exhibit, # 1546 Exhibit) (hler, 4). (Additional attachment(s) added on 4/6/2015: # 1547 Exhibit, # 1548 Exhibit, # 1549 Exhibit, # 1550 Exhibit, # 1551 Exhibit, # 1552 Exhibit, # 1553 Exhibit, # 1554 Exhibit, # 1555 Exhibit, # 1556 Exhibit) (hler, 4). (Additional attachment(s) added on 4/6/2015: # 1557 Exhibit, # 1558 Exhibit, # 1559 Exhibit, # 1560 Exhibit, # 1561 Exhibit, # 1562 Exhibit, # 1563 Exhibit, # 1564 Exhibit, # 1565 Exhibit, # 1566 Exhibit) (hler, 4). (Additional attachment(s) added on 4/6/2015: # 1567 Exhibit, # 1568 Exhibit, # 1569 Exhibit, # 1570 Exhibit, # 1571 Exhibit, # 1572 Exhibit, # 1573 Exhibit, # 1574 Exhibit, # 1575 Exhibit) (hler, 4). (Additional attachment(s) added on 4/6/2015: # 1576 Exhibit, # 1577 Exhibit, # 1578 Exhibit, # 1579 Exhibit, # 1580 Exhibit, # 1581 Exhibit, # 1582 Exhibit, # 1583 Exhibit, # 1584 Exhibit) (hler, 4). (Additional attachment(s) added on 4/6/2015: # 1585 Exhibit) (hler, 4). (Additional attachment(s) added on 4/6/2015: # 1586 Exhibit, # 1587 Exhibit, # 1588 Exhibit, # 1589 Exhibit, # 1590 Exhibit, # 1591 Exhibit, # 1592 Exhibit) (hler, 4). (Additional attachment(s) added on 4/6/2015: # 1593 Exhibit, # 1594 Exhibit, # 1595 Exhibit, # 1596 Exhibit, # 1597 Exhibit, # 1598 Exhibit, # 1599 Exhibit) (hler, 4). Modified on 4/6/2015 (hler, 4). (Additional attachment(s) added on 4/6/2015: # 1600 Exhibit, # 1601 Exhibit, # 1602 Exhibit, # 1603 Exhibit) (hler, 4). (Additional attachment(s) added on 4/7/2015: # 1604 Exhibit, # 1605 Exhibit, # 1606 Exhibit, # 1607 Exhibit, # 1608 Exhibit, # 1609 Exhibit, # 1610 Exhibit) (hler, 4). (Additional attachment(s) added on 4/7/2015: # 1611 Exhibit, # 1612 Exhibit, # 1613 Exhibit, # 1614 Exhibit) (hler, 4). (Additional attachment(s) added on 4/7/2015: # 1615 Exhibit, # 1616 Exhibit, # 1617 Exhibit, # 1618 Exhibit, # 1619 Exhibit, # 1620 Exhibit, # 1621 Exhibit, # 1622 Exhibit, # 1623 Exhibit) (hler, 4). (Additional attachment(s) added on 4/7/2015: # 1624 Exhibit, # 1625 Exhibit, # 1626 Exhibit, # 1627 Exhibit, # 1628 Exhibit, # 1629 Exhibit, # 1630 Exhibit, # 1631 Exhibit, # 1632 Exhibit, # 1633 Exhibit, # 1634 Exhibit) (hler, 4). (Additional attachment(s) added on 4/7/2015: # 1635 Exhibit, # 1636 Exhibit, # 1637 Exhibit, # 1638 Exhibit, # 1639 Exhibit, # 1640 Exhibit, # 1641 Exhibit, # 1642 Exhibit, # 1643 Exhibit, # 1644

17-20545.73888

| | | |
|---|---|---|
| | | Exhibit) (hler, 4). (Additional attachment(s) added on 4/7/2015: # 1645 Exhibit, # 1646 Exhibit, # 1647 Exhibit, # 1648 Exhibit, # 1649 Exhibit, # 1650 Exhibit, # 1651 Exhibit, # 1652 Exhibit, # 1653 Exhibit) (hler, 4). (Additional attachment(s) added on 4/7/2015: # 1654 Exhibit, # 1655 Exhibit, # 1656 Exhibit, # 1657 Exhibit, # 1658 Exhibit, # 1659 Exhibit, # 1660 Exhibit, # 1661 Exhibit, # 1662 Exhibit, # 1663 Exhibit, # 1664 Exhibit) (hler, 4). (Additional attachment(s) added on 4/7/2015: # 1665 Exhibit, # 1666 Exhibit, # 1667 Exhibit, # 1668 Exhibit, # 1669 Exhibit, # 1670 Exhibit, # 1671 Exhibit) (hler, 4). (Additional attachment(s) added on 4/7/2015: # 1672 Exhibit, # 1673 Exhibit, # 1674 Exhibit, # 1675 Exhibit) (hler, 4). (Additional attachment(s) added on 4/7/2015: # 1676 Exhibit, # 1677 Exhibit, # 1678 Exhibit, # 1679 Exhibit, # 1680 Exhibit, # 1681 Exhibit, # 1682 Exhibit) (hler, 4). (Additional attachment(s) added on 4/7/2015: # 1683 Exhibit, # 1684 Exhibit, # 1685 Exhibit, # 1686 Exhibit, # 1687 Exhibit, # 1688 Exhibit) (hler, 4). (Additional attachment(s) added on 4/7/2015: # 1690 Exhibit, # 1693 Exhibit, # 1694 Exhibit, # 1695 Exhibit, # 1696 Exhibit) (hler, 4). (Additional attachment(s) added on 4/7/2015: # 1697 Exhibit, # 1698 Exhibit, # 1699 Exhibit, # 1700 Exhibit, # 1701 Exhibit, # 1702 Exhibit, # 1703 Exhibit) (hler, 4). (Additional attachment(s) added on 4/7/2015: # 1704 Exhibit) (hler, 4). Modified on 4/8/2015 (hler, 4). (Entered: 03/11/2015) |
| 03/11/2015 | 236 | PLAINTIFFS TRIAL EXHIBITS, , # 1 Exhibit, # 2 Continuation, # 3 Continuation, # 4 Continuation) , # 5 Continuation, # 6 Continuation, # 7 Continuation, # 8 Continuation, # 9 Continuation), # 10 Continuation) # 11 Exhibits, # 12 Exhibit, # 13 Continuation, # 14 Continuation, # 15 Continuation) , # 16 Continuation, # 17 Continuation, # 18 Continuation, # 19 Continuation, # 20 Continuation) # 21 Continuation), # 22 Exhibits, # 23 Exhibits, # 24 Exhibit, # 25 Exhibit, # 26 Exhibit, # 27 Exhibit, # 28 Exhibits, # 29 Exhibit, # 30 Exhibit, # 31 Exhibit, # 32 Exhibit, # 33 Exhibits, # 34 Exhibit) (blacy, 4). (Additional attachment(s) added on 3/11/2015: # 35 Exhibit, # 36 Continuation, # 38 Continuation, # 39 Continuation, # 40 Continuation, # 41 Continuation, # 42 Continuation, # 43 Continuation, # 44 Continuation, # 45 Continuation), # 46 Continuation, # 47 Continuation, # 48 Continuation), # 49 Exhibit, # 50 Exhibit, # 51 Exhibit # 52 Exhibit, # 53 Exhibit, # 54 Exhibit, # 55 Exhibit, # 56 Exhibit, # 57 Continuation, # 58 Continuation, # 59 Continuation, # 60 Continuation, # 61 Continuation, # 62 Continuation, # 63 Continuation, # 64 Continuation, # 65 Continuation, # 66 Continuation, # 67 Exhibit # 68 Continuation, # 69 Continuation, # 70 Continuation, # 71 Continuation, # 72 Continuation # 73 Exhibit, # 74 Exhibit, # 75 Exhibit, # 76 Exhibit, # 77 Exhibit, # 78 Exhibit # 79 Exhibit, # 80 Exhibit, # 81 Exhibit, # 82 Exhibit, # 83 Exhibit, # 84 Continuation, # 85 Exhibit # 86 Exhibit, # 87 Exhibit, # 88 Exhibit, # 89 Exhibit, # 90 Exhibit, # 91 Exhibit # 92 Exhibit, # 93 Exhibit, # 94 Exhibit, # 95 Exhibit, # 96 Exhibit, # 97 Exhibit # 98 Exhibit, # 99 Exhibit, # 100 Exhibit, # 101 Exhibit, # 102 Exhibit, # 103 Exhibit, # 104 Exhibit # 105 Exhibit, # 106 Exhibit, # 107 Exhibit, # 108 Exhibit, # 109 Exhibit, # 110 Exhibit, # 111 Exhibit, # 112 Exhibit, # 113 Exhibit, # 114 Exhibit, # 115 Exhibit, # 116 Exhibit, # 117 Exhibit, # 118 Exhibit, # 119 Exhibit, # 120 Exhibit, # 121 Exhibit, # 122 Exhibit, # 123 Exhibit, # 124 Exhibit, # 125 Exhibit, # 126 Exhibit, # 127 Exhibit, # 128 Exhibit, # 129 Exhibit, # 130 Exhibit, # 131 Exhibit, # 132 Exhibit, # 133 Exhibit, # 134 Exhibit, # 135 Exhibit, # 136 Exhibit, # 137 Exhibit, # 138 Exhibit, # 139 Exhibit, # 140 Exhibit, # 141 Exhibit, # 142 Exhibit, # 143 Exhibit, # 144 Exhibit, # 145 Exhibit, # 146 Exhibit, # 147 Exhibit, # 148 Exhibit, # 149 Exhibit, # 150 Exhibit, # 151 Exhibit, # 152 Exhibit, # 153 Exhibit, # 154 Exhibit, # 155 Exhibit , # 156 Exhibit, # 157 Continuation, # 158 Continuation, # 159 Continuation, # 160 Continuation), # 161 |

Exhibit, # 162 Continuation, # 163 Continuation, # 164 Continuation, # 165 Continuation), # 166 Exhibit, # 167 Exhibit, # 168 Exhibit, # 169 Exhibit, # 170 Exhibit) , # 171 Exhibit, # 172 Exhibit, # 173 Exhibit, # 174 Exhibit, # 175 Exhibit, # 176 Exhibit, # 177 Exhibit, # 178 Exhibit, # 179 Exhibit), # 180 Exhibit, # 181 Exhibit, # 182 Exhibit, # 183 Exhibit, # 184 Errata, # 185 Exhibit, # 186 Exhibit), # 187 Exhibit, # 188 Exhibit, # 189 Exhibit, # 190 Exhibit, # 191 Exhibit, # 192 Exhibit, # 193 Exhibit) , # 194 Exhibit, # 195 Exhibit, # 196 Exhibit, # 197 Exhibit, # 198 Exhibit, # 199 Exhibit, # 200 Exhibit, # 201 Exhibit, # 202 Exhibit, # 203 Exhibit),# 205 Exhibit, # 206 Exhibit, # 207 Errata, # 208 Exhibit, # 209 Exhibit, # 210 Exhibit, # 211 Exhibit, # 212 Exhibit, # 213 Exhibit), # 214 Exhibit, # 215 Exhibit, # 216 Exhibit, # 217 Exhibit, # 218 Exhibit, # 219 Exhibit, # 220 Exhibit, # 221 Exhibit, # 222 Exhibit, # 223 Exhibit) , # 224 Exhibit, # 225 Exhibit, # 226 Exhibit, # 227 Exhibit, # 228 Exhibit, # 229 Exhibit, # 230 Exhibit, # 231 Exhibit, # 232 Exhibit, # 233 Exhibit) , # 234 Exhibit, # 235 Exhibit, # 236 Exhibit, # 237 Exhibit, # 238 Exhibit) , # 239 Exhibit, # 240 Continuation, # 241 Continuation, # 242 Continuation, # 243 Continuation, # 244 Continuation, # 245 Continuation), # 246 Exhibit, # 247 Exhibit, # 248 Exhibit, # 249 Exhibit, # 250 Exhibit, # 251 Exhibit, # 252 Exhibit) , # 253 Exhibit, # 254 Exhibit, # 255 Exhibit, # 256 Exhibit, # 257 Exhibit, # 258 Exhibit, # 259 Exhibit), # 260 Exhibit, # 261 Continuation, # 262 Continuation, # 263 Continuation, # 264 Continuation, # 265 Continuation), # 266 Exhibit, # 267 Exhibit, # 268 Exhibit, # 269 Exhibit, # 270 Exhibit, # 271 Exhibit, # 272 Exhibit, # 273 Exhibit), # 274 Exhibit, # 275 Exhibit, # 276 Exhibit), # 277 Exhibit, # 278 Continuation, # 279 (p.73901) Continuation), # 280 (p.73902) Continuation, # 281 (p.73904) Continuation, # 282 (p.74596) Continuation, # 283 (p.74598) Continuation) , # 284 (p.74605) Continuation, # 285 (p.74607) Continuation, # 286 (p.74685) Continuation, # 287 (p.74687) Continuation, # 288 (p.74760) Continuation), # 289 (p.74761) Continuation, # 290 (p.74829) Continuation, # 291 (p.74830) Continuation, # 292 (p.74895) Continuation, # 293 (p.74898) Continuation),: # 294 (p.74930) Exhibit, # 295 (p.74933) Exhibit, # 296 (p.74938) Exhibit, # 297 (p.74939) Continuation), # 298 (p.75320) Exhibit, # 299 (p.75407) Continuation, # 300 (p.75409) Continuation, # 301 (p.75416) Continuation, # 302 (p.75425) Continuation, # 303 (p.75480) Continuation, # 304 (p.75482) Continuation) , # 305 (p.75490) Exhibit, # 306 (p.75491) Exhibit) , # 307 (p.75499) Exhibit, # 308 (p.75504) Continuation, # 309 (p.75505) Continuation, # 310 (p.75508) Continuation, # 311 (p.75512) Continuation, # 312 Continuation), # 313 Exhibit, # 314 Exhibit, # 315 Exhibit), # 316 Exhibit, # 317 Continuation, # 318 Continuation, # 319 Continuation, # 320 Continuation, # 321 Continuation), # 322 Exhibit, # 323 Continuation, # 324 Continuation, # 325 Continuation, # 326 Exhibit, # 327 Exhibit, # 328 Exhibit), # 329 Exhibit, # 330 Continuation, # 331 Continuation, # 332 Continuation, # 333 Continuation, # 334 Continuation), # 335 Exhibit, # 336 Exhibit, # 337 Exhibit, # 338 Exhibit, # 339 Exhibit, # 340 Exhibit), # 341 Exhibit, # 342 Continuation, # 343 Continuation, # 344 Continuation, # 345 Continuation, # 346 Continuation), # 347 Exhibit, # 348 Exhibit, # 349 Continuation, # 350 Continuation, # 351 Continuation, # 352 Continuation, # 353 Continuation), # 354 Continuation, # 355 Continuation, # 356 Continuation, # 357 Continuation, # 358 Continuation, # 359 Continuation, # 360 Exhibit, # 361 Exhibit, # 362 Exhibit, # 363 Exhibit, # 364 Continuation, # 365 Continuation, # 366 Continuation, # 367 Continuation, # 368 Continuation, # 369 Continuation, # 370 Continuation, # 371 Continuation, # 372 Continuation, # 373 Continuation, # 374 Continuation, # 375 Exhibit, # 376 Exhibit, # 377 Exhibit, # 378 Exhibit, # 379 Exhibit, # 380 Exhibit, # 381 Exhibit, # 382 Exhibit, # 383 Exhibit, # 384 Exhibit, # 385 Exhibit, # 386 Exhibit, # 387 Exhibit, # 388 Exhibit, # 389 Exhibit, # 390 Exhibit, # 391 Exhibit, # 392 Exhibit, # 393 Exhibit, # 394 Exhibit, # 395 Exhibit,

