No. 17-20545

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

ENVIRONMENT TEXAS CITIZEN LOBBY, INC.;
SIERRA CLUB,
*Plaintiffs-Appellees*,

v.

EXXON MOBIL CORP.; EXXONMOBIL CHEMICAL CO.;
EXXONMOBIL REFINING AND SUPPLY CO.,
*Defendants-Appellants.*

Appeal from the U.S. District Court for the
Southern District of Texas
Civil Action No. H-10-4969 (Hon. David Hittner)

**MOTION OF THE UNITED STATES FOR LEAVE TO
PRESENT ORAL ARGUMENT AS AMICU CURIAE**

|  |  |
|---|---|
| | TODD KIM |
| | *Assistant Attorney General* |
| Of counsel: | JENNIFER SCHELLER NEUMANN |
| | JOHN L. SMELTZER |
| MARK KATAOKA | DANIEL HALAINEN |
| ELIZABETH HUSTON | CHRISTOPHER ANDERSON |
| *Attorneys* | *Attorneys* |
| Office of General Counsel | Environment and Natural |
| U.S. Environmental |  Resources Division |
|  Protection Agency | U.S. Department of Justice |
| | Post Office Box 7415 |
| | Washington, DC 20044 |
| | (202) 353-1834 |
| | christopher.anderson3@usdoj.gov |

# MOTION FOR LEAVE TO PRESENT
# ORAL ARGUMENT AS AMICUS CURIAE

The United States respectfully moves for permission to present oral argument in this case as amicus curiae. See Fed. R. App. P. 29(a)(8). Specifically, the United States requests that it be allowed 10 minutes of argument time in addition to the 30 minutes allocated to Appellees Environment Texas Citizen Lobby, Inc., and Sierra Club ("Environment Texas") and that Appellant Exxon Mobil Corp. ("Exxon") and any supporting amici be allowed an equivalent 40 minutes of argument time. The grounds for this request are as follows:

    1.    This case presents important issues regarding the Article III standing of plaintiffs to sue under the Clean Air Act's citizen suit provision, 42 U.S.C. § 7604, and to seek the assessment of civil penalties against a defendant. Recognizing the importance of the issues presented, the Court requested the views of the United States on whether to grant rehearing en banc. In response to that request, the United States submitted an amicus brief opposing rehearing, and subsequently filed an amicus brief on the merits, urging the Court to affirm the district court's judgment. Those briefs informed the Court of the United States' views on the proper application of the Supreme Court's precedents on Article III standing to environmental

citizen suits and on the proper interpretation of the Clean Air Act's citizen suit and penalty assessment provisions.

2. The United States has a strong interest in the outcome of this case. The Court's decision will be important not only for citizen-suit litigation under the Clean Air Act, but also for litigation under other federal environmental laws with similar citizen-suit provisions. Those statutes include, among others, the Clean Water Act, 33 U.S.C. § 1365, the Resource Conservation and Recovery Act, 42 U.S.C. § 6972, and the Emergency Planning and Community Right to Know Act, 42 U.S.C. § 11046. The United States has an interest in ensuring that standing requirements are not applied in a manner that unduly restricts citizen's access to the courts to protect their rights under these statutes.

3. The United States, and particularly the U.S. Environmental Protection Agency, is also interested in this case in its role as the primary enforcer, along with individual states, of the Clean Air Act and the nation's other environmental laws. As such, the United States also has an interest in ensuring that standing requirements are not applied in an unduly liberal manner that would encroach on the Executive Branch's enforcement prerogatives. *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013) ("The law of Article III standing, which is built on separation-of-powers

principles, serves to prevent the judicial process from being used to usurp the powers of the political branches."). Unlike the parties, the United States bears responsibility for the enforcement of the environmental laws and more generally for the protection of public health and the environment. The United States is therefore uniquely positioned to address whether the Executive Branch's enforcement discretion will be constrained or frustrated if standing is found in this case and other similar cases. For that reason, the Court may especially benefit from the United States' views on these issues at argument.

4. Counsel for the United States contacted counsel for the parties regarding this motion and has been authorized to state (i) that Environment Texas consents to the motion, and (ii) that Exxon does not oppose the United States' motion to present oral argument but takes no position on the proper allocation of time, provided that equal time is granted to each side.

For these reasons, the United States asks that the Court to permit it to present oral argument and that the Court allocate time as follows: Appellant Exxon (and any amici)—40 minutes, Appellee Environment Texas—30 minutes, and Amicus Curiae United States of America—10 minutes.

                        Respectfully submitted,

                        s/ Christopher Anderson

                        TODD KIM
                        *Assistant Attorney General*

Of counsel:               JENNIFER SCHELLER NEUMANN
                        JOHN SMELTZER
MARK KATAOKA        DANIEL HALAINEN
ELIZABETH HUSTON   CHRISTOPHER ANDERSON
*Attorneys*                 *Attorneys*
Office of General Counsel   Environment and Natural
U.S. Environmental        Resources Division
 Protection Agency        U.S. Department of Justice
                        Post Office Box 7415
                        Washington, DC 20044
May 1, 2023             (202) 353-1834
DJ 90-12-16434        christopher.anderson3@usdoj.gov

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2) because it contains 622 words, excluding the parts exempted under Federal Rule of Appellate Procedure 32(f).

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6), as required by Federal Rule of Appellate Procedure 27(d)(1)(E), because it has been prepared in a proportionally spaced typeface (14-point Georgia) using Microsoft Word.

                                        s/ Christopher Anderson
                                        CHRISTOPHER ANDERSON

                                        Counsel for the United States
                                         as amicus curiae