17-20545.73890

# 396 Exhibit, # 397 Exhibit, # 398 Exhibit, # 399 Exhibit, # 400 Exhibit, # 401 Exhibit, # 402 Exhibit, # 403 Exhibit, # 404 Exhibit, # 405 Exhibit, # 406 Exhibit, # 407 Exhibit, # 408 Exhibit, # 409 Exhibit, # 410 Exhibit, # 411 Exhibit, # 412 Exhibit, # 413 Exhibit, # 414 Exhibit, # 415 Exhibit, # 416 Exhibit, # 417 Exhibit, # 418 Exhibit,(420) Exhibit, # 421 Exhibit, # 422 Exhibit, # 423 Exhibit, # 424 Exhibit, # 425 Exhibit, # 426 Exhibit, # 427 Exhibit, # 428 Exhibit, # 429 Exhibit, # 430 Exhibit, # 431 Exhibit, # 432 Exhibit, # 433 Exhibit, # 434 Exhibit, # 435 Exhibit, # 436 Exhibit, # 437 Exhibit, # 438 Exhibit, # 439 Exhibit, # 440 Exhibit, # 441 Exhibit, # 442 Exhibit, # 443 Exhibit, # 444 Exhibit, # 445 Exhibit, # 446 Exhibit, # 447 Exhibit, # 448 Exhibit, # 449 Exhibit, # 450 Exhibit, # 451 Exhibit, # 452 Exhibit, # 453 Exhibit, # 454 Exhibit, # 455 Exhibit, # 456 Exhibit, # 457 Exhibit, # 458 Exhibit, # 459 Exhibit, # 460 Exhibit, # 461 Exhibit, # 462 Exhibit, # 463 Exhibit, # 464 Exhibit, # 465 Exhibit, # 466 Exhibit, # 467 Exhibit, # 468 Exhibit, # 469 Exhibit, # 470 Exhibit, # 471 Exhibit, # 472 Exhibit, # 473 Exhibit, # 474 Exhibit, # 475 Exhibit, # 476 Exhibit, # 477 Exhibit, # 478 Exhibit, # 479 Exhibit, # 480 Exhibit, # 481 Exhibit, # 482 Exhibit, # 483 Exhibit, # 484 Exhibit, # 485 Exhibit, # 486 Exhibit, # 487 Exhibit, # 488 Exhibit, # 489 Exhibit, # 490 Exhibit, # 491 Exhibit, # 492 Exhibit, # 493 Exhibit, # 494 Exhibit, # 495 Exhibit, # 496 Exhibit, # 497 Exhibit, # 498 Exhibit, # 499 Exhibit, # 500 Exhibit, # 501 Exhibit, # 502 Exhibit, # 503 Exhibit, # 504 Exhibit, # 508 Exhibit, # 509 Exhibit, # 510 Exhibit, # 511 Exhibit, # 512 Exhibit, # 513 Exhibit, # 514 Exhibit, # 515 Exhibit, # 516 Exhibit, # 517 Exhibit, # 518 Exhibit, # 519 Exhibit, # 520 Exhibit, # 521 Exhibit, # 522 Exhibit, # 523 Exhibit, # 524 Exhibit, # 525 Exhibit, # 526 Exhibit, # 527 Exhibit, # 528 Exhibit, # 529 Exhibit, # 530 Exhibit, # 531 Exhibit, # 532 Exhibit, # 533 Exhibit, # 534 Exhibit, # 535 Exhibit, # 536 Exhibit, # 537 Exhibit - Video not able to Image, # 538 Exhibit -Video not able to image, # 539 Exhibit -not able to image, # 540 Exhibit -video not able to image, # 541 Exhibit -video not able to image, # 542 Exhibit -video not able to image, # 543 Exhibit -video not able to image, # 544 Exhibit, # 545 Exhibit, # 546 Exhibit, # 547 Exhibit, # 548 Exhibit, # 549 Exhibit, # 550 Exhibit, # 551 Exhibit, # 552 Exhibit, # 553 Exhibit, # 554 Exhibit, # 555 Exhibit, # 556 Exhibit, # 557 Exhibit, # 558 Continuation, # 561 Continuation, # 562 Continuation, # 563 Continuation, # 564 Continuation, # 565 Continuation, # 566 Continuation, # 567 Continuation, # 568 Continuation, # 569 Continuation, # 570 Continuation, # 571 Continuation, # 572 Continuation, # 573 Exhibit, # 574 Exhibit, # 575 Exhibit, # 576 Exhibit, # 577 Exhibit, # 578 Exhibit, # 579 Exhibit, # 580 Exhibit, # 581 Exhibit, # 582 Exhibit, # 583 Exhibit, # 584 Exhibit, # 585 Exhibit, # 586 Exhibit, # 587 Exhibit, # 588 Exhibit, # 589 Exhibit, # 590 Exhibit, # 591 Exhibit,, # 592 Exhibit, # 593 Exhibit, # 594 Exhibit, # 595 Exhibit, # 596 Exhibit, # 597 Exhibit, # 598 Exhibit, # 599 Exhibit, # 600 Exhibit, # 601 Exhibit,: # 602 Exhibit, # 603 Exhibit, # 604 Exhibit, # 605 Exhibit, # 606 Exhibit, # 607 Exhibit, # 608 Exhibit, # 609 Exhibit, # 610 Exhibit, # 611 Exhibit, # 612 Exhibit, # 613 Exhibit, # 614 Exhibit # 615 Exhibit PX490-504, # 616 Exhibit PX505-518, # 617 Exhibit PX519 -525, # 618 Exhibit, # 619 Exhibit PX527-531, # 620 Exhibit, # 621 Exhibit PX533-538, # 622 Exhibit, # 623 Continuation, # 624 Continuation, # 625 Continuation, # 626 Continuation, # 627 Continuation, # 628 Continuation, # 629 Continuation, # 630 Continuation, # 631 Exhibit, # 632 Exhibit, # 633 Exhibit, # 634 Exhibit, # 635 Continuation, # 636 Continuation, # 637 Continuation, # 638 Continuation, # 639 Continuation, # 640 Continuation, # 641 Continuation, # 642 Continuation) , # 643 Exhibit PX544-546) ,# 644 Exhibit, # 645 Continuation, # 646 Continuation, # 647 Continuation, # 648 Continuation, # 649 Continuation, # 650 Continuation), # 651 Exhibit PX548-549) , # 652 Exhibit, # 653 Continuation, # 654 Continuation, # 655 Continuation, # 656 Continuation, # 657 Continuation, # 658 Continuation,# 659 Exhibit PX551, 552,

17-20545.73891

| | | |
|---|---|---|
| | | 554, # <u>660</u> Exhibit, # <u>661</u> Exhibit PX556-559, 568,569,578, 583, # <u>662</u> Exhibit, # <u>663</u> Continuation), # <u>664</u> Continuation), # <u>665</u> Continuation, # <u>666</u> Continuation, # <u>667</u> Continuation), # <u>668</u> Continuation, # <u>669</u> Continuation, # <u>670</u> Continuation) , # <u>671</u> Continuation, # <u>672</u> Continuation, # <u>673</u> Continuation, # <u>674</u> Continuation, # <u>675</u> Continuation, # <u>676</u> Exhibit, # <u>677</u> Exhibit, # <u>678</u> Continuation, # <u>679</u> Continuation, # <u>680</u> Continuation, # <u>681</u> Continuation, # <u>682</u> Continuation, # <u>683</u> Continuation, # <u>684</u> Continuation, # <u>685</u> Continuation, # <u>686</u> Continuation, # <u>687</u> Exhibit, # <u>688</u> Exhibit, # <u>689</u> Exhibit, # <u>690</u> Exhibit, # <u>691</u> Exhibit, # <u>692</u> Exhibit, # <u>693</u> Exhibit, # <u>694</u> Exhibit, # <u>695</u> Exhibit, # <u>696</u> Exhibit, # <u>697</u> Exhibit, # <u>698</u> Exhibit, # <u>699</u> Exhibit, # <u>700</u> Exhibit, # <u>701</u> Exhibit, # <u>702</u> Exhibit, # <u>703</u> Exhibit, # <u>704</u> Exhibit, # <u>705</u> Exhibit, # <u>706</u> Exhibit, # <u>707</u> Exhibit, # <u>708</u> Exhibit, # <u>709</u> Exhibit, # <u>710</u> Exhibit, # <u>711</u> Exhibit, # <u>712</u> Exhibit, # <u>713</u> Exhibit, # <u>714</u> Exhibit, # <u>715</u> Exhibit, # <u>716</u> Exhibit, # <u>717</u> Exhibit, # <u>718</u> Exhibit, # <u>719</u> Exhibit, # <u>720</u> Exhibit, # <u>721</u> Exhibit) (blacy, 4). (Entered: 03/11/2015) |
| 03/11/2015 | | (Court only) Appeal Remark: USB drive containing exhibits admitted and imaged. USB drive maintained by the Clerk's Office, (USCA No. 15-20030), filed. (blacy, 4) (Entered: 04/01/2015) |
| 03/11/2015 | <u>239</u> | PLAINTIFFS TRIAL EXHIBITS, filed. (Attachments: # <u>1</u> Exhibit 588, # <u>2</u> Continuation 588, # <u>3</u> Continuation 588, # <u>4</u> Continuation 588, # <u>5</u> Continuation 588, # <u>6</u> Continuation 588, # <u>7</u> Continuation 588, # <u>8</u> Continuation 588, # <u>9</u> Continuation 588, # <u>10</u> Continuation 588, # <u>11</u> Exhibit 589, # <u>12</u> Exhibit 590, # <u>13</u> Exhibit 591, # <u>14</u> Exhibit 592, # <u>15</u> Exhibit 593)(dnoriega, 1) (Additional attachment(s) added on 4/17/2015: # <u>16</u> Exhibit 594, # <u>17</u> Exhibit 595, # <u>18</u> Exhibit 596, # <u>19</u> Exhibit 597, # <u>20</u> Exhibit 598, # <u>21</u> Exhibit 599, # <u>22</u> Exhibit 600, # <u>23</u> Exhibit 601, # <u>24</u> Exhibit 602, # <u>25</u> Exhibit 603, # <u>26</u> Exhibit 604) (dnoriega, 1). (Additional attachment(s) added on 4/17/2015: # <u>27</u> Exhibit 605, # <u>28</u> Exhibit 607, # <u>29</u> Exhibit 609, # <u>30</u> Exhibit 610, # <u>31</u> Exhibit 610A, # <u>32</u> Exhibit 611, # <u>33</u> Exhibit 611A, # <u>34</u> Exhibit 612, # <u>35</u> Exhibit 613, # <u>36</u> Exhibit 614, # <u>37</u> Exhibit 615, # <u>38</u> Exhibit 616, # <u>39</u> Exhibit 617, # <u>40</u> Exhibit 618, # <u>41</u> Exhibit 619, # <u>42</u> Exhibit 620, # <u>43</u> Exhibit 621, # <u>44</u> Exhibit 622, # <u>45</u> Exhibit 623) (dnoriega, 1). (Entered: 04/17/2015) |
| 03/12/2015 | <u>240</u> | Letter from Josh Kratka re: Disk containing Excel Files, filed. (ealexander, 4) (Entered: 04/22/2015) |
| 04/01/2015 | | Supplemental Electronic record on appeal certified to the Fifth Circuit Court of Appeals re: USCA Case Number, <u>229</u> Notice of Appeal,, filed.(dnoriega, 1) (Entered: 04/01/2015) |
| 04/01/2015 | <u>237</u> | Transmittal Letter on Appeal re: <u>229</u> Notice of Appeal,. The supplemental electronic record on CD is being sent to Heather Govern & Jefferson Gregory Copeland via regular mail. (USCA No. 15-20030), filed. (dnoriega, 1) Modified on 4/1/2015 (dnoriega, 1). (Entered: 04/01/2015) |
| 04/08/2015 | <u>238</u> | (Court only) Document(s) Sent (supplemental ROA) by FedEx to Beck Redden Secrest LLP - receipt attached, access restricted to court users for privacy reasons -, filed. (avleal, 1) (Entered: 04/08/2015) |
| 04/13/2015 | | ***Delivery Confirmation; delivery date(s) 4/9/2015 re: <u>238</u> Document(s) Sent, filed. (hcarr, 4) (Entered: 04/13/2015) |
| 04/17/2015 | | (Court only) ***Docket Entry <u>239</u> is a duplicate of Plaintiffs Trial Exhibits in <u>236</u> . These were duplicated for appellate purposes.**(PRIVATE ENTRY), filed. |

| | | |
|---|---|---|
| | | (dnoriega, 1) (Entered: 04/17/2015) |
| 04/30/2015 | | Electronic Supplemental #2 record on appeal certified to the Fifth Circuit Court of Appeals re: USCA Case Number, <u>229</u> Notice of Appeal,, filed.(dnoriega, 1) (Entered: 04/30/2015) |
| 04/30/2015 | <u>241</u> | Transmittal Letter on Appeal re: <u>229</u> Notice of Appeal,. The second supplemental record is being sent to Heather Govern & Jefferson Gregory Copeland via regular mail. (USCA No. 15-20030), filed. (dnoriega, 1) (Entered: 04/30/2015) |
| 04/30/2015 | <u>242</u> | (Court only) Document(s) Sent by FedEx to Heather Govern - receipt attached, access restricted to court users for privacy reasons - re: <u>241</u> Transmittal Letter on Appeal, filed. (sbejarano, 1) (Entered: 04/30/2015) |
| 05/05/2015 | | ***Delivery Confirmation; delivery date(s) Fri 5/01/2015 9:23 am re: <u>242</u> Document(s) Sent, filed. (jdav, 4) (Entered: 05/05/2015) |
| 05/12/2015 | <u>243</u> | TRANSCRIPT re: Bench Trial - Day 3 of 13 held on February 12, 2014. This transcript replaces the transcript accidentally filed at Docket Entry Number 198. before Judge David Hittner. Court Reporter/Transcriber Dye. Release of Transcript Restriction set for 8/10/2015., filed. (gdye, ) (Entered: 05/12/2015) |
| 05/12/2015 | | Electronic Supplemental record on appeal certified to the Fifth Circuit Court of Appeals re: USCA Case Number, <u>229</u> Notice of Appeal,, filed.(dnoriega, 1) (Entered: 05/12/2015) |
| 05/12/2015 | <u>244</u> | Transmittal Letter on Appeal re: <u>229</u> Notice of Appeal,. The supplemental record is being sent to Heather Govern & Russell Post via regular mail. (USCA No. 15-20030), filed. (dnoriega, 1) (Entered: 05/12/2015) |
| 05/13/2015 | <u>245</u> | Notice of Filing of Official Transcript as to <u>243</u> Transcript,. Party notified, filed. (jdav, 4) (Entered: 05/13/2015) |
| 05/13/2015 | <u>246</u> | (Court only) Document(s) Sent by FedEx to Heather Govern - receipt attached, access restricted to court users for privacy reasons - re: <u>244</u> Transmittal Letter on Appeal, filed. (dnoriega, 1) (Entered: 05/13/2015) |
| 05/18/2015 | | ***Delivery Confirmation; delivery date(s) 5/13/2015 re: <u>246</u> Document(s) Sent, filed. (hcarr, 4) (Entered: 05/18/2015) |
| 05/27/2016 | <u>247</u> | Order of USCA - ORDER re: <u>229</u> Notice of Appeal, ; USCA No. 15-20030. It is ordered that the State of Texas' opposed motion on behalf of the Texas Commission of Environmental Quality to file amicus curiae brief out of time is granted., filed.(dnoriega, 1) (Entered: 05/27/2016) |
| 08/24/2016 | <u>248</u> | Order of USCA JUDGMENT; Judgment issued as mandate 8/24/2016 re: <u>229</u> Notice of Appeal; USCA No. 15-20030. The cause is remanded to the District Court for further proceedings in accordance with the opinion of this Court. Case reopened on 8/24/2016, filed.(avleal, 1) (Entered: 08/24/2016) |
| 08/24/2016 | <u>249</u> | Order of USCA PER CURIAM re: <u>229</u> Notice of Appeal; USCA No. 15-20030. We accordingly VACATE the district court's judgment and REMAND for assessment of penalties based on the violations that are properly considered "actionable" in light of this opinion, filed. (avleal, 1) Modified on 8/24/2016 (avleal, 1). (Entered: 08/24/2016) |
| 08/24/2016 | <u>250</u> | |

| | | |
|---|---|---|
| | | Copy of Bill of Costs by USCA in the amount of $1146.65 against Exxon Mobil (USCA No. 15-20030), filed.(avleal, 1) (Entered: 08/24/2016) |
| 08/24/2016 | | (Court only) Notification of USCA Judgment and Per Curiam remanding case to USDC sent to case manager ***(PRIVATE ENTRY), filed. (avleal, 1) (Entered: 08/24/2016) |
| 08/29/2016 | 251 | ORDER that the parties shall submit revised proposed findings of fact and conclusions of law consistent with the Fifth Circuit's opinion as to Counts 1 through 4, the CAA penalty factors on which error was found, and the requisite analysis of whether penalties should be assessed for any actionable violation under these factors. The revised proposed findings of fact and conclusions of law are ordered limited to the foregoing scope, except to the extent it is necessary to incorporate the Court's previous findings of fact and conclusions of law that were undisturbed by or upheld in the Fifth Circuit's opinion. The revised proposed findings of fact and conclusions of law shall be submitted to the Court by October 31, 2016. Furthermore, the parties may submit a response to the revised proposed findings of fact and conclusions of law no later than November 21, 2016.(Signed by Judge David Hittner) Parties notified.(ealexander, 4) (Entered: 08/29/2016) |
| 10/31/2016 | 252 | NOTICE *of Filing Proposed Revised and Supplemental Findings of Fact and Conclusions of Law* by ExxonMobil Corporation, filed. (Attachments: # 1 Proposed Revised and Supplemental Findings of Fact and Conclusions of Law)(Nichols, Eric) (Entered: 10/31/2016) |
| 10/31/2016 | 253 | NOTICE *of Filing of Proposed Findings of Fact and Conclusions of Law Following Remand* by Environment Texas Citizen Lobby, Inc., Sierra Club, filed. (Attachments: # 1 Exhibit Plaintiffs' Proposed FFCL, # 2 Exhibit Plaintiffs' Proposed FFCL - Redline Version, # 3 Exhibit Description of Further Attachments, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit)(Kratka, Joshua) (Entered: 10/31/2016) |
| 10/31/2016 | 254 | First SUPPLEMENT to 253 Notice (Other),, by Environment Texas Citizen Lobby, Inc., filed.(Hilder, Philip) (Entered: 10/31/2016) |
| 11/21/2016 | 255 | RESPONSE to 252 Notice (Other) *Exxon's Revised Findings of Fact and Conclusions of Law*, filed by Environment Texas Citizen Lobby, Inc., Sierra Club. (Kratka, Joshua) (Entered: 11/21/2016) |
| 11/21/2016 | 256 | RESPONSE to 253 Notice (Other),, *Response of ExxonMobil to Plaintiffs' Proposed Findings of Fact and Conclusions of Law Following Remand*, filed by ExxonMobil Chemical Company, ExxonMobil Corporation, ExxonMobil Refining and Supply Company. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10)(Rice, Bryon) (Entered: 11/21/2016) |
| 04/26/2017 | 257 | REVISED FINDINGS OF FACT AND CONCLUSIONS OF LAW(Signed by Judge David Hittner) (Attachments: # 1 Continuation, # 2 Continuation, # 3 Continuation, # 4 Continuation) Parties notified.(ealexander, 4) (Entered: 04/26/2017) |
| 04/26/2017 | 258 | FINAL JUDGMENT. Case terminated on April 26, 2017(Signed by Judge David Hittner) Parties notified.(ealexander, 4) (Entered: 04/26/2017) |
| 05/11/2017 | 259 | |

| | | |
|---|---|---|
| | | NOTICE *of Stipulation in Lieu of Supersedeas Bond* re: 258 Final Judgment by ExxonMobil Chemical Company, ExxonMobil Corporation, ExxonMobil Refining and Supply Company, filed. (Attachments: # 1 Stipulation)(Post, Russell) (Entered: 05/11/2017) |
| 05/24/2017 | 260 | MOTION to Alter JudgmentMotions referred to Stephen Smith. by ExxonMobil Chemical Company, ExxonMobil Corporation, ExxonMobil Refining and Supply Company, filed. Motion Docket Date 6/14/2017. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I)(Post, Russell) (Entered: 05/24/2017) |
| 06/14/2017 | 261 | RESPONSE in Opposition to 260 MOTION to Alter Judgment, filed by Environment Texas Citizen Lobby, Inc., Sierra Club. (Hilder, Philip) (Entered: 06/14/2017) |
| 06/21/2017 | 262 | MOTION for Leave to File Reply in Support of Motion to Alter or Amend the Judgment and FindingsMotions referred to Stephen Smith. by ExxonMobil Chemical Company, ExxonMobil Corporation, ExxonMobil Refining and Supply Company, filed. Motion Docket Date 7/12/2017. (Attachments: # 1 Proposed Order)(Nichols, Eric) (Entered: 06/21/2017) |
| 06/21/2017 | 263 | RESPONSE in Opposition to 262 MOTION for Leave to File Reply in Support of Motion to Alter or Amend the Judgment and Findings, filed by Environment Texas Citizen Lobby, Inc., Sierra Club. (Attachments: # 1 Proposed Order)(Kratka, Joshua) (Entered: 06/21/2017) |
| 06/26/2017 | 264 | Supplemental MOTION for Leave to File Reply in Support of Motion to Alter or Amend the Judgment and FindingsMotions referred to Stephen Smith. by ExxonMobil Chemical Company, ExxonMobil Corporation, ExxonMobil Refining and Supply Company, filed. Motion Docket Date 7/17/2017. (Attachments: # 1 Reply in Support of Motion to Alter or Amend the Judgment and Findings)(Nichols, Eric) (Entered: 06/26/2017) |
| 06/26/2017 | 266 | ORDER denying 262 Motion for Leave to File a Reply in Support of Motion to Alter or Amend the Judgment and Findings.(Signed by Judge David Hittner) Parties notified.(ealexander, 4) (Entered: 06/27/2017) |
| 06/27/2017 | 265 | OBJECTIONS to 264 Supplemental MOTION for Leave to File Reply in Support of Motion to Alter or Amend the Judgment and Findings , filed by Environment Texas Citizen Lobby, Inc., Sierra Club. (Hilder, Philip) (Entered: 06/27/2017) |
| 06/30/2017 | 267 | MOTION for Leave to File Second Motion for Leave to File Reply in Support of Motion to Alter or Amend the Judgment and FindingsMotions referred to Stephen Smith. by ExxonMobil Chemical Company, ExxonMobil Corporation, ExxonMobil Refining and Supply Company, filed. Motion Docket Date 7/21/2017. (Attachments: # 1 Exhibit A, # 2 Proposed Order)(Rice, Bryon) (Entered: 06/30/2017) |
| 07/03/2017 | 268 | RESPONSE in Opposition to 267 MOTION for Leave to File Second Motion for Leave to File Reply in Support of Motion to Alter or Amend the Judgment and Findings, filed by Environment Texas Citizen Lobby, Inc., Sierra Club. (Attachments: # 1 Proposed Order)(Hilder, Philip) (Entered: 07/03/2017) |
| 07/05/2017 | 269 | ORDER granting 267 Second Motion for Leave to File Reply in Support of Motion to Alter or Amend the Judgment and Findings.(Signed by Judge David Hittner) Parties notified.(ealexander, 4) (Entered: 07/06/2017) |

| | | |
|---|---|---|
| 07/06/2017 | 270 | REPLY in Support of 260 MOTION to Alter Judgment, filed by ExxonMobil Chemical Company, ExxonMobil Corporation, ExxonMobil Refining and Supply Company. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Rice, Bryon) (Entered: 07/06/2017) |
| 07/10/2017 | 271 | Unopposed MOTION for Extension of Time of Deadline for Submission of Plaintiffs' Application for Attorney's Fees, Expert Fees, and CostsMotions referred to Stephen Smith. by Environment Texas Citizen Lobby, Inc., Sierra Club, filed. Motion Docket Date 7/31/2017. (Attachments: # 1 Proposed Order)(Hilder, Philip) (Entered: 07/10/2017) |
| 07/11/2017 | 272 | ORDER granting 271 Motion for Extension of Time. Plaintiffs submit their application for attorney's fees, expert fees, and costs no later than 60 days following the entry of this Court's final disposition of Defendants' motion to alter or amend the judgment.(Signed by Judge David Hittner) Parties notified.(ealexander, 4) (Entered: 07/11/2017) |
| 07/28/2017 | 273 | ORDER granting 264 Defendants' Supplement in Support of Motion for Leave to File Reply in Support of Motion to Alter or Amend the Judgment and Findings.(Signed by Judge David Hittner) Parties notified.(ealexander, 4) (Entered: 07/28/2017) |
| 07/31/2017 | 274 | ORDER denying 260 Motion to Alter or Amend Judgment and Findings.(Signed by Judge David Hittner) Parties notified.(ealexander, 4) (Entered: 07/31/2017) |
| 08/25/2017 | 275 | NOTICE OF APPEAL to US Court of Appeals for the Fifth Circuit re: 258 Final Judgment, 274 Order on Motion to Alter Judgment by ExxonMobil Chemical Company, ExxonMobil Corporation, ExxonMobil Refining and Supply Company (Filing fee $ 505, receipt number 0541-18843775), filed.(Post, Russell) (Entered: 08/25/2017) |
| 08/30/2017 | 276 | Clerks Notice of Filing of an Appeal. The following Notice of Appeal and related motions are pending in the District Court: 275 Notice of Appeal,. Fee status: Paid. Reporter(s): ERO, filed. (Attachments: # 1 NOA, # 2 Final Judgment, # 3 Order, # 4 Docket) (dnoriega, 1) (Entered: 08/30/2017) |
| 08/30/2017 | | Appeal Review Notes re: 275 Notice of Appeal,. Fee status: Paid. The appeal filing fee has been paid or an ifp motion has been granted.Hearings were held in the case. DKT13 transcript order form(s) due within 14 days of the filing of the notice of appeal.Hearings were held in the case - transcripts were produced. Number of DKT-13 Forms expected: 1, filed.(dnoriega, 1) (Entered: 08/30/2017) |
| 09/05/2017 | | Notice of Assignment of USCA No. 17-20545 re: 275 Notice of Appeal, filed.(rnieto, 1) (Entered: 09/05/2017) |
| 09/15/2017 | 277 | DKT13 TRANSCRIPT ORDER REQUEST by Russell Post. Transcript is already on file in Clerks office regarding appeal. (No transcript is needed). Court Reporter/Transcriber: Gayle Dye. This order form relates to the following: 275 Notice of Appeal,, filed.(Post, Russell) (Entered: 09/15/2017) |
| 09/18/2017 | | (Court only) ***(PRIVATE ENTRY) EROA requested by the Fifth Circuit, due 10/3/17 (17-20545), filed. (jtabares, 1) (Entered: 09/18/2017) |
| 09/18/2017 | | (Court only) Set/Cleared Flags. APPEAL_NAT flag cleared. (jtabares, 1) (Entered: 09/18/2017) |

| | | |
|---|---|---|
| 09/26/2017 | <u>278</u> | Unopposed MOTION for Extension of Time By One Week for Plaintiffs' Application for Fees and Costs by Environment Texas Citizen Lobby, Inc., Sierra Club, filed. Motion Docket Date 10/17/2017. (Attachments: # <u>1</u> Proposed Order)(Kratka, Joshua) (Entered: 09/26/2017) |
| 09/27/2017 | <u>279</u> <u>(p.73901)</u> | ORDER granting <u>278</u> Motion for Extension of Time. Plaintiffs submit their application for attorney's fees, expert fees, and costs no later than October 6, 2017.(Signed by Judge David Hittner) Parties notified.(ealexander, 4) (Entered: 09/27/2017) |
| 10/04/2017 | | Electronic record on appeal certified to the Fifth Circuit Court of Appeals re: <u>275</u> Notice of Appeal, USCA No. 17-20545, filed.(bcampos, 1) (Entered: 10/04/2017) |
| 10/04/2017 | | Electronic Access to Record on Appeal Provided re: <u>275</u> Notice of Appeal, to Appellant's Counsel, Fields Alexander, Eric J. R. Nichols and Russell S. Post and Appellee's Counsel, Charles Craig Caldart, Heather A Govern, Philip Harlan Hilder, Joshua Robert Kratka, and David A Nicholas. Attorneys of record at the Circuit may <u>download the record from the Court of Appeals</u>. (USCA No. 17-20545), filed.(bcampos, 1) (Entered: 10/04/2017) |
| 10/05/2017 | <u>280</u> <u>(p.73902)</u> | MOTION for Attorney Fees by Environment Texas Citizen Lobby, Inc., Sierra Club, filed. Motion Docket Date 10/26/2017. (Attachments: # <u>1</u> Proposed Order for Attorneys' Fees and Costs, # <u>2</u> Appendix, # <u>3</u> Exhibit 1, # <u>4</u> Exhibit 2, # <u>5</u> Exhibit 3, # <u>6</u> Exhibit 4, # <u>7</u> Exhibit 5, # <u>8</u> Exhibit 6, # <u>9</u> Exhibit 7, # <u>10</u> Exhibit 8, # <u>11</u> Exhibit 9, # <u>12</u> Exhibit 10, # <u>13</u> Exhibit 11, # <u>14</u> Exhibit 12, # <u>15</u> Exhibit 13, # <u>16</u> Exhibit 14, # <u>17</u> Exhibit 15, # <u>18</u> Exhibit 16, # <u>19</u> Exhibit 17, # <u>20</u> Exhibit 18, # <u>21</u> Exhibit 19, # <u>22</u> Exhibit 20, # <u>23</u> Exhibit 21, # <u>24</u> Exhibit 22, # <u>25</u> Exhibit 23, # <u>26</u> Exhibit 24, # <u>27</u> Exhibit 25, # <u>28</u> Exhibit 26, # <u>29</u> Exhibit 27, # <u>30</u> Exhibit 28, # <u>31</u> Exhibit 29, # <u>32</u> Exhibit 30, # <u>33</u> Exhibit 31, # <u>34</u> Exhibit 32, # <u>35</u> Exhibit 33, # <u>36</u> Exhibit 34, # <u>37</u> Exhibit 35, # <u>38</u> Exhibit 36, # <u>39</u> Exhibit 37)(Kratka, Joshua) (Entered: 10/05/2017) |
| 10/06/2017 | <u>281</u> <u>(p.74594)</u> | Supplemental MOTION for Attorney Fees by Environment Texas Citizen Lobby, Inc., Sierra Club, filed. Motion Docket Date 10/27/2017. (Hilder, Philip) (Entered: 10/06/2017) |
| 10/06/2017 | <u>282</u> <u>(p.74596)</u> | Corrected PROPOSED ORDER re: <u>281 (p.74594)</u> Supplemental MOTION for Attorney Fees, <u>280 (p.73902)</u> MOTION for Attorney Fees, filed.(Hilder, Philip) (Entered: 10/06/2017) |
| 10/20/2017 | <u>283</u> <u>(p.74598)</u> | Unopposed MOTION for Extension of Time to File Response in Opposition to Plaintiffs' Application for Attorneys' Fees by ExxonMobil Chemical Company, ExxonMobil Corporation, ExxonMobil Refining and Supply Company, filed. Motion Docket Date 11/13/2017. (Attachments: # <u>1</u> Proposed Order)(Rice, Bryon) (Entered: 10/20/2017) |
| 10/23/2017 | <u>284</u> <u>(p.74605)</u> | ORDER granting <u>283 (p.74598)</u> Motion for Extension of Time. The ExxonMobil Defendants shall file any response to Plaintiffs' Application for Attorneys' Fees, Expert Witness Fees and Costs no later than November 27, 2017.(Signed by Judge David Hittner) Parties notified.(ealexander, 4) (Entered: 10/24/2017) |
| 11/27/2017 | <u>285</u> <u>(p.74607)</u> | Unopposed MOTION for Leave to File File Response in Excess of Page Limits by ExxonMobil Chemical Company, filed. Motion Docket Date 12/18/2017. (Attachments: # <u>1</u> Proposed Order Order to ExxonMobil Defendants' Unopposed Motion for Leave, # <u>2</u> Exhibit ExxonMobil Defendants' Response In Opposition to Plaintiffs' Application for Attorneys' Fees, # <u>3</u> Exhibit EXHIBIT A to ExxonMobil |

| | | |
|---|---|---|
| | | Defendants' Response In Opposition to Plaintiffs' Application for Attorneys' Fees, # 4 Exhibit EXHIBIT B to ExxonMobil Defendants' Response In Opposition to Plaintiffs' Application for Attorneys' Fees, # 5 Exhibit EXHIBIT C to ExxonMobil Defendants' Response In Opposition to Plaintiffs' Application for Attorneys' Fees, # 6 Exhibit EXHIBIT D to ExxonMobil Defendants' Response In Opposition to Plaintiffs' Application for Attorneys' Fees)(Nichols, Eric) (Entered: 11/27/2017) |
| 11/28/2017 | 286 (p.74685) | ORDER granting 285 (p.74607) Motion for Leave to File Response in Excess of Page Limits.(Signed by Judge David Hittner) Parties notified.(ealexander, 4) (Entered: 11/28/2017) |
| 11/28/2017 | 287 (p.74687) | RESPONSE in Opposition to 280 (p.73902) MOTION for Attorney Fees, filed by ExxonMobil Corporation. (Attachments: # 1 Exhibit EX A, # 2 Exhibit EX B, # 3 Exhibit EX C, # 4 Exhibit EX D)(Nichols, Eric) (Entered: 11/28/2017) |
| 12/06/2017 | 288 (p.74760) | Fifth Circuit Court of Appeals letter advising the court has granted an extension of timeto and including January 12 2018 for filing appellant's petitioner's brief in this case. No further extension will be granted. (USCA No. 17-20545), filed.(dbenavides, 1) (Entered: 12/06/2017) |
| 12/12/2017 | 289 (p.74761) | Unopposed MOTION for Leave to File Reply in Support of Plaintiffs' Application for Attorney's Fees, Expert Witness Fees, and Costs by Environment Texas Citizen Lobby, Inc., Sierra Club, filed. Motion Docket Date 1/2/2018. (Attachments: # 1 Proposed Order on Leave to File Reply, # 2 Plaintiffs' Reply in Support of Fee Application, # 3 Reply Appendix, # 4 Reply App. Ex. 1, # 5 Reply App. Ex. 2, # 6 Reply App. Ex. 3, # 7 Reply App. Ex. 4)(Kratka, Joshua) (Entered: 12/12/2017) |
| 12/13/2017 | 290 (p.74829) | ORDER granting 289 (p.74761) Motion for Leave to File Reply in Support of their Application for Attorneys' Fees, Expert Witness Fees and Costs.(Signed by Judge David Hittner) Parties notified.(ealexander, 4) (Entered: 12/13/2017) |
| 12/14/2017 | 291 (p.74830) | REPLY to 287 (p.74687) Response in Opposition to Motion *Plaintiffs' Application for Attorneys' Fees, Expert Witness Fees, and Costs*, filed by Environment Texas Citizen Lobby, Inc., Sierra Club. (Attachments: # 1 Appendix Reply Appendix in Support of Fee Application, # 2 Exhibit Reply App. Ex. 1, # 3 Exhibit Reply App. Ex. 2, # 4 Exhibit Reply App. Ex. 3, # 5 Exhibit Reply App. Ex. 4)(Kratka, Joshua) (Entered: 12/14/2017) |
| 06/05/2018 | 292 (p.74895) | ORDER denying without prejudice subject to being refiled within 14 days after the appeal in this case is resolved is the 280 (p.73902) Motion for Attorney Fees.(Signed by Judge David Hittner) Parties notified.(ealexander, 4) (Entered: 06/06/2018) |
| 06/05/2018 | | (Court only) ***Motion(s) terminated: 281 (p.74594) Supplemental MOTION for Attorney Fees. (ealexander, 4) (Entered: 06/06/2018) |
| 07/30/2020 | 293 (p.74898) | Order of USCA re: 275 Notice of Appeal, ; USCA No. 17-20545. We Vacate the district Court's Judgment and REMAND for the limited purpose of allowing the district court to make additiona findings on traceability and the Act of God defense. The case will then be returned to this panel. Case reopened on 7/30/2020, filed.(scastillo, 1) (Entered: 07/30/2020) |
| 08/05/2020 | 294 (p.74930) | ORDER that the parties shall file their final revised proposed findings of fact and conclusions of law with the Court no later than October 5, 2020. The final revised proposed findings of fact and conclusions of law shall not exceed 75 pages and shall be in a form that could be capable of being approved and signed by the |

| | | |
|---|---|---|
| | | Court.(Signed by Judge David Hittner) Parties notified.(ealexander, 4) (Entered: 08/05/2020) |
| 09/28/2020 | 295 (p.74933) | Unopposed MOTION for Extension of Time for Parties to File Proposed Findings of Fact and Conclusion of Law by ExxonMobil Chemical Company, ExxonMobil Corporation, ExxonMobil Refining and Supply Company, filed. Motion Docket Date 10/19/2020. (Attachments: # 1 Proposed Order)(Nichols, Eric) (Entered: 09/28/2020) |
| 09/29/2020 | 296 (p.74938) | ORDER granting 295 (p.74933) Motion for Extension of Time. The deadline for the parties to submit proposed findings of fact and conclusions of law to the Court, as set out in the Court's August 5, 2020 order, is extended to October 19, 2020.(Signed by Judge David Hittner) Parties notified.(ealexander, 4) (Entered: 09/29/2020) |
| 10/19/2020 | 297 (p.74939) | Proposed Findings of Fact/Conclusions of Law by Environment Texas Citizen Lobby, Inc., Sierra Club (Attachments: # 1 Appendix Att. 1 Proposed Findings on Limited Remand, # 2 Exhibit Ex. 1 Description of Revised Spreadsheets, # 3 Exhibit Ex. 2 Revised PX587, # 4 Exhibit Ex. 3 Revised PX588, # 5 Exhibit Ex. 4 Revised PX591, # 6 Exhibit Ex. 5 Revised PX592, # 7 Exhibit Ex. 6 Revised PX593, # 8 Exhibit Ex. 7 Revised PX594)(Kratka, Joshua) (Entered: 10/19/2020) |
| 10/19/2020 | 298 (p.75320) | Proposed Findings of Fact/Conclusions of Law by ExxonMobil Chemical Company, ExxonMobil Corporation, ExxonMobil Refining and Supply Company (Attachments: # 1 [Proposed] Second Revised and Supplemental Findings of Fact and Conclusion of Law, # 2 Appendix A)(Nichols, Eric) (Entered: 10/19/2020) |
| 10/23/2020 | 299 (p.75407) | Mail Returned Undeliverable as to attorney Rachel Gore Freed as to Environment Texas Citizen Lobby, Inc. re: 296 (p.74938) Order on Motion for Extension of Time,, filed. [No new address found, co-counsel served] (DawnWaggoner, 4) (Entered: 10/26/2020) |
| 11/03/2020 | 300 (p.75409) | *OBJECTIONS to Plaintiffs' Revised Exhibits Filed with Proposed Findings of Fact and Conclusions of Law*, filed by ExxonMobil Corporation. (Nichols, Eric) (Entered: 11/03/2020) |
| 11/16/2020 | 301 (p.75416) | RESPONSE to 300 (p.75409) Objections *to Revised Exhibits*, filed by Environment Texas Citizen Lobby, Inc., Sierra Club. (Kratka, Joshua) (Entered: 11/16/2020) |
| 03/02/2021 | 302 (p.75425) | SECOND REVISED FINDINGS OF FACT AND CONCLUSIONS OF LAW. (Signed by Judge David Hittner) Parties notified.(ealexander, 4) (Entered: 03/02/2021) |
| 03/02/2021 | 303 (p.75480) | FINAL JUDGMENT. Case terminated on March 2, 2021(Signed by Judge David Hittner) Parties notified.(ealexander, 4) (Entered: 03/02/2021) |
| 03/08/2021 | 304 (p.75482) | Unopposed MOTION for Extension of Time for Submission of Plaintiffs' Application for Attorneys' Fees, Expert Fees, and Costs by Environment Texas Citizen Lobby, Inc., Sierra Club, filed. Motion Docket Date 3/29/2021. (Attachments: # 1 Proposed Order, # 2 Exhibit 1 - Order Granting Clarification)(Kratka, Joshua) (Entered: 03/08/2021) |
| 03/09/2021 | 305 (p.75490) | ORDER granting 304 (p.75482) Motion for Extension of Time. Plaintiffs must submit their application for attorneys' fees, expert fees, and costs no later than 60 days following the date of the final mandate from the Fifth Circuit Court of Appeals resolving Defendants' appeal.(Signed by Judge David Hittner) Parties |

| | | |
|---|---|---|
| | | notified.(ealexander, 4) (Entered: 03/09/2021) |
| 03/19/2021 | 306 (p.75491) | MOTION The Exxonmobil Defendants' Rule 52(b) Motion for Additional Findings by ExxonMobil Chemical Company, ExxonMobil Corporation, ExxonMobil Refining and Supply Company, filed. Motion Docket Date 4/9/2021. (Attachments: # 1 Proposed Order)(Nichols, Eric) (Entered: 03/19/2021) |
| 03/25/2021 | 307 (p.75499) | RESPONSE in Opposition to 306 (p.75491) MOTION The Exxonmobil Defendants' Rule 52(b) Motion for Additional Findings, filed by Environment Texas Citizen Lobby, Inc., Sierra Club. (Kratka, Joshua) (Entered: 03/25/2021) |
| 04/05/2021 | 308 (p.75504) | ORDER denying 306 (p.75491) Rule 52(b) Motion for Additional Findings.(Signed by Judge David Hittner) Parties notified.(ealexander, 4) (Entered: 04/06/2021) |
| 04/12/2021 | 309 (p.75505) | NOTICE OF APPEAL to US Court of Appeals for the Fifth Circuit re: 302 (p.75425) Order, 303 (p.75480) Final Judgment by ExxonMobil Chemical Company, ExxonMobil Corporation, ExxonMobil Refining and Supply Company (Filing fee $ 505, receipt number 0541-26264574), filed.(Post, Russell) (Entered: 04/12/2021) |
| 04/13/2021 | 310 (p.75508) | Clerks Notice of Filing of an Appeal. The following Notice of Appeal and related motions are pending in the District Court: 309 (p.75505) Notice of Appeal,. Fee status: Paid, filed. (Attachments: # 1 Notice of Appeal) (JenniferLongoria, 1) (Entered: 04/13/2021) |
| 04/13/2021 | | Appeal Review Notes re: 309 (p.75505) Notice of Appeal,. Fee status: Paid. The appeal filing fee has been paid or an ifp motion has been granted.Hearings were held in the case - transcripts were produced. Number of DKT-13 Forms expected: 1, filed.(JenniferLongoria, 1) (Entered: 04/13/2021) |
| 04/19/2021 | 311 (p.75512) | DKT13 TRANSCRIPT ORDER REQUEST by Exxon Defendants/Russell S Post. Transcript is already on file in Clerks office regarding N/A. (No transcript is needed). Court Reporter/Transcriber: Gayle Dye. This order form relates to the following: 309 (p.75505) Notice of Appeal,, filed.(Post, Russell) (Entered: 04/19/2021) |
| 04/21/2021 | | (Court only) Set/Cleared Flags. APPEAL_NAT flag cleared. ROA requested by 5th Circuit, due on 5/6/2021. (scastillo, 1) (Entered: 04/21/2021) |

# TAB 2

Notice of Appeal

(ROA.75509)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ENVIRONMENT TEXAS CITIZEN LOBBY, INC. *and* SIERRA CLUB, | § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIVIL ACTION NO. H-10-4969 |
| EXXON MOBIL CORPORATION, *et al*., | § § § | |
| *Defendants*. | § § § | JUDGE DAVID HITTNER |

## NOTICE OF APPEAL

Notice is hereby given that Defendants Exxon Mobil Corporation, ExxonMobil Chemical Company, and ExxonMobil Refining and Supply Company ("The ExxonMobil Defendants") respectfully file this protective notice of appeal to the United States Court of Appeals for the Fifth Circuit from the Final Judgment (ECF Doc. No. 303), entered on March 2, 2021, the Second Revised Findings of Fact and Conclusions of Law (ECF Doc. No. 302), entered on March 2, 2021, and the Order denying the ExxonMobil Defendants' Rule 52(b) Motion for Additional Findings (ECF Doc. No. 306), entered on April 5, 2021.

This notice of appeal relates to No. 17-20545, which is currently pending in the Fifth Circuit.

On July 29, 2020, the Fifth Circuit issued an opinion in No. 17-20545 in which it decreed as follows:

> We VACATE the district court's judgment and REMAND for the limited purpose of allowing the district court to make additional findings on traceability and the Act of God defense. The case will then be returned to this panel.

In response to a motion for clarification, the Fifth Circuit also explained that "no judgment is entered, our court retains jurisdiction, a party need not file a new appeal after the district court enters its findings, and this panel remains assigned to the case." Order of August 10, 2020 in No. 17-20545. The Fifth Circuit explained that this disposition "differs from the ordinary 'vacate and remand,' in which a party unhappy with the result on remand needs to a file new appeal, which is then randomly assigned to a new panel." *Id*. And it specifically stated "[t]his appeal— Case Number 17-20545—remains pending in this court." *Id*.

Thus, the ExxonMobil Defendants do not believe a new notice of appeal is technically necessary. Nevertheless, because the district court did not merely issue new findings of fact, but also entered a new judgment, the ExxonMobil Defendants file this protective notice of appeal to assure that the Fifth Circuit has jurisdiction to review the new findings and the new judgment. *See* Fed. R. App. P. 3(a)(1) (notice of appeal required for appeal as of right). As directed by the prior opinion, this appeal should be assigned to the same panel as No. 17-20545.

By:   */s/ Eric J.R. Nichols*
      Eric J.R. Nichols
      State Bar No. 14994900
      Fed. ID No. 13066
      BUTLER SNOW LLP
      1400 Lavaca Street, Suite 1000
      Austin, Texas 78701
      Tel:  512-802-1800
      Fax:  512-708-1801
      Email:  eric.nichols@butlersnow.com

      **ATTORNEY-IN-CHARGE**
      **FOR DEFENDANTS**

**OF COUNSEL:**
BECK REDDEN LLP
Fields Alexander
State Bar No. 00783528
Fed. ID No. 16427
falexander@beckredden.com
Russell S. Post
State Bar No. 00797258
S.D. Tex. Bar No. 23206
rpost@beckredden.com
1221 McKinney, Suite 4500
Houston, Texas 77010-2010
Tel:  713-951-3700
Fax:  713-951-3720

## CERTIFICATE OF SERVICE

The undersigned certifies that at true and correct copy of the foregoing document was served on all counsel of record through the court's electronic filing system on the April 12, 2021.

      */s/ Eric J.R. Nichols*
      Eric J.R. Nichols

17-20545.75507

# TAB 3

Second Revised Findings of Facts & Conclusions of Law

(ROA.75425)

United States District Court
Southern District of Texas
**ENTERED**
March 02, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ENVIRONMENT TEXAS CITIZEN LOBBY, INC. *and* SIERRA CLUB, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. H-10-4969 |
| EXXONMOBIL CORPORATION, EXXONMOBIL CHEMICAL COMPANY, *and* EXXONMOBIL REFINING AND SUPPLY COMPANY, | § § § § § § | |
| Defendants. | § | |

SECOND REVISED FINDINGS OF FACT & CONCLUSIONS OF LAW[1]

On February 10, 2014, this Court commenced a non-jury trial in the above-entitled matter. During the course of the thirteen-day proceeding, the Court received evidence and heard sworn testimony.[2] On December 17, 2014, having considered

---

[1] As explained further below, the Fifth Circuit vacated the Court's prior judgment as expressed in the Revised Findings of Fact and Conclusions of Law. However, in vacating the Court's prior judgment, the Fifth Circuit remanded the case for the limited purpose of allowing the district court to make additional findings as to the traceability element of standing and the Act of God defense. *See Env't Tex. Citizen Lobby, Inc. v. ExxonMobil Corp.*, 968 F.3d 357, 375 (5th Cir. 2020). Because the Court's prior judgment was vacated in whole and not in part, where the Court's prior findings were undisturbed or upheld by the Fifth Circuit, the Court reincorporates the prior findings into these Second Revised Findings of Fact and Conclusions of Law.

[2] The parties submitted 1,148 exhibits that span thousands of pages, and 25 witnesses testified.

the evidence, testimony, and oral arguments presented during the trial, along with post-trial submissions[3] and the applicable law, the Court entered its initial findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52(a). The judgment was appealed. The Fifth Circuit vacated the Court's judgment and remanded the case for the determination of a new judgment as consistent with the Circuit's opinion. On April 26, 2017, the Court issued revised findings of fact and conclusions of law, along with a revised judgment. The revised judgment was appealed. The Fifth Circuit vacated the Court's revised judgment and remanded the case for determination of a new judgment based on limited additional findings in compliance with the Circuit's opinion. Accordingly, the Court issues the following second revised findings of fact and conclusions of law, as consistent with the instructions on remand from the Fifth Circuit following the vacatur of the Court's revised judgment. Any finding of fact that should be construed as a conclusion of law is hereby adopted as such. Any conclusion of law that should be construed as a finding of fact is hereby adopted as such.

---

[3] The post-trial submissions considered by the Court in issuing its initial findings of fact and conclusions of law included the plaintiffs' and the defendants' original proposed findings of fact and conclusions of law, which are 455 pages and 361 pages in length, respectively.

17-20545.75426

# I. BACKGROUND

On December 13, 2010, Plaintiffs Environment Texas Citizen Lobby, Inc. ("Environment Texas") and Sierra Club ("Sierra Club") (collectively, "Plaintiffs") brought suit under the citizen suit provision of the federal Clean Air Act (the "CAA"), 42 U.S.C. § 7604, against Defendants ExxonMobil Corporation, ExxonMobil Chemical Company, and ExxonMobil Refining and Supply Company (collectively, "Exxon"). The case concerns Exxon's operation of a refinery, olefins plant, and chemical plant located in Baytown, Texas (the "Complex"), which is a suburb of Houston and within Harris County. Plaintiffs seek a declaratory judgment, penalties,[4] injunctive relief, and appointment of a special master for events at the Complex involving unauthorized air emissions or deviations from one of the Complex's air permits, during a period spanning from October 14, 2005, to September 3, 2013.

On December 17, 2014, the Court issued its initial findings of fact and conclusions of law.[5] Plaintiffs appealed the decision to the Fifth Circuit. On May 27, 2016, the Fifth Circuit issued an opinion vacating the Court's judgment and

---

[4] Plaintiffs originally requested $1,023,845,000 in penalties, but later reduced their request to $642,697,500 to account for overlapping violations alleged in the various counts of the complaint. On the first remand to this Court, Plaintiffs sought $40,815,618 in penalties. Plaintiffs now seek $19,951,278 in penalties, based on the Court's penalty assessment from the revised judgment.

[5] *Findings of Fact & Conclusions of Law*, Document No. 225.

3

remanding for assessment of penalties based on the violations actionable as consistent with its opinion.[6]

On April 26, 2017, the Court issued revised findings of fact and conclusions of law and a revised judgment.[7] Exxon appealed the decision to the Fifth Circuit. On July 29, 2020, the Fifth Circuit vacated the Court's revised judgment and remanded for the limited purpose of allowing the Court to make additional findings as to: (1) traceability; (2) Exxon's Act of God affirmative defense; and (3) penalties.[8]

On August 5, 2020, the Court ordered the parties to submit second revised proposed finding of facts and conclusions of law consistent with limited remand from the Fifth Circuit. On October 19, 2020, the parties submitted their proposals. Having considered the Fifth Circuit's opinion, the parties' second revised proposals,[9] the Court amends its revised conclusions of law, as follows, as to traceability, the Act of God defense, and its judgment on the amount of penalties to be assessed.[10]

---

[6] *Env't Tex. Citizen Lobby, Inc. v. ExxonMobil Corp.*, 824 F.3d 507 (5th Cir. 2016).

[7] *Revised Findings of Fact and Conclusions of Law*, Document No. 257; *Final Judgment*, Document No. 258.

[8] *Env't Tex. Citizen Lobby, Inc. v. ExxonMobil Corp.*, 968 F.3d 357, 374–75 (5th Cir. 2020) ("*ETCL II*").

[9] On limited remand, the Court considered the parties' second revised proposed findings of fact and conclusions of law and, where relevant, the parties initial proposed findings of fact and conclusions of law and submissions from the first remand to this Court.

[10] To the extent the below revised findings do not replace or amend the Court's Revised Findings of Fact and Conclusions of Law entered on April 26, 2017, the Court's prior findings and conclusions remain fully in effect. Specifically, the Court reincorporates

4

17-20545.75428

# III. CONCLUSIONS OF LAW

## A.  *Standing*

1.    "Congress granted 'any person' the right to sue under the Clean Air Act." *ETCL II*, 968 F.3d at 364 (quoting 42 U.S.C. § 7604(a)). The term "person" includes organizations, such as corporations and partnerships. 42 U.S.C. § 7602(e). An organization "has standing to bring suit on behalf of its members when: (1) its members would otherwise have standing to sue in their own right; (2) the interests it seeks to protect are germane to the organization's purpose; and (3) neither the claim asserted nor the relief requested requires the participation of individual members." *Texans United for a Safe Econ. Educ. Fund v. Crown Cent. Petroleum Corp.*, 207 F.3d 789, 792 (5th Cir. 2000). Exxon does not contest the second and third requirements, and the Court finds these requirements are met. At issue is the first requirement.

2.    In order for a member to have standing to sue in his or her own right, (1) he or she must have suffered an actual or threatened injury, (2) that is fairly traceable to the defendant's action, and (3) the injury must likely be redressed if the plaintiff prevails in the lawsuit. *Id.* Furthermore, "a plaintiff needs standing for each

---

by reference all the Findings of Fact from the Court's Revised Findings of Fact and Conclusions of Law entered on April 26, 2017. *Revised Findings of Fact and Conclusions of Law*, Document No. 257, ¶¶ II.1–II.25.

17-20545.75429

violation for which it seeks a penalty." *ETCL II*, 968 F.3d at 366. The plaintiff bears the burden to prove the requirements for standing by a preponderance of the evidence if the case is tried. *Id.* at 367; *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). When determining whether the plaintiff has met its burden, the "factfinder may rely on circumstantial evidence and draw reasonable inferences from the evidence." *ETCL II*, 968 F.3d at 367 (citing *Friends of the Earth v. Gaston Copper Recycling Corp.*, 204 F.3d 149, 163 (4th Cir. 2000)). The Fifth Circuit determined the Court correctly found Plaintiffs established injury-in-fact and redressability. Therefore, the Court reincorporates its prior conclusions of law as to injury-in-fact and redressability.[11] The Court revises its conclusions of law to address traceability for each violation.

### a.   *Injury-in-Fact*[12]

### b.   *Traceability*

5.     On limited remand, Plaintiffs contend they have established traceability as to 9,803 days of violations. In tabulating this number, Plaintiffs voluntarily

---

[11] *Revised Findings of Fact and Conclusions of Law*, Document No. 257 at 30–31, 34–35.

[12] Because the Court reincorporates by reference its previous conclusions of law as to injury-in-fact, ¶¶ III.3–III.4 from the Court's Revised Findings of Fact and Conclusions of Law is omitted in the foregoing analysis.

6

17-20545.75430

exclude any violations involving the release of one pound or less of a pollutant.[13] Exxon contends Plaintiffs have only produced evidence to establish traceability as to five events resulting in forty days of violations.[14]

6.     So long as there is a fairly traceable connection between a plaintiff's injury and the defendant's violation, the traceability requirement of standing is satisfied. *Comer v. Murphy Oil USA*, 585 F.3d 855, 864 (5th Cir. 2009). To confer standing, the plaintiff's injury does not have to be linked to exact dates that the defendant's violations occurred, and the plaintiff does not have to "show to a scientific certainty that defendant's [emissions], and defendant's [emissions] alone, caused the precise harm suffered by the plaintiffs." *Texans United*, 207 F.3d at 793; *Save Our Cmty.*, 971 F.2d at 1161 (internal quotation marks omitted); *see Tex. Campaign for the Env't v. Lower Colo. River Auth.*, No. H-11-791, 2012 WL 1067211, at *4–5 (S.D. Tex. Mar. 28, 2012) (Miller, J.). Rather, to establish traceability, plaintiffs must show: (1) "that each violation in support of their claims

---

[13] *Plaintiffs' Notice of Filing Proposed Findings of Fact and Conclusions of Law on Limited Remand*, Document No. 298, Attachment 1 at 21 (*Plaintiffs' Proposed Findings of Fact and Conclusions of Law on Limited Remand*) [hereinafter *Plaintiffs' Proposed FFCL on Limited Remand*].

[14] The Court's previous definition of a "violation" and "days of violations" was undisturbed by the Circuit on remand. Accordingly, the Court uses a pollutant-by-pollutant approach for each violation, based on a 24-hour day, as discussed in the Court's Revised Findings of Facts and Conclusions of Law. *See Revised Findings of Fact and Conclusions of Law*, Document No. 257, ¶¶ III.25–III.26.

7

17-20545.75431

causes or contributes to the kinds of injuries they allege[;]" and (2) "the existence of a specific geographic or other causative nexus such that the violation could have affected their members." *ETCL II*, 968 F.3d at 369–70 (internal quotations marks and citations omitted).

      6a.    A violation will satisfy the first prong for traceability if the violation (1) "could cause or contribute to flaring, smoke, or haze"; "(2) released pollutants with chemical odors; or (3) released pollutants that cause respiratory or allergy-like symptoms." *Id.* at 370–71. For the second prong, the geographic nexus inquiry, the plaintiff must show each violation resulted in emissions of pollutants that could have reached beyond the Complex to affect Plaintiffs' members. *Id.* This showing is "satisfied if the emission (i) violated a nonzero emissions standard, (ii) had to be reported under Texas regulations, or (iii) is otherwise proven to be of sufficient magnitude to reach Baytown neighborhoods outside the Exxon complex in quantities sufficient to cause chemical odors, allergy-like symptoms, or respiratory symptoms."[15] *Id.* However, the Fifth Circuit made it clear, "the geographic nexus

---

[15] Events that must be reported under Texas regulations include "[a]ny emissions event that in any 24-hour period, results in an unauthorized emission from any emissions point equal to or in excessive the reportable quantity." 30 Tex. Admin. Code § 101.1(88); *see* 30 Tex. Admin. Code § 101.201(a); *Revised Findings of Fact and Conclusions of Law*, Document No. 257, ¶ II.5. At trial, Plaintiffs did not assert that any recordable emission events were improperly characterized and should have been treated as reportable emissions events. Further, it was undisputed that Exxon complied with the reporting and recording requirements, as shown in the stipulated spreadsheets showing the Events and Deviations. *See Revised Findings of Fact and Conclusions of Law*, Document No. 257, ¶ II.5. Therefore, the Court considers only violations listed as Reportable Events when

17-20545.75432

inquiry is unnecessary for any violation that could have caused or contributed to flaring, smoke, or haze, even if the emission was of a small magnitude." *Id.* at 371. As such, traceability is established for any violation the Plaintiffs demonstrate could have caused or contributed to flaring, smoke, or haze. *See id.*

6b.    Because demonstrating a violation could cause or contribute to flaring, smoke, or haze is enough to establish traceability, the Court first addresses violations within that category. The Court then turns to the remaining violations to identify any that Plaintiffs show resulted in emissions of pollutants that could cause or contribute to chemical odors or allergy-like or respiratory symptoms, and conducts the applicable geographic nexus inquiry for those violations.[16]

### *i.    Flaring, Smoke, and Haze Violations*

6c.    The evidentiary support cited by Plaintiffs to establish traceability as to violations that could cause or contribute to flaring, smoke, and haze includes: (1) Plaintiffs' Exhibits 1A through 7E and Exhibits 587 through 594; and (2) testimony of various witnesses presented at trial. On the limited remand, Plaintiffs also

---

determining whether the geographic nexus inquiry is satisfied based on required reporting under Texas regulations.

[16] The Court notes, when calculating its totals, it accounted for violations where traceability could be established in multiple ways (for example, if the Court found the violation caused or contributed to flaring, it did not then consider whether the same violation also caused or contributed to smoke or a chemical odor). The Court also excluded any violation that involved a pound or less of emitted pollutants based on Plaintiffs' voluntary exclusion on limited remand.

17-20545.75433

submitted resorted versions of Plaintiffs' Exhibits 587, 588, and 591 through 594

(the "Traceability Spreadsheets").[17]

6d.    As to flaring violations, Plaintiffs contend traceability is established for

any violation that the emission point occurred at a flare. Plaintiffs elicited testimony

at trial to show flaring occurs when gasses combust or burn at a flare stack, resulting

---

[17] *Plaintiffs' Notice of Filing Proposed Findings of Fact and Conclusions of Law on Limited Remand*, Document No. 297, Exhibit 1 (*Description of Revised Versions of Plaintiffs' Exhibits 587–88 & 591–94*) [hereinafter *Description of the Traceability Spreadsheets*], Exhibits 2–7 (*Revised Plaintiffs' Exhibits 587–88, 591–94*) [hereinafter *Traceability Spreadsheets*]. Plaintiffs do not submit resorted versions of 589 and 590, as they pertain to Count II violations, which are duplicative of violations listed for the refinery in the resorted versions of Exhibits 587 and 588. *Plaintiffs' Proposed FFCL on Limited Remand*, *supra* note 13, at 6 n.1. The Traceability Spreadsheets show how repeated violations of specific emissions were identified and calculated and includes an additional column with traceability codes for each violation for which Plaintiffs contend they have established traceability. The spreadsheets were submitted to the Court in native format. Exxon objects to the Traceability Spreadsheets on the bases they: (1) provide new evidence not previously submitted at trial; (2) are not admissible as summaries; (3) are unreliable; and (4) do not comport with opinion evidence under Federal Rules of Evidence 701 and 702. Plaintiffs contend the Traceability Spreadsheets are only to be considered as demonstrative aids and do not provide any new evidence. The Court may consider pedagogical aids used only for demonstrative purposes to clarify or amplify a party's argument based on evidence already admitted into the record. *See United States v. Buck*, 324 F.3d 786, 790 (5th Cir. 2003). Having carefully reviewed the Traceability Spreadsheets and applicable law, the Court finds the Traceability Spreadsheets are only being used by Plaintiffs to demonstrate their contention as to those violations for which the evidence presented at trial establishes traceability. Accordingly, The ExxonMobil Defendants' Objections to Plaintiffs' Revised Exhibits Field With Proposed Findings of Fact and Conclusions of Law (Document No. 300) are overruled. The Court will consider the Traceability Spreadsheets only as a demonstrative aid and not evidence. As such, any information presented in the Traceability Spreadsheets that is not supported by evidence presented at trial will be disregarded.

in flame coming out of the tip of the flare stack.[18] Plaintiffs do not provide any testimony or other support to show that every violation where the emission point was a flare could have caused or contributed to flaring. For example, Plaintiffs assert traceability is established as a flaring violation when two pilot outages occurred on flare stack 14 resulting in the release of two pounds of hydrogen sulfide from flare stack 14.[19] Plaintiffs' expert, Dr. Ranajit Sahu ("Dr. Sahu"), testified that if the pilot flames are not lit, there can be no combustion in the flare.[20] Therefore, while such violations may have occurred at a flare stack or involved a flare stack, it does not show that the violation caused or contributed to flaring.

6e.    At trial, Plaintiffs' witness, Kevin Bowers, testified that when a compressor on a process unit at a refinery or chemical plant trips or shuts down, it leads to flaring.[21] Thus, the Court finds traceability has been established for any violation where the cause describes flaring or the failure of a compressor and the emissions point occurred at a flare stack, as the violation could have caused or contributed to flaring. Having reviewed the Events and Deviations for said

---

[18] *Trial Transcript* at 3-26:2–12.

[19] *Plaintiffs' Notice of Filing Proposed Findings of Fact and Conclusions of Law on Limited Remand*, Document No. 297, Exhibit 3 at 10, line 252 (*PX 587 – Count I – Refinery Steers Events – Sorted by Pollutant – Totals Added – Traceability Codes Added*).

[20] *Trial Transcript* at 5-104:10–12.

[21] *Trial Transcript* at 4-136:15–21.

17-20545.75435

violations, the Court finds the evidence supports a finding of traceability as to the following violations that could have caused or contributed to flaring:

| | Category | Violations | Days of violations |
|---|---|---|---|
| Count I | Refinery STEERS | 55 | 99 |
| | Refinery Recordable | 909 | 1,017 |
| Count II | Olefins STEERS | 165 | 248 |
| | Olefins Recordable | 99 | 115 |
| | Chemical Plant STEERS | 76 | 93 |
| | Chemical Plant Recordable | 189 | 214 |
| Count III | Olefins & Chemical Plant STEERS | 10 | 15 |
| | **Totals** | **1503** | **1801** |

6f.    As to smoke violations, Plaintiffs assert they have established traceability for any violation that involves opacity or the emission of particulate matter. At trial, Jeffrey Kovacs ("Kovacs"), an Exxon employee working in the Security, Safety, Health, and Environmental Department,[22] testified "Opacity is basically smoke . . . from a fire."[23] Kovacs further explained, "[o]pacity is an indirect measurement from a flare for particulate matter"[24] and the higher the opacity, the greater the particulate matter released.[25]

---

[22] *Trial Transcript* at 2-194:13–19.

[23] *Trial Transcript* at 3-16:2.

[24] *Trial Transcript* at 3-16:4–5.

[25] *Trial Transcript* at 3-17:12–14.

17-20545.75436

6g.     Considering the testimony presented by Kovacs and the descriptions provided in Plaintiffs' exhibits, the Court finds that traceability has been established for any violation where the cause describes smoke, opacity, or smoldering, or indicates an opacity percentage or emission of particulate matter. Having reviewed the Events and Deviations for said violations, the Court finds Plaintiffs have established traceability as to the following violations that could have caused or contributed to smoke:

| | Category | Violations | Days of violations |
|---|---|---|---|
| Count I | Refinery STEERS | 40 | 134 |
| | Refinery Recordable | 57 | 191 |
| Count II | Olefins STEERS | 16 | 42 |
| | Olefins Recordable | 108 | 166 |
| | Chemical Plant STEERS | 3 | 3 |
| | Chemical Plant Recordable | 7 | 8 |
| Count VI | Refinery, Olefins & Chemical Plant | 42 | 44 |
| | Totals | 273 | 588 |

6h.     As to haze violations, Plaintiffs contend traceability is established for any pollutant that could contribute to ground-level ozone, or smog, because ozone is the same as visible haze.[26] Plaintiffs cite to case law from outside the Fifth Circuit

---

[26] While the Fifth Circuit did not specifically define what constitutes "haze," testimony and other uses of the term suggest haze is a visibility impairment produced by a variety of pollutants. *See e.g.*, *Trial Transcript* at 1-202:2–15 (describing how haze coming from the Complex could be seen from the bridge going over the Houston Ship Channel); *Sierra Club v. EPA*, 939 F.3d 649, 653 n.3 (5th Cir. 2019) (discussing regional haze as a

17-20545.75437

to support this proposition, as well as evidence in the record that shows various pollutants, such as nitrogen oxides and volatile organic compounds ("VOCs"), contribute to the creation of ground-level ozone.

6i.    With respect to the case law provided by Plaintiffs, findings from another court about facts in an unrelated matter does not constitute evidence from which this Court can determine traceability as to violations at the Complex. Plaintiffs' expert, Dr. Edward Brooks ("Dr. Brooks"), testified that "[o]zone is formed from sunlight, oxides and nitrogen, certain organic compounds, and . . . probably formaldehyde and nitrous acid. It's a very complicated air quality chemistry that goes on. . . . [Ozone] is not a primary pollutant. It's a secondary that requires these inputs. . . . [T]he predominate predictor of ozone formation in Houston was from these highly reactive volatile organic compounds produced in refineries and other -- point source emissions."[27] Dr. Brooks further testified ozone is a component of urban smog.[28] However, Dr. Brooks did not testify what amount of emissions of these pollutants and what combination of these pollutants could

---

visibility impairment caused by multiple sources and activities that are located across a broad geographical area).

[27] *Trial Transcript* at 7-143:16–25 to 7-144:1.

[28] *Trial Transcript* at 7-147:19–21.

17-20545.75438

contribute to ground-level ozone that would become visible. Dr. Brooks also did not testify that smog or ozone equate to haze.

6j.     Plaintiffs further cite to evidence containing information from the EPA and the Agency for Toxic Substances & Disease Registry as to various pollutants, such as nitrogen oxides ("NOx"), volatile organic compounds ("VOCs") and carbon monoxide ("CO").[29] Like Dr. Brook's testimony, these exhibits link these pollutants to the formation of ground-level ozone and do not reference haze. Thus, the Court finds Plaintiffs fail to establish traceability as to any violations that could have caused or contributed to haze based on the evidence presented about ozone.[30]

### ii.     *Violations Involving Chemical Odors*

6k.     Plaintiffs contend they produced sufficient evidence to establish traceability as to 1,826 days of violations resulting from pollutants that cause or

---

[29] *Plaintiffs' Exhibits* 520–22, 527.

[30] The Court notes that Kingman, Aguirre, and Sprayberry all testified as to seeing haze coming from the Complex. *See Revised Findings of Fact and Conclusions of Law*, Document No. 257, ¶¶ II.19–II.20, II.22. Plaintiffs also questioned Kovacs about a March 2011 incident where a caller complained about haze over the Complex. *Trial Transcript* at 3-12:22–25; 3-13:1–8. It is undisputed that such testimony, when linked to violations in the stipulated spreadsheets, is sufficient to establish traceability for those violations. However, only the testimony of Sprayberry was linked to specific violations. *Revised Findings of Fact and Conclusions of Law*, Document No. 257, ¶ II.22. The Court does not include those violations in its traceability analysis as to violations that cause or contribute to haze, because the two violations Sprayberry testified to also caused or contributed to flaring. Thus, traceability has already been established and the two violations have already been included in the calculated days of violations for flaring.

17-20545.75439

contribute to chemical odors and meet the geographic nexus inquiry.[31] Exxon contends Plaintiffs have not established any violation can be traced outside the Complex in sufficient quantities to affect Plaintiffs' members.

6m.    At trial, Plaintiffs produced evidence to show the following pollutants cause or contribute to chemical odors: (1) ammonia;[32] (2) benzene;[33] (3) carbon disulfide;[34] (4) ethylbenzene;[35] (5) hydrogen chloride;[36] (6) hydrogen sulfide;[37] (7) sulfur dioxide;[38] (8) toluene;[39] and (9) xylene[40] (collectively, the "Odor Pollutants"). Considering this evidence, the Court finds any violation where one of the Odor

---

[31] This number is the sum of Plaintiffs' calculations of violations that cause or contributed to chemical odors based on: 11 days of violations for nonzero emissions standard, 1,706 days of violations that involved a reportable quantity of pollutant, and 109 days of violations that were of a sufficient magnitude to reach beyond the Complex. *Plaintiffs' Proposed FFCL on Limited Remand, supra* note 13, at 16–20. The Court notes this calculation does not take into consideration prior days of violations that overlap with other traceability categories.

[32] *Trial Transcript* at 11-60:21–21 to 11-62:4.

[33] *Plaintiffs' Exhibits* 541–43.

[34] *Plaintiffs' Exhibit* 533.

[35] *Plaintiffs' Exhibits* 544, 546.

[36] *Plaintiffs' Exhibit* 535.

[37] *Plaintiffs' Exhibit* 544.

[38] *Plaintiffs' Exhibit* 526; *Trial Transcript* at 7-76:18–22.

[39] *Plaintiffs' Exhibit* 548–50.

[40] *Plaintiffs' Exhibit* 552.

17-20545.75440

Pollutants was emitted caused or contributed to a chemical odor. The Court therefore turns to whether the violations where the Odor Pollutants were emitted satisfy the geographic nexus test by having exceeded a nonzero emissions limit, was required to be reported under Texas regulations, or was proven to be of a sufficient magnitude reach Baytown neighborhoods outside the Complex in quantities that would cause chemical odors. *See ETCL II*, 968 F.3d at 370–71.

    6n.    Each of Plaintiffs' Exhibits 591 through 594 and the corresponding Traceability Spreadsheets include is a column that indicates the reported emissions limit or permit limit for each pollutant.[41] When these columns provide a number that is greater than zero, this is what is called a nonzero emissions standard. For any violation where one of the Odor Pollutants was emitted in an amount greater than the indicated nonzero emissions limit, the Court finds traceability has been established. Having reviewed the Events and Deviations for said violations, the Court finds Plaintiffs have established standing as to eleven violations, totaling eleven days of violations.[42]

---

    [41] The Court has reviewed the Traceability Spreadsheets in comparison to Plaintiffs' stipulated spreadsheets from trial and those resorted and produced from the first remand and the Court determines the columns and amounts indicating the emissions limits are the same.

    [42] *See Plaintiffs' Exhibits* 592, 594; *Traceability Spreadsheets*, *supra* note 17, Exhibits 5, 7.

17-20545.75441

6p.    Plaintiffs' exhibits also provide a column that indicates the amount of the pollutant that was emitted in pounds per hour. Texas law provides the following "reportable quantities" for each of the Odor Pollutants:

- Ammonia – 100 lbs.;
- Benzene – 10 lbs.;
- Carbon disulfide – 100 lbs.;
- Ethylbenzene – 100 lbs.;
- Hydrogen Chloride – 5,000 lbs.;
- Hydrogen Sulfide – 100 lbs.;
- Sulfur Dioxide – 500 lbs.;
- Toluene – 100 lbs.; and
- Xylene – 100 lbs.

*See* 30 Tex. Admin. Code § 101.1(89)(A)(i), (ii); 40 C.F.R. Part 302, Table 302.4; 40 C.F.R. Part 355, App. A. If the violation includes a mixture of air pollutants where the relative amount of each individual pollutant is unknown, the reportable quantity is any amount of the mixture that equals or exceeds the reportable quantity for any single pollutant that is present in the mixture. 30 Tex. Admin. Code § 101.1(89)(B)(ii).[43] When a violation shows the emitted amount of one of the Odor

---

[43] The Court notes that this part of the statute becomes relevant for certain violations that show several different pollutants, but do not provide specific emissions in pounds for each pollutant. For example, in Plaintiffs' Exhibit 587 and Traceability Spreadsheet Exhibit 2, STEERS event 110887 shows a release of 5,357 pounds of various pollutants, including ethylbenzene, toluene, and xylene. Though the specific emissions as to each of these Odor Pollutants is not provided, under Texas law, the reportable quantity would be equal to any single pollutant present. Thus, for this violation the reportable quantity is 100 pounds.

17-20545.75442

Pollutants exceeds the reportable quantity for that pollutant and was reported,[44] the Court finds traceability has been established. Having reviewed the Events and Deviations for said violations, the Court finds Plaintiffs have established standing as to 76 violations, totaling 354 days of violations.[45]

6q.    Lastly, Plaintiffs contend traceability is established as to 109 violations that were of a sufficient magnitude to reach Baytown neighborhoods outside the Complex in sufficient quantities to cause chemical odors.[46] Exxon contends that Plaintiffs have not shown any of the pollutants from the violations exceeded industry standards or were sufficient in magnitude to affect Plaintiffs' members outside the Complex.

6r.    Plaintiffs point to the testimony of Mr. Cabe and Dr. Fraiser about air dispersion analyses that show in at least 144 instances, the events caused an offsite pollutant concentration in excess of air comparison values ("ACVs").[47] ACVs

---

[44] *See supra* ¶ III.6 n.15.

[45] The breakdown for each section at the Complex is as follows: (1) 66 violations, totaling 320 days of violations from refinery Reportable Events; (2) six violations, totaling 28 days of violations from the olefins plant Reportable Events; and (3) four violations, totaling six days of violations from the chemical plant Reportable Events. *See Plaintiffs' Exhibits* 587, 591, 593; *Traceability Spreadsheets, supra* note 17, Exhibits 2, 4, 6.

[46] Plaintiffs note that several of the 109 violations may overlap with violations that traceability has already been established for in other categories. *See Plaintiffs' Proposed FFCL on Limited Remand, supra* note 13, at 20–21.

[47] *Trial Transcript* at 8-152:9–13, 8-155:2–12, 8-192:22 to 8-193:1.

17-20545.75443

include the National Ambient Air Quality Standards ("NAAQS"), which are federal standards set by the EPA, effects screening levels ("ESLs") set by Texas Commission on Environmental Quality, air monitoring comparison values, and a reference evaluation value.[48] Mr. Cabe testified none of the NAAQS were exceeded for the violations which he conducted air dispersion modeling and that exceeding an air comparison value in a model requires additional analysis by a toxicologist to determine if public health or safety was in danger.[49] Furthermore, Dr. Fraiser, a toxicologist, discussed in depth several of the violations that had been modeled and found that even in situations where the offsite pollutant exceeded ACVs, it would not have contributed to harmful pollution.[50] Plaintiffs do not point the Court to any evidence in the record to rebut this testimony or to show that, at these quantities offsite, the pollutants would have been sufficient to cause chemical odors. Based on the credible evidence presented at trial, the Court finds that Plaintiffs fail to establish traceability as to any violations where the Odor Pollutants were of a sufficient magnitude to reach outside the Complex in quantities sufficient to cause chemical odors.

---

[48] *Trial Transcript* at 8-125:21-25 to 8-126:2, 8-128:3–12.

[49] *Trial Transcript* at 8-127:5–14, 8-152:14–24.

[50] *See, e.g., Trial Transcript* at 9-119:10–21.

17-20545.75444

### iii.   *Violations Involving Allergy-Like or Respiratory Symptoms*

6s.   Plaintiffs contend they produced sufficient evidence to establish traceability as to 3,997 days of violations resulting from pollutants that cause or contribute to respiratory or allergy-like symptoms and meet the geographic nexus inquiry.[51] Exxon contends Plaintiffs have not established any violation can be traced outside the Complex in sufficient quantities to affect Plaintiffs' members.

6t.   At trial, Plaintiffs produced evidence to show the following pollutants cause or contribute to respiratory or allergy-like symptoms: (1) carbonyl sulfide;[52] (2) carbon monoxide;[53] (3) hydrogen cyanide;[54] and (4) nitrogen oxides[55] (collectively, the "Respiratory Pollutants").[56] Considering this evidence, the Court

---

[51] This number is the sum of Plaintiffs' calculations of violations that cause or contributed to respiratory or allergy-like symptoms based on: 70 days of violations for nonzero emissions standard, 3,814 days of violations that involved a reportable quantity of pollutant, and 113 days of violations that were of a sufficient magnitude to reach beyond the Complex. *Plaintiffs' Proposed FFCL on Limited Remand, supra* note 13, at 16–20. The Court notes this calculation does not take into consideration prior days of violations that overlap with other traceability categories.

[52] *Trial Transcript* at 11-60:21–21 to 11-62:4.

[53] *Plaintiffs' Exhibits* 541–43.

[54] *Plaintiffs' Exhibit* 533.

[55] *Plaintiffs' Exhibits* 544, 546.

[56] Plaintiffs also produced evidence that benzene, ethylbenzene, hydrogen chloride, hydrogen sulfide, sulfur dioxide, toluene, and xylene cause or contribute to respiratory or allergy-like symptoms. *Plaintiffs' Exhibits* 476, 524–26, 535–40, 542–46, 548–52. However, as violations involving these pollutants were already analyzed as part of the Odor Pollutants, consideration of these pollutants as part of the Respiratory Pollutants would

17-20545.75445

finds any violation where one of the Respiratory Pollutants was emitted caused or contributed to respiratory or allergy-like symptoms.

6u.    In addition to the Respiratory Pollutants, Plaintiffs contend the pollutants that the evidence shows contribute to ground-level ozone formation also contribute to respiratory or allergy-like symptoms, because ground-level ozone causes or contributes to respiratory or allergy-like symptoms. Evidence presented at trial shows it is undisputed that highly reactive volatile organic compounds ("HRVOCs")[57] contribute to the formation of ground-level ozone.[58] Dr. Brooks testified that ground-level ozone causes or contributes to respiratory or allergy-like

---

likely result in duplicate violations and days of violations. Accordingly, the Court does not reassess violations involving these overlapping pollutants as part of the Respiratory Pollutants.

[57] For Harris County, HRVOCs include: "one or more of the following volatile organic compounds (VOC): 1,3-butadiene; all isomers of butene (e.g., isobutene (2-methylpropene or isobutylene), alpha-butylene (ethylethylene), and beta-butylene (dimethylethylene, including both cis- and trans-isomers)); ethylene; and propylene." 30 Tex. Admin. Code § 115.10(21)(A).

[58] *Plaintiffs' Exhibits* 476 at 25; *Trial Transcript* at 7-143:17 to 7-144:1 (testimony of Dr. Brooks); 8-180:25 to 8-181:1; 8-205:6–19 (testimony of David Cabe). The Court notes Plaintiffs point to evidence that acetaldehyde, ethyltoluene, formaldehyde, nitrogen oxides, pentene, toluene, trimethylbenzene, volatile organic compounds, and xylene also cause or contribute to ground-level ozone formation. *Plaintiffs' Proposed FFCL on Limited Remand*, *supra* note 13, at 14. The Court does not include these pollutants, as they have already been included in an analysis of other traceability categories or the Court finds there was insufficient evidence presented by Plaintiffs to show that the pollutant caused or contributed to ozone formation.

17-20545.75446

symptoms.[59] Both Dr. Brooks and David Cabe, Exxon's environmental engineer and air pollution consultant,[60] testified that ground-level ozone requires certain pollutants and conditions, like sunlight, for formation to occur.[61] Dr. Brooks further testified that studies have shown ozone precursors, like HRVOCs, can form ozone downwind of the emission point of the precursor and at a later time than that of the emission.[62] Therefore, there is no certainty that HRVOCs emitted by the Complex actually contributed to ozone formation that would then cause or contribute to respiratory or allergy-like symptoms. However, traceability does not require "scientific certainty." *See ETCL II*, 968 F.3d at 370 (quoting *Save Our Cmty. v. EPA*, 971 F.2d 1155, 1161 (5th Cir. 1992)). The test is whether the pollutant *could* cause or contribute to respiratory or allergy-like symptoms. *Id.* at 371 (emphasis added). Thus, the Court finds Plaintiffs have shown that violations involving the emission of HRVOCs could cause or contribute to respiratory or allergy-like symptoms. The Court therefore turns to whether the violations where the Respiratory Pollutants or HRVOCs were emitted satisfy the geographic nexus test by having exceeded a nonzero emissions limit, was required to be reported under Texas regulations, or was

---

[59] *Trial Transcript* at 7-36:25 to 7-37:2; 7-148:9–19.

[60] *Trial Transcript* at 8-109:6–20.

[61] *Trial Transcript* at 7-143:17–22, 7-189:15–16, 8-186:12–14, 8-204:8–14

[62] *Plaintiffs' Exhibits* 476, 484; *Trial Transcript* at 7-144:14 to 7-146:5.

17-20545.75447

proven to be of a sufficient magnitude to reach Baytown neighborhoods outside the Complex in quantities that would cause chemical odors. *See id.* at 370–71.

6v.    Considering the same exhibits and columns discussed above,[63] the Court finds traceability has been established for any violation where one of the Respiratory Pollutants or HRVOCs was emitted in an amount greater than the indicated nonzero emissions limit. Having reviewed the Events and Deviations for said violations, the Court finds Plaintiffs have established traceability as to 24 violations, totaling 471 days of violations.[64]

6w.    Texas law provides the following "reportable quantities" for each of the Respiratory Pollutants and HRVOCs:

- Carbonyl Sulfide – 100 lbs.;
- Carbon monoxide – 5000 lbs.;
- Hydrogen Cyanide – 10 lbs.;
- Nitrogen Oxides – 200 lbs.;
- Ethylene – 100 lbs.;
- 1,3 Butadiene – 10 lbs.;
- Butenes – 100 lbs.; and
- Propylene – 100 lbs.

30 Tex. Admin. Code §§ 101.1(89), 115.10(21)(A); 40 C.F.R. Part 302, Table 302.4; 40 C.F.R. Part 355, App. A. If the violation includes a mixture of air pollutants where

---

[63] *See supra* ¶ III.6n.

[64] *See Plaintiffs' Exhibits* 592–94; *Traceability Spreadsheets*, *supra* note 17, at Exhibits 5–7.

24

17-20545.75448

the relative amount of each individual pollutant is unknown, the reportable quantity is any amount of the mixture that equals or exceeds the reportable quantity for any single pollutant that is present in the mixture. 30 Tex. Admin. Code § 101.1(89)(B)(ii).[65] When a violation shows the emitted amount of one of the Respiratory Pollutants or HRVOCs exceeds the reportable quantity for that pollutant and was reported,[66] the Court finds traceability has been established. Having reviewed the Events and Deviations for said violations, the Court finds Plaintiffs have established standing as to 114 violations, totaling 419 days of violations.[67]

6x.     Lastly, Plaintiffs contend traceability is established as to 113 violations that were of a sufficient magnitude to reach Baytown neighborhoods outside the

---

[65] The Court notes that this part of the statute becomes relevant for certain violations that show several different pollutants, but do not provide specific emissions in pounds for each pollutant. For example, in Plaintiffs' Exhibit 589 and Traceability Spreadsheet Exhibit 4, STEERS event 110886 shows a release of 3,650.46 pounds of various pollutants, including 1,3 butadiene, cis-2-butene, ethylene, and propylene. Though the specific emissions as to each of these HRVOCs is not provided, under Texas law, the reportable quantity would be equal to any single pollutant present. Here, that could be 10 lbs. or 100 lbs. In light of the Circuit's instructions on remand, the Court considered the higher amount when more than one reportable quantity could be used.

[66] *See supra* ¶ III.6 n.15.

[67] The breakdown for each section at the Complex is as follows: (1) 80 violations, totaling 359 days of violations from refinery Reportable Events; (2) 21 violations, totaling 47 days of violations from the olefins plant Reportable Events; (3) 10 violations, totaling 10 days of violations from the chemical plant Reportable Events; and (4) 3 violations, totaling 3 days of violations under Count III (specifically, the three STEERS event from the chemical plant).

17-20545.75449

Complex in sufficient quantities to cause respiratory or allergy-like symptoms.[68] Exxon contends that Plaintiffs have not shown any of the pollutants from the violations exceeded industry standards or were sufficient in magnitude to affect Plaintiffs' members outside the Complex.

6y.    Plaintiffs point to the testimony of Mr. Cabe and Dr. Fraiser about air dispersion analyses that show in at least 144 instances, the events caused an offsite pollutant concentration in excess of air comparison values ("ACVs").[69] ACVs include the National Ambient Air Quality Standards ("NAAQS"), which are federal standards set by the EPA, effects screening levels ("ESLs") set by Texas Commission on Environmental Quality, air monitoring comparison values, and a reference evaluation value.[70] Mr. Cabe testified none of the National Ambient Air Quality Standards ("NAAQS") were exceeded for the violations which he conducted air dispersion modeling and that exceeding an air comparison value in a model requires additional analysis by a toxicologist to determine if public health or safety was in danger.[71] Furthermore, Dr. Fraiser, a toxicologist, discussed in depth several

---

[68] Plaintiffs note that several of the 113 violations may overlap with violations that traceability has already been established for in other categories. *See Plaintiffs' Proposed FFCL on Limited Remand, supra* note 13, at 20–21.

[69] *Trial Transcript* at 8-152:9–13, 8-155:2–12, 8-192:22 to 8-193:1.

[70] *Trial Transcript* at 8-125:21-25 to 8-126:2, 8-128:3–12.

[71] *Trial Transcript* at 8-127:5–14, 8-152:14–24.

17-20545.75450

of the violations that had been modeled and found that even in situations where the offsite pollutant exceeded ACVs, it would not have contributed to pollution. Plaintiffs do not point the Court to evidence in the record to rebut this testimony or to show that, at these quantities offsite, the pollutants would have been sufficient to cause respiratory or allergy-like symptoms. Based on the credible evidence presented at trial, the Court finds that Plaintiffs fail to establish traceability as to any violations where the Respiratory Pollutants or HRVOCs were of a sufficient magnitude to reach outside the Complex in quantities sufficient to cause respiratory or allergy-like symptoms.

### iv.    Total Violations by Count[72]

6z.    The following table provides the total violations for which Plaintiffs have established traceability organized by each count in their complaint:

| Count | Violations | Days of violations |
|---|---|---|
| Count I | 1,207 | 2,120 |
| Count II[73] | 739 | 1,462 |
| Count III | 13 | 18 |
| Count IV | 42 | 44 |
| Count V | 7 | 7 |
| **Totals** | **2,008** | **3,651** |

---

[72] Because the Fifth Circuit did not address the Court's findings as to violations under Count VI and on the first appeal, the Circuit affirmed the Court's findings that Count VII violations are not actionable, the Court need not address traceability as to Counts VI or VII.

[73] As previously discussed, some of the Count II violations overlap with Count I violations. The Court has accounted for the overlap in its traceability analysis and does not double count any violations provided in the totals above.

c.    *Redressability*[74]

B.    *Actionability*[75]

C.    **Affirmative Defenses**

49.    The Court addresses the applicability of Exxon's asserted affirmative defenses prior to addressing the relief sought by Plaintiffs, because if an affirmative defense is proven applicable to a violation, the Court in its assessment of the penalty factors will not consider that violation. In its revised findings of fact and conclusions of law, the Court found the Act of God defense was inapplicable as a matter of law and that Exxon did not meet its burden to show the applicability of 30 Texas Administrative Code § 101.222 affirmative defenses as to the relevant STEERS events.[76] The Fifth Circuit vacated the Court's judgment and remanded for additional

---

[74] Because the Court reincorporates by reference its previous conclusions of law as to redressability, ¶¶ III.7–III.8 from the Court's Revised Findings of Fact and Conclusions of Law is omitted in the foregoing analysis.

[75] The Fifth Circuit did not address the Court's findings as to actionability of the violations under each of the counts on the limited remand. As such, the Court's revised findings of fact and conclusions of law as to actionability of each count and violation remains in effect. The Court therefore reincorporates by reference *Revised Findings of Fact and Conclusions of Law,* Document No. 257, Part III.B. The findings are amended only to the extent necessary to adjust for those violations for which Plaintiffs have failed to show traceability.

[76] *Revised Findings of Fact and Conclusions of Law*, Document No. 257 at 69–74.

17-20545.75452

findings as to, *inter alia*, the Act of God affirmative defense.[77] As instructed on remand, the Court amends its findings on Exxon's affirmative defenses only as to Exxon's Act of God defense.

### 1. Hurricane Ike Defenses

50.    Exxon contends Hurricane Ike's landfall was an act of God that precludes liability for ten reportable events resulting in violations. On the first remand, Plaintiffs asserted the CAA does not contain an Act of God defense, and therefore, the defense is not available because Exxon had not met its burden to show any such provision was incorporated in Texas's State Implementation Plan ("SIP").[78] In remanding for findings on the Act of God defense, the Fifth Circuit held that, contrary to Plaintiffs' contention, Texas's SIP does incorporate an Act of God defense. *See ETCL II*, 968 F.3d at 373 ("The Texas SIP—the governing federal law under the Clean Air Act—thus incorporates an Act of God defense."). Plaintiffs now contend Exxon has not met its burden to establish the Act of God defense.

51.    Section 7.261 of the Texas Water Code—the Texas SIP's current statutory home—states:

---

[77] Because the Fifth Circuit did not address the Court's findings as to Exxon's entitlement to affirmative defenses under 30 Texas Administrative Code Chapter 101.222, those findings remain in effect.

[78] Exxon contends Plaintiffs did not previously raise the argument that § 7.251 of the Texas Water Code is not included in the Texas SIP. That is incorrect. *See Plaintiff's Revised Proposed Findings of Fact and Conclusions of Law*, Document No. 218, ¶ 42.

17-20545.75453

> If a person can establish that an event that would otherwise be a
> violation of a statute within the commission's jurisdiction or a rule
> adopted or an order or a permit issued under such a statute was caused
> solely by an act of God . . . or other catastrophe, the event is not a
> violation of that statute, rule, order, or permit.

Tex. Water Code § 7.251. "[A]n act of God is defined as any accident, due directly
and exclusively to natural causes without human intervention, which by no amount
of foresight, pains, or care, reasonably to have been expected, could have been
prevented." *HRD Crop v. Lux Int'l Corp.*, Civ. Action No. H-06-0730, 2007 WL
2050366, at *11 (S.D. Tex. July 17, 2007) (Rosenthal, C.J.) (citing *Union Pac. R.
Co. v. Heartland Barge Mgmt., L.L.C.*, 2006 WL 2850064, at *13 (S.D. Tex. 2006)
(Rainey, J.)). Not all hurricanes are considered legal acts of God. *See Nat'l Liab. &
Fire Ins. Co. v. R&R Marine*, Civ. Action H-07-3169, 2009 WL 10695626, at *4
(S.D. Tex. Oct. 20, 2009) (Hughes, J.).

51a.    Prior to Hurricane Ike's landfall, the Governor of Texas issued a
declaration of a state of disaster including the following proclamation: "As provided
in Section 418.016, all rules and regulations that may inhibit or prevent prompt
response to [the threat of the hurricane] are suspended for the duration of the state

17-20545.75454

of disaster."[79] The proclamation applied from September 7, 2008 through November 6, 2008.[80] On September 15, 2008, the TCEQ issued guidance regarding the proclamation, stating that no prior approval was needed for any exceedance of an emissions limit that was directly related to hurricane response.[81] Prior to hurricane landfall, the Complex was shut down.[82] After the hurricane passed, the Complex resumed operations.[83]

51b. Exxon presented evidence at trial establishing that precautionary measures were undertaken at the Complex in anticipation of the impending arrival of Hurricane Ike. Kovacs testified that the Complex initiated a shutdown in the advent of Hurricane Ike that resulted in emissions events.[84] Kovacs testified that shutting down the plant "was the safest thing to do from a safety and environmental perspective in advance of the hurricane."[85] Because Hurricane Ike's arrival was imminent, Kovacs testified that the complex had to be shut down "promptly."[86]

---

[79] *Defendants' Exhibit* 225; *Trial Transcript* 3-2:2–21.

[80] *Trial Transcript* at 3-209:6–14.

[81] *Plaintiffs' Exhibit* 587 at 3; *Trial Transcript* at 4-24:7 to 4-26:2.

[82] *Trial Transcript* at 3-206:4–7, 3-209:3–51.

[83] *Trial Transcript* at 3-209:16.

[84] *Trial Transcript* at 3-206:4–7.

[85] *Trial Transcript* at 3-207:6–8

[86] *Trial Transcript* at 3-209:3–5.

17-20545.75455

Kovacs also testified that shutting down the plant was required because the eye of Hurricane Ike eventually passed directly over the Complex.[87]

51c.   Nevertheless, at trial, Exxon failed to present evidence that Hurricane Ike could not have been anticipated. The evidence presented points to the contrary, as Exxon was able to take steps to shut down the Complex. Further, Exxon did not present any evidence the violations in question occurred solely as a result of Hurricane Ike. In fact, the Reported Events cite the cause of the emissions as a scheduled shutdown due to approach of Hurricane Ike.[88] Therefore, the violations are not accidents, but rather the result of Exxon's precautions in preparation for Hurricane Ike. Therefore, based on the evidence presented, the Court finds Exxon fails to put forth sufficient evidence to establish Hurricane Ike was an "act of God." Thus, the Court finds Exxon is not entitled to defense from liability for the ten reportable events resulting in violations under the Texas SIP.

   2.      *30 Texas Administrative Code § 101.222 Affirmative Defenses*[89]

---

[87] *Trial Transcript* at 3-207:12.

[88] *See, e.g., Plaintiffs' Exhibit* 587 (discussing STEERS event 113887).

[89] The Court notes it does not include its analysis as to Exxon's affirmative defenses under 30 Texas Administrative Code § 101.222 or as to Exxon's request for a declaratory judgment. However, the Court reincorporates by reference those prior findings, as they remain undisturbed on limited remand. *See Revised Findings of Fact and Conclusions of Law*, Document No. 257, ¶¶ III.50 – III.55.

17-20545.75456

## E.    Penalties

56.    Having found on limited remand that over 3000 violations are actionable under the CAA's citizen suit provision, the Court will exercise its discretion to conduct a penalty assessment for those events.

57.    "In determining the amount of any penalty to be assessed under" the CAA in a citizen suit, the Court "shall take into consideration (in addition to such other factors as justice may require)" the following penalty assessment factors:

> the size of the business,
> the economic impact of the penalty on the business,
> the violator's full compliance history and good faith efforts to comply,
> the duration of the violation as established by any credible evidence . . . ,
> payment by the violator of penalties previously assessed for the same
>       violation,
> the economic benefit of noncompliance, and
> the seriousness of the violation.

42 U.S.C. § 7413(e)(1).

58.    The Court is not required to assess a penalty for violations. 42 U.S.C. § 7413(e)(2) ("A penalty *may* be assessed for each day of violation." (emphasis added)); *Luminant*, 714 F.3d at 852 ("[T]he penalty assessment criteria . . . are considered by the courts . . . in determining *whether or not* to assess a civil penalty for violations and, if so, the amount." (emphasis added)); *see also* 42 U.S.C. § 7413(e)(1) ("In determining the amount of *any* penalty to be assessed . . . ." (emphasis added)); *Envtl. Conservation Org. v. City of Dallas*, 529 F.3d 519, 530 ("[E]ven in the event of a successful citizen suit, the district court is not bound to

17-20545.75457

impose the maximum penalty afforded under the statute.").[90] Rather, the amount of any penalty, the analysis of the factors, and the process of weighing the factors are " 'highly discretionary' with the trial court." *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 576 (5th Cir. 1996) (quoting *Tull v. United States*, 481 U.S. 412, 427 (1987)); *United States ex rel. Adm'r of EPA v. CITGO Petroleum Corp.*, 723 F.3d 547, 551 (5th Cir. 2013). Each of the penalty assessment factors are considered in turn.

### a. Size of the Business and Economic Impact of the Penalty on the Business

59. Plaintiffs contend the large size and profitability of Exxon weigh towards imposing a penalty. Specifically, Plaintiffs contend Exxon will only be impacted by a large penalty and has the ability to pay the alleged maximum penalty. Exxon does not dispute these contentions, and the Court agrees given the facts found in the Revised Findings of Fact and Conclusions of Law, paragraph II.1. Accordingly, both the size and economic impact factors weigh towards assessing a penalty.

---

[90] Because the penalty provisions in the CAA are similar to the penalty provisions in the CWA, "CWA cases are instructive in analyzing [penalty] issues arising under the CAA." *Pound v. Airosol Co.*, 498 F.3d 1089, 1094 n.2 (10th Cir. 2007) (citing *United States v. Anthony Dell'Aquilla, Enters. & Subsidiaries*, 150 F.3d 329, 338 n.9 (3d Cir. 1998)).

17-20545.75458

b. *Violator's Full Compliance History and Good Faith Efforts to Comply*

60.     Quantitatively, the number of Events and Deviations at issue in this case is high: 241 Reportable Events, 3,735 Recordable Events, and 901 Title V Deviations.[91] Thus, based on the total number of Events and Deviations alone, Exxon's compliance history appears to be arguably inadequate. However, the Complex is one of the largest and most complex industrial sites in the United States.[92] Therefore, there are numerous opportunities for noncompliance, and the number of Events and Deviations alone is not the best evidence of compliance history.[93] In other words, the number of Events and Deviations must be considered with respect to the size of the Complex. For example, in 2012 the refinery averaged one pin hole leak for every 167 linear miles of pipe.[94]

61.     Moreover, the number of Events and Deviations does not alone mean Exxon did not make a good faith effort to comply. Despite good practices, it is not

---

[91] *Revised Findings of Fact and Conclusions of Law*, Document No. 257, ¶ II.5. Though several thousand violations are no longer actionable due to lack of traceability or voluntarily exclusion by Plaintiffs, the "overall number of violations at the Baytown complex remains relevant as part of 'the violator's full compliance history' that [the Court] considers in assessing the amount of each penalty within the statutory range." *ETCL II*, 968 F.3d at 374.

[92] *Revised Findings of Fact and Conclusions of Law*, Document No. 257, ¶ II.2.

[93] *See Trial Transcript* at 10-220:14 to 10-223:16.

[94] *Trial Transcript* at 10-221:24 to 10-222:10.

17-20545.75459

possible to operate any facility—especially one as complex as the Complex—in a manner that eliminates all Events and Deviations.[95] Based on the facts expounded paragraphs II.12–14 of the Court's Revised Findings of Fact and Conclusions of Law, the Court finds Exxon made substantial efforts to improve environmental performance and compliance, including implementing four environmental improvement projects to reduce emissions and employing a vast array of emissions-reduction and emissions-detection equipment. Likely due to Exxon's substantial efforts, the Complex achieved significant reduction in the number of Reportable Events, the amount of unauthorized emissions of criteria pollutants, and the total amount of emissions over the years at issue in this case.[96] For reasons explained infra in footnote 98, the Court is not persuaded by Keith Bowers's opinion that certain capital improvements or additional spending on maintenance would have prevented the Emissions and Deviations. In addition, the Court does not accept Plaintiffs' view that the number of events involving a certain type of equipment, a certain unit, or a certain type of issue is alone adequate to support a conclusion that any of the Events

---

[95] *Revised Findings of Fact and Conclusions of Law*, Document No. 257, ¶ II.15. The Court understands impossibility is not a defense to penalties, except as it might apply to the applicable affirmative defense criteria. The Court does not consider the fact that it is not possible to operate the Complex in a manner that eliminates all Events and Deviations as a reason to not impose penalties. Rather, the Court notes this fact only to explain that the number of Events and Deviations does not alone mean Exxon did not make a good faith effort to comply.

[96] *Revised Findings of Fact and Conclusion of Law*, Document No. 257, ¶ II.16.

17-20545.75460

or Deviations were preventable.[97] Rather, a root cause analysis is necessary to determine whether the Events and Deviations resulted from a recurring pattern and to determine whether improvements could have been made to prevent recurrence. Plaintiffs did not put forth any credible evidence that any of the Events or Deviations resulted from the same root cause.[98] Therefore, there is no credible evidence that any of the Events or Deviations resulted from a recurring pattern or that improvements could have been made to prevent recurrence. For each of the Reportable Events, Exxon conducted an extensive internal investigation, evaluated the root cause of the event, and implemented appropriate corrective actions to try to prevent recurrence.[99] Similarly, for the Recordable Events and Deviations, Exxon analyzed the records for trends and ways to improve, identified root causes, and implemented corrective

---

[97] *Revised Findings of Fact and Conclusion of Law*, Document No. 257, ¶ II.7.

[98] In particular, the Court finds Bowers's testimony regarding the Events and Deviations having "common causes" is neither credible nor persuasive. For example, the Events and Deviations that Bowers categorizes as having the same common cause of "power supply failures" include the following: moisture got into the connections of improperly installed lightening arresters, causing them to short out; a squirrel bypassed animal traps, causing some electrical equipment to short circuit; and a hawk dropped a snake on top of Substation One, causing an electrical power disruption. *Defendants' Exhibits* 1020C, 1020I–O; *Trial Transcript* at 10-244:17 to 10-253:17. Categorizing such varied events together does not prove the events had a common cause, resulted from a recurring pattern, or were preventable.

[99] *Revised Findings of Fact and Conclusion of Law*, Document No. 257, ¶¶ II.7–II.9.

17-20545.75461

actions.[100] Additionally, Exxon's maintenance policies and procedures conform or exceed industry standards and codes.[101] The Court finds the opinion of Dr. Christopher S. Buehler, a chemical engineer, that the Complex ranks at or near the top of petrochemical facility "leaders in maintenance and operation practices" is persuasive and credible.[102] Lastly, the Court finds the opinions of John Sadlier, the former Deputy Director of the Office of Compliance and Enforcement at the TCEQ who dealt with Exxon for 20 years while working at the TCEQ, persuasive and credible when he opined that he "always felt and continue[s] to feel today that Exxon had always made a concerted effort to comply[,] that their dealings with [the TCEQ] were straightforward frank discussions," that Exxon is "[a]bsolutely not" a "bad actor," and that he has no reason to not believe Exxon "will earnestly try to achieve the goals" in the Agreed Order of reducing emissions.[103] After evaluating all the evidence, the Court finds the preponderance of the credible evidence shows Exxon made good faith efforts to comply with the CAA.[104] Accordingly, Exxon's full

---

[100] *Revised Findings of Fact and Conclusion of Law*, Document No. 257, ¶ II.7.

[101] *Revised Findings of Fact and Conclusion of Law*, Document No. 257, ¶ II.14.

[102] *Trial Transcript* at 12-16:10–20.

[103] *Defendants' Exhibit* 546 at 14–15, ¶¶ 40–44.

[104] In addition to the aforementioned issues, Plaintiffs contend Exxon's policy of always asserting the affirmative defense to penalties to the TCEQ is, in itself, bad faith. Based on the greater weight of the credible evidence, the Court disagrees such policy is in bad faith. Although Exxon initially asserts the affirmative defense when reporting an event

compliance history and good faith efforts to comply weigh against assessing a penalty.

### c. *Duration of the Violation*

62.     On the first appeal, the Fifth Circuit's opinion held the Court abused its discretion by viewing violations of a longer duration as offset by violations of a shorter duration. The Circuit's opinion also indicated the Court should revisit its approach as to, whether in calculating the duration of a violation, a court should look to the duration of each individual violation or the period of time over which the violations occurred. *See Env't Tex.*, 824 F.3d at 531. The Court was instructed on the first remand, if it continued to consider durations of the violations individually, to determine whether any violation standing alone was sufficient to justify imposing a penalty.[105]

63.     The Court first turns to the proper standard for determining whether this factor requires examining the length of an individual violation or the period of time over which the violations occurred. Exxon does not address the case law cited by Plaintiffs, and referred to by the Fifth Circuit, that indicates the Court should

---

to the TCEQ, the TCEQ, after investigation, determines whether the affirmative defense actually does apply.

[105] Exxon contends the Court should continue to look to duration of the violations standing alone in analyzing this factor. However, Exxon cites no case law to support this proposition.

17-20545.75463

consider the period of time over which the violations occurred on this factor. *See United States v. Vista Paint Corp.*, No. EDCV 94-0127 RT, 1996 WL 477053, at *15 (C.D. Cal. Apr. 16, 1996); *United States v. B & W Inv. Props., Inc.*, No. 91 C 5886, 1994 WL 53781, at *4 (N.D. Ill. Feb. 18, 1994); *United States v. Midwest Suspension & Brake*, 824 F. Supp. 713, 736–37 (E.D. Mich. 1993); *United States v. A.A. Mactal Constr. Co. Inc.*, Civ. A. No. 89-2372-V, 1992 WL 245690, at *3 (D. Kan. Apr. 10, 1992). Nor does Exxon argue that the plain meaning of the phrase "duration of the violation" requires examining each individual violation as opposed to the period of time over which the violations occurred. The Court, in light of the Fifth Circuit's notation of the authority supporting the position, adopts the interpretation of this factor that examines the period of time over which the credible evidence establishes the violations occurred.

64.     The Court next turns to, whether looking to the period of time over which the violations occurred, the duration factor supports imposing a penalty. The credible evidence establishes the violations at issue occurred over an eight-year period. During that eight-year time period, Exxon averaged more than one violation per day. Accordingly, the Court finds the duration factor weighs in favor of assessing a penalty.

17-20545.75464

**d.      Payment by the Violator of Penalties Previously Assessed for the Same Violation**

65.      Exxon has paid $1,423,632 in monetary penalties for the Events and Deviations at issue in this case to either the TCEQ or Harris County.[106] Plaintiffs accede this amount should be deducted from the total penalty determined by the Court, and the Court agrees. Accordingly, $1,423,632 will be deducted from any penalty otherwise warranted.[107]

**e.      Economic Benefit of Noncompliance**

66.      Generally, economic benefit of noncompliance is the financial benefit obtained by *"delaying* capital expenditures and maintenance costs on pollution-control equipment." *CITGO Petroleum Corp.*, 723 F.3d at 552 (emphasis added). "[T]here are two general approaches to calculate economic benefit: (1) the cost of capital, i.e., what it would cost the polluter to obtain the funds necessary to install the equipment necessary to correct the violation; and (2) the actual return on capital, i.e., what the polluter earned on the capital that it declined to divert for installation

---

[106] *Revised Findings of Fact and Conclusion of Law*, Document No. 257, ¶ II.8.

[107] Plaintiffs contended on the first remand that this amount should be reduced given the Court's finding on Count VII; however, as this issue was not appealed or part of the Fifth Circuit's instructions on the first remand, the Court will not revisit this issue. Now, on limited remand, Plaintiffs do not contend this amount should be reduced to account for violations for which standing is not established nor do Plaintiffs point the Court to evidence in the record that would allow the Court to adjust the previously assessed amount. Therefore, the Court declines to reduce the previously assessed amount.

17-20545.75465

of the equipment." *Id.* (internal quotation marks omitted).  A district court must make

a reasonable estimate of economic benefit of noncompliance.  *Id.* at 552–53.

67.    On the first appeal, the Fifth Circuit held this Court erred in failing to

enter findings as to whether Exxon received an economic benefit in delaying

implementation of the four environmental improvement projects from the Agreed

Order.[108]  Although the Circuit upheld the Court's rejection of Bower's expert

testimony on this issue as not credible,[109] the Circuit held that Plaintiffs elicited

---

[108] *Revised Findings of Fact and Conclusion of Law*, Document No. 257, ¶ II.12.

[109] As to Bower's testimony, the Court's initial opinion made the following findings, in paragraphs 41–42 of the Court's *Findings of Fact and Conclusions of Law*, Document No. 225:

>    41.    Plaintiffs claim Exxon's economic benefit of noncompliance is $657 million as of June 2014.  This number is based on Bowers's opinion that the Events and Deviations would not have occurred if (1) if Exxon would have spent $90 million more annually on maintenance and (2) if Exxon would have installed certain capital equipment (an additional sulfur unit costing $100 million, an additional sour gas flare costing $10 million, and two additional compressor stations costing $50 million each).  Plaintiffs offered the testimony of an economist, Jonathan Shefftz, who used Bowers's inputs as to maintenance and capital expenditure costs delayed to calculate present-day economic benefit using the weighted-average cost of capital.  The Court finds Shefftz's method of calculating economic benefit to be reliable.  However, Shefftz made it very clear that he had no opinion as to the reliability of the inputs given to him by Bowers.  For reasons explained infra, the Court finds Bowers's inputs to be neither reliable, credible, nor persuasive.   Therefore, Shefftz's economic benefit of noncompliance figure is equally unreliable.

>    42.    Bowers is a retired refinery and chemical plant engineer. Bowers's opinions and the bases for his opinions were vague and undetailed. Of the $90 million Bowers opined should have been spent on maintenance, Bowers opined half of the $90 million needed to be spent to hire 900 new

17-20545.75466

testimony on this issue from Shefftz that was independent of Bower's testimony. *Env't Tex.*, 824 F.3d at 529, 529 n.17. The Circuit noted this Court found Shefftz's method for calculating the economic benefit reliable. On the first remand, the Court was instructed that "the economic benefit estimate must 'encompass *every* benefit that defendants received from violation of the law' regardless of the inherently speculative nature of the inquiry." *Id.* at 530 n.19 (citing *United States v. Gulf Park Water Co.*, 14 F. Supp. 2d 854, 864 (S.D. Miss 1998)). Further, after making such findings, the Court was instructed to consider whether those four improvement projects were necessary to correct the violations. The Circuit noted the evidence indicated the projects "appear to be correlated in at least a general way" and the

---

employees to "run[ ] around inspecting things" and "[j]ust do more" maintenance and "stuff that needs to be done." He opined the remainder of the $90 million needed to be spent on "material." He said his estimate was a "crude estimate," and he did not create a detailed budget of the type that he would have created when he was a project manager. Neither Bowers nor any other evidence credibly demonstrated that spending an additional $90 million on maintenance would have prevented any of the Events or Deviations. Similarly, neither Bowers nor any other evidence credibly demonstrated that any of Bowers's suggested capital improvements would have prevented any of the Events or Deviations. Instead, the preponderance of the credible evidence shows Bowers's suggested capital improvements would not help reduce emissions. Moreover, Exxon has spent a substantial amount of money on maintenance, emissions-reduction and emissions-detection equipment, and capital improvement projects in an effort to reduce emissions and unauthorized emissions events. This includes four environmental improvement projects costing approximately $20 million that Exxon was not required to undertake under law, and over $500 million on maintenance and maintenance-related capital projects each year at issue.

17-20545.75467

Court's inquiry on remand "should center on whether the projects will ameliorate the kinds of general problems that have resulted in at least some of the permit violations upon which Plaintiffs have sued." *Id.* at 530, 530 n.19.

68.     The Court interpreted the Fifth Circuit's opinion on initial remand as instructing it to do a two-step analysis: (1) enter findings based on Shefftz's testimony as to the economic benefit Exxon received from delaying implementation of the projects[110]; and (2) enter findings on the "necessary to correct" prong as to whether the four improvement projects would generally ameliorate the violations on which the Plaintiffs have sued, without requiring a showing that the projects are specifically tied to the prevention of each violation.

69.     On the first step, the Court turns to Shefftz's testimony as to any economic benefit Exxon received from delaying implementation of the four projects in the Agreed Order. The Court previously found Shefftz's methodology reliable. Shefftz calculated the economic benefit to Exxon from delaying implementation as $11,746,234 as of November 22, 2013 (the date of Shefftz's report).[111] The economic

---

[110] The Court interprets the Circuit's opinion as holding that Shefftz's testimony alone is sufficient to carry Plaintiff's burden of proof on the first step. To the extent Exxon contests the sufficiency of Shefftz's testimony, in regards to the interest rate chosen in the calculations and because he failed to account for the cost of delay by ignoring the increase in equipment expense, the Circuit instructed the Court to consider "*every* benefit . . . regardless of the inherently speculative nature of the inquiry." *Env't Tex.*, 824 F.3d at 530 n.19 (emphasis in original).

[111] *Trial Transcript* 5-57:14 to 58:13; *Plaintiffs' Exhibit* 556 at 1, 18–21.

17-20545.75468

benefit would increase by $61,066 per month until the economic benefit was disgorged in the form of a civil penalty.[112]  The Court's Revised Findings of Fact and Conclusions of Law were issued in April 2017, which encompassed forty-one additional months from the date of Shefftz's report. Therefore, the economic benefit would encompass an additional $2,503,706 and the total economic benefit from delay is $14,249,940. Accordingly, the Court finds Exxon received an economic benefit of $14,249,940 from the delayed implementation of the improvement projects.[113]

70.    The Court now turns to the Circuit's direction on the second step, whether a delayed project is "necessary to correct" the types of violations in the complaint. The Circuit has articulated a general correlation standard to utilize in analyzing this step.[114] As an example of the general correlation standard, the Circuit notes that "one project aims to 'more effectively monitor and troubleshoot' a refinery flare system in order to 'improve the identification and characterization of flaring

---

[112] *Plaintiffs' Exhibit* 556 at 14, 19; *Trial Transcript*, 5-49:5–9, 5-52:6–10.

[113] Plaintiffs previously contended on the first remand that because the Circuit instructed the Court to consider every benefit, the one billion dollars the Court found demonstrated Exxon's good faith efforts to comply should be included in the calculation of the economic benefit from delay. The Court reincorporates its prior findings as to this contention. *Revised Findings of Fact and Conclusions of Law*, Document No. 257, ¶ III.69 n.248. On limited remand, Plaintiffs do not reassert this contention and thus, the Court need not address it further.

[114] *Revised Findings of Fact and Conclusion of Law*, Document No. 257, ¶ III.67.

17-20545.75469

events' (Count IV) and the order estimates that the projects will specifically achieve reductions in HRVOC emissions (Count III)." *Env't Tex.*, 824 F.3d at 530. Given the Fifth Circuit's holding that at least one project meets the general correlation standard, the Court finds the Plaintiffs have met their burden as to at least one project on the "necessary to correct" step. Additionally, the Circuit noted this Court had previously recognized in its order the "projects reflect 'an effort to reduce emissions and unauthorized emissions events' at the Baytown complex."[115] *Id.* As the Fifth Circuit instructed the Court to analyze the "necessary to correct" step at a high level of generality, the Court finds Plaintiffs have carried their burden of proof.[116] Plaintiffs have demonstrated that: (1) the Plant Automation Venture "is intended to provide early identification of potential events and/or instrumentation abnormalities, allowing proactive response"[117]; (2) the Fuels North Flare System Monitoring/Minimization Project is intended to "more effectively monitor and troubleshoot" the refinery flares[118]; (3) the BOP/BOPX Recovery Unit Simulators

---

[115] *Revised Findings of Fact and Conclusion of Law*, Document No. 257, ¶ II.12.

[116] To the extent Exxon argues the projects were voluntary and not required for compliance, and therefore, not a proper basis for determining delayed economic benefit, the Court notes the Fifth Circuit directed it to use those projects on remand in its analysis of the factor.

[117] *Defendants' Exhibit 222*, ¶ 12.a.

[118] *Defendants' Exhibit 222*, ¶ 12.a.

17-20545.75470

Project is intended to "improve operator training and competency, resulting in reduced frequency and severity of emissions events"[119]; and (4) the Enhanced Fugitive Emissions Monitoring Project is a program to locate VOC and HRVOC leaks.[120] Accordingly, under the generally correlated standard articulated by the Fifth Circuit, the Court finds the four improvement projects were "necessary to correct" the violations at issue in this suit.

71.    The four projects that formed the basis of the economic benefit calculations, when considered together, had the effect of reducing emission events and unauthorized emission events overall. Furthermore, each of the four projects discussed above addressed the types of violations found traceable by this Court. For example, the Fuels North Flare System Project would have helped to monitor and troubleshoot the --- days of flaring violations found by this Court to be traceable and actionable by this Court. Thus, the Court's findings as to traceability and the Act of God defense on limited remand do not alter the Court's economic benefit determination.

72.    The Court has found Exxon received an economic benefit of $14,249,940 by delaying implementation of four improvement projects that were

---

[119] *Defendants' Exhibit* 222, ¶ 12.b.

[120] *Defendants' Exhibit* 222, ¶ 12.d.

17-20545.75471

necessary to correct the violations at issue in this suit. Accordingly, the Court finds the economic benefit of noncompliance factor weighs in favor of assessing a penalty.

### f.    Seriousness

72.    The CAA does not define "seriousness" in relation to the penalty assessment factors. *See* 42 U.S.C. § 7413(e)(1). Some circuit courts, not including the Fifth Circuit, have held that "a court may still impose a penalty if it finds there is a risk or potential risk of environmental harm" even if there is "a lack of evidence on the record linking [a defendant's] CAA violations to discrete damage to either the environment or the public." *Pound*, 498 F.3d at 1099 (citing *Pub. Interest Research Grp. of N.J., Inc. v. Powell Duffryn Terminals Inc.*, 913 F.2d 64, 79 (3d Cir. 1990)). The Fifth Circuit, however, did not issue any guidance in its opinion as to the proper definition of the term. Instead, on the first remand, the Fifth Circuit held the Court abused its discretion in viewing the violations it found to be more serious as offset by the numerous less serious violations. In doing so, the Circuit noted—without explicitly adopting—courts have recognized that "the overall number and quantitative severity of emissions or discharges may properly be relied upon as evidence of seriousness." *ETCL*, 824 F.3d at 532 (citing *Pub. Interest Research Grp. of N.J., Inc. v. Powell Duffryn Terminals Inc.*, 913 F.2d 64, 79 (3d Cir. 1990)).

17-20545.75472

73.    In light of the Circuit's guidance, the Court looks to the overall number and quantitative severity of the emissions or discharges.[121] The overall number of

_____

[121] The Court maintains its findings from its initial findings of fact and conclusions of law that most the violations were not serious from a public health and environmental perspective. As is necessary for parts of the Court's initial judgment left undisturbed by the Fifth Circuit's opinion, which relied on those findings, the Court reiterates here paragraphs 47 and 48 from the *Findings of Fact and Conclusions of Law*, Document No. 225:

47.    Plaintiffs claim the Events and Deviations were serious because they adversely affected public health. To support this claim, Plaintiffs submitted evidence of the potential health effects caused by the types of pollutants emitted during the Events and Deviations. For example, hydrogen sulfide, which smells like rotten eggs or feces, can cause sore throat, cough, fatigue, headaches, nausea, and poor memory at low concentrations. Factors affecting potential risk of harm from pollutants include duration of exposure and concentration of pollutants. As discussed supra, the Events and Deviations differ tremendously in terms of duration and amount. Plaintiffs' aforementioned evidence of the potential health effects caused by the types of pollutants emitted does not include credible evidence that any of the specific Events and Deviations were of a duration and concentration to—even potentially—adversely affect human health or the environment. Although Plaintiffs' evidence of potential health effects provides some support of a potential risk of harm to human health, this evidence in this case is too tenuous and general to rise above mere speculation.

48.    Plaintiffs also claim the Events and Deviations were serious because they created "nuisance-type impacts" to the community that interfered with daily life. Four Plaintiffs' members experienced impacts to their life while living or visiting near the Complex, including pungent odors, allergies, respiratory problems, disruptive noise from flaring, concerns for their health after seeing haze believed to be harmful, and fears of explosion after seeing flares. However, these impacts could have been caused by Exxon's authorized emissions or other companies' emissions, because certain emissions and flares are authorized by permit and the nearby area in which the Complex operates is populated with numerous other refineries, petrochemical plants, and industrial facilities. Indeed, unauthorized emissions were a very small percentage of total emissions at the Complex for each year at issue. Plaintiffs' members were only able to correlate some of

17-20545.75473

violations weighs in favor finding the violations serious. 3,651 days of violations are supported by the evidence.[122] The Court notes the days of violations found to be traceable are significantly lower than the previous number of violations found by this Court. However, the remaining violations that Plaintiffs have shown to be traceable involve higher levels of emissions. The overall quantitative severity of the emissions totaled approximately ten million pounds of pollutants released into the atmosphere as a result of the violations in this case.[123] There were over 1.5 million pounds of pollutants released from traceable reported violations out of the refinery alone.[124] Accordingly, the Court finds given the number of days of violations and

---

the impacts, such as odor and noise, to five Events or Deviations at issue in this case. Moreover, Plaintiffs' members' testimonies regarding impacts were controverted by persuasive testimony from three other residents of the community who have lived very close to the Complex for many years. These residents testified the Complex has not impacted their lives, including that they have had no health problems they attribute to the Complex and that they have not experienced any problems with flaring, odors, noises, or emissions coming from the Complex. For all these reasons, the proposition that the Events or Deviations were serious because they created nuisance-type impacts on the surrounding community is not supported by the preponderance of the credible evidence.

[122] Days of violations per count are as follows: (1) Count I: 2,120 days; (2) Count II: 1,462 days; (3) Count III: 18 days; (4) Count IV: 44 days; and (5) Count V: 7 days.

[123] *Plaintiffs' Exhibit* 609.

[124] *See Plaintiffs' Exhibit* 587; *Traceability Spreadsheets*, *supra* note 17, Exhibit 2; *supra* ¶ III.A.b.

17-20545.75474

the quantitative amount of emissions released as a result, the seriousness factor still weighs in favor of the assessment of a penalty.

### g. *Balancing the Factors*

74.     The maximum penalty for each day of violation is $32,500 for violations occurring before January 13, 2014, and $37,500 for violations occurring on January 13, 2009, and thereafter. 42 U.S.C. § 7413(e)(2); 40 C.F.R. § 19.4. Plaintiffs contend the total maximum penalty, after deducting for overlapping violations, is $343,105,000. However, Plaintiffs previously sought $40,815,618 in penalties on the first remand[125] and now seek $19,951,278.[126] Exxon contends it should be assessed a penalty in an amount no more than $1,365,000.

75.     After carefully considering all the penalty assessment factors discussed above, the Court determines a penalty is appropriate in this case.[127] The size and economics factor, duration factor, economic benefit from noncompliance factor, and seriousness factor, all weigh towards assessing a penalty. While Exxon's compliance history weighs against assessing a penalty, that factor is not sufficient to outweigh

---

[125] *Plaintiffs' Proposed Findings of Fact and Conclusions of Law Following Remand*, Document No. 253, Exhibit 1, ¶ 52.

[126] *Plaintiffs' Proposed FFCL on Limited Remand*, *supra* note 13, at 33.

[127] Exxon did not contend in its initial proposed findings of fact and conclusions of law that the Court should consider the "justice so requires" factor. Therefore, the Court declines to address those arguments on remand.

17-20545.75475

the factors supporting assessing a penalty. Any penalty assessed will deduct the $1,423,632 Exxon was already penalized from the amount.

76. The CAA does not prescribe a specific method for determining appropriate penalties. Some courts use the top-down approach, in which the court starts at the maximum penalty allowed by law and reduces downward as appropriate considering the factors as mitigating factors. *CITGO Petroleum Corp.*, 723 F.3d at 552. Other courts employ the bottom-up approach, in which the court starts at the economic benefit of noncompliance and adjusts upward or downward as appropriate considering the factors. *Id.* Rejecting a requirement that a district court must employ either the top-down or bottom-up approach, some circuit courts have held the district court can "simply rely[ ] upon [the] factors to arrive at an appropriate amount" without starting at a specific amount because "[t]he statute only requires that the [penalty] be consistent with a consideration of each of the factors." *United States v. Anthony Dell'Aquilla, Enters. & Subsidiaries*, 150 F.3d 329, 339 (3d Cir. 1998); *see Pound*, 498 F.3d at 1095. "The [Fifth] [C]ircuit has never held that a particular approach must be followed" and has left such decision to the discretion of the district court. *CITGO Petroleum Corp.*, 723 F.3d at 552, 554.

17-20545.75476

77. Based on the violations for which Plaintiffs contend they have established standing, Plaintiffs calculate the maximum penalty as follows[128]: (1) Count I: 6,056 days of violation with a $211,960,000 penalty; (2) Count II: 3,653 days of violations with a $127,855,000 penalty; (3) Count III: 18 days of violations with a $630,000 penalty; (4) Count IV: 44 days of violations with a $1,540,000 penalty; and (5) Count V: 32 days of violations with a $1,120,000 penalty. This calculates to a total maximum penalty of $343,105,000. Given Plaintiffs fail to establish standing as to all these violations, the Court disagrees with this calculation. Rather, the Court finds the appropriate calculation for maximum penalty to be: (1) Count I: 2,120 days of violation with a $74,200,000 penalty; (2) Count II: 1,462 days of violations with a $51,170,000 penalty; (3) Count III: 18 days of violations with a $630,000 penalty; (4) Count IV: 44 days of violations with a $1,540,000 penalty; and (5) Count V: 7 days of violations with a $245,000 penalty. As the Court found Exxon liable on the refinery violations in Count I, it will not include the refinery violations in Count II when calculating the maximum penalty. The total maximum penalty, therefore, is $127,785,000.

[128] As on the first remand, Plaintiffs apply a penalty rate of $35,000 per day across the board, given that approximately half the violations occurred when the rate was $32,500 and half when the rate was $37,500. Defendants do not contest this specific point in determining the maximum penalty. Therefore, as it is uncontested, the Court adopts this methodology as well.

78.     Plaintiffs have submitted proposed findings of fact and conclusions of law that adopt a bottom-up approach, which calculates the penalty at an amount that is fifty percent higher than the economic benefit from noncompliance.[129] Therefore, as the Court has discretion as to which method to follow, the Court adopts the bottom-up approach presented by the Plaintiffs. In addition, the majority of the factors weigh towards imposing a penalty, which the Court determines justifies an increase from the base economic benefit from noncompliance number. However, in light of the significant decrease in traceable violations (12,735 less violations), the Court finds a fifty percent multiplier would be more than necessary to address the factors. The Court therefore finds that a penalty that is **ten percent higher** than the economic benefit from noncompliance is sufficient. The Court determined the economic benefit from noncompliance to be $14,249,940.[130] Using Plaintiffs' proposed methodology for calculating the penalty (with a 10% multiplier now), the resulting penalty is $15,674,934. Subtracting the $1,423,632 already paid by Exxon in penalties, the resulting penalty amount is $14,251,302.

---

[129] *Plaintiffs' Proposed Findings of Fact and Conclusions of Law Following Remand*, Document No. 253, Exhibit 1, ¶52.

[130] Plaintiffs' proposed findings of fact and conclusions of law utilized a higher base amount (approximately $28 million); however, as the Court rejected Plaintiffs' theory that led to the higher base amount, the Court uses the amount in the actual finding to calculate the penalty. *Supra* ¶ III.69; *Plaintiffs' Proposed Findings of Fact and Conclusions of Law Following Remand*, Document No. 253, Exhibit 1, ¶ 52.

17-20545.75478

# IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Plaintiffs Environment Texas Citizen Lobby, Inc. and Sierra Club's requests in this case for a declaratory judgment, injunctive relief, and appointment of a special master, are **DENIED**. Plaintiffs' request for penalties against Defendants is **GRANTED IN THE AMOUNT OF $14,251,302**.[131]

The Court will issue a separate Final Judgment.

SIGNED at Houston, Texas, on this  2  day of March, 2021.

DAVID HITTNER
United States District Judge

---

[131] The Court's prior order granting an award of attorney's fees and costs to Plaintiffs and denying as to Defendants remains in effect. *See Revised Findings of Fact and Conclusions of Law*, Document No. 257, ¶ III.84, Part IV; *see also Order*, Document No. 292.

17-20545.75479

# TAB 4

Final Judgment

(ROA.75480)

United States District Court
Southern District of Texas

**ENTERED**

March 02, 2021

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ENVIRONMENT TEXAS CITIZEN LOBBY, INC. *and* SIERRA CLUB, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. H-10-4969 |
| EXXONMOBIL CORPORATION, EXXONMOBIL CHEMICAL COMPANY, *and* EXXONMOBIL REFINING AND SUPPLY COMPANY, | § § § § § § | |
| Defendants. | § § | |

## FINAL JUDGMENT

The Court has contemporaneously issued its Second Revised Findings of Fact and Conclusions of Law in the above-styled matter. Accordingly, based on the findings of fact, analysis, and conclusions of law set forth in the Court's order contemporaneously dated, the Court hereby

**RENDERS** judgment for Plaintiffs Environment Texas Citizen Lobby, Inc. and Sierra Club in the amount of **$14,251,302** in civil penalties pursuant the Clean Air Act and, subject to timely submission of proper documentation, attorneys' fees, expert fees, and costs in an amount to later be determined by the Court.

SIGNED at Houston, Texas, on this **2** day of March, 2021.

DAVID HITTNER
United States District Judge

17-20545.75